UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CIVIL RIGHTS COMPAINT FORM**
TO BE USED BY PRISONERS IN ACATIONS UNDER 42 U.S.C. §1983

GREGORY B. COOPER,
Inmate # T57324
(Enter full name of Plaintiff)

CASE NO: 4:18CV371 MW-CAS
(To be assigned by Clerk)

v.

JOHN DOE #1 (Warden, white male)
JOHN DOE #1 (Major, white male)
CHARLES D. McCOY (Sergeant)
JOHN DOE#3 (K-9 Unit, white male)
JOHN DOE #4 (K-9 Unit, Black male)
JOHN DOE #5 (Rank unknown, Black male)
JOHN DOE #6 (Rank unknown, Black male)
JOHN DOE #7 (Rank unknown, Black male)
JANE COOL I  (Officer, Black female)
JANE JOHNSON (Officer, Black female)
(Enter name and title of each Defendant

If additional space is required, use the blank
Area below and directly to the right).

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
JUL 3 1 2018
FOR MAILING

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

1

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: Gregory Brian Cooper
Inmate Number: J57324
Prison or Jail: Union C.I.
Mailing address: P.O. box 1000
Raiford, FL
32083

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: John Doe #1  White Male
    Official position: Warden
    Employed at: Jefferson C.I.
    Mailing address: ___

(2) Defendant's name: John Doe #2  White Male
    Official position: Major
    Employed at: Jefferson C.I.
    Mailing address: ___

(3) Defendant's name: Charles D. McCoy
    Official position: Sergeant
    Employed at: Jefferson C.I.
    Mailing address: ___

\* See Continued \*

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

4) John Doe #3 White male
   K-9 Unit
   Jefferson C.I.

5) John Doe #4 Black male
   Rank Unknown
   Jefferson, C.I.

6) John Doe #5 Black male
   Rank Unknown
   Jefferson, C.I.

7) John doe #6 Black male
   Rank Unknown
   Jefferson, C.I.

8) John Doe #7 Black male
   Rank Unknown
   Jefferson, C.I.

9) "Jane" Cooli  Black female
    CO 1
    Jefferson, C.I.

10) "Jane" Johnson  Black female
    CO 1
    Jefferson, C.I.

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(X)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A   Case #: N/A
3. County and judicial circuit: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(X)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A   Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

4

7. Facts and claims of case: __N/A__

(Attach additional pages as necessary to list other federal court cases.)

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )    No(X)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case #: __N/A__
4. Approximate filing date: __N/A__
5. If not still pending, date of dismissal: __N/A__
6. Reason for dismissal: __N/A__
7. Facts and claims of case: __N/A__
   __N/A__

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )    No(X)

1. Parties to previous action:
   a. Plaintiff(s): __N/A__
   b. Defendant(s): __N/A__
2. District and judicial division: __N/A__
3. Name of judge: __N/A__   Case Docket # __N/A__
4. Approximate filing date: __N/A__   Dismissal date: __N/A__
5. Reason for dismissal: __N/A__

5

6. Facts and claims of case: _____N/A_____

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

On April 13th, 2018 while plantiff was being confined at Jefferson C.I. in Monticello, FL defendants named in this complaint enterd Delta dormitory side two to conduct a mass search. Defendant "Jane" Cooli-CoI Black female - was assigned to Delta dormitory 3 was present inside of the officer station.

Defendant Sgt. C. McCoy then orderd the plantiff to stand up. The plantiff complied 3 defendant Sgt. C. McCoy commenced in a strip search / Pat down of the plantiff. The plantiff told defendant Sgt. C. McCoy that he did not live in Delta dormitory. Defendant Sgt. C. McCoy, not finding any contruband, then orderd the plantiff to stand by the officer station.

Defendant John Doe #1 - Warden White Male - was standing in the same vicinity as the plantiff when defendant Sgt. C. McCoy approached the plantiff 3 defendant John Doe #1 - Warden - in possesion of a blue state issued shirt with the name "James Johnson" printed on the name tag. Defendant Sgt. C. McCoy then opend his hand revealing individually wrapped packages

6

of K-2 3 told defendant John Doe #1—Warden—that the shirt belonged to the Plaintiff and that the K-2 was wrapped inside of the shirt.

The Plaintiff then stated—"My name is Gregory Cooper, not James Johnson and my blue shirt is right here." Defendant Sgt. C. McCoy placed the K-2 in his pocket. Ordered the Plaintiff to stay where he was at and commenced in the search. Defendant John Doe #1—Warden—walked off to observe the mass search leaving the Plaintiff in the presence of Defendants Officers Johnson and Cooli (Black females).

After all other inmates had been strip searched in the bathroom and placed in the day room, Defendant Sgt. C. McCoy approached the Plaintiff and directed him into the bathroom to again be strip searched. The camera will show that Defendant Sgt. C. McCoy possessed a hand held Metal Detector Wand as he called the Plaintiff into the bathroom and the camera will also show that no other officers were present in the bathroom at the time.

During the strip search, the Plaintiff attempted to flee. Defendant Sgt. C. McCoy pursued the Plaintiff. As the Plaintiff turned to round the island of sinks, Defendant Sgt. McCoy grabbed the Plaintiff by the shoulder and struck him in the side of the head and face with the Metal Detector Wand.

The Plaintiff spun out of Defendant Sgt. C. McCoy's grip and the Defendant's momentum carried him crashing into the wall possibly causing Defendant Sgt. C. McCoy's injury. The Plaintiff then began backing away from Defendant Sgt. C. McCoy as he held his face.

The cameras outside of the bathroom will then show Defendant's "John Doe" #2, #3, #4, #5 and #6 file into the bathroom due to the commotion. Defendant Sgt. C. McCoy then pointed at the Plaintiff and stated "He hit me, beat his ass!" The other six (6) defendants then converged on the Plaintiff with their fists up. Out of fear the Plaintiff attempted to flee.

The Plaintiff's attempt to flee was disrupted and he was redirected to the ground and placed in restraints. The Plaintiff did not resist, nor was he being combative. (Defendant Sgt. C. McCoy's written statement will verify this). Defendant Sgt. C. McCoy again stated, "Beat his fucking ass. He hit me!"

Defendants John Doe #2, #3, #4, #5 and #6, as well as Defendant McCoy, then took turns maliciously and sadistically beating the Plaintiff as he screamed for help and begged them to stop. Defendant John Doe #3 (K-9 Unite white male) continuously punched the Plaintiff in the face as he screamed "stop resisting!" The Plaintiff screamed back "I'm not resisting. Please stop hitting me!" John

7

Doe #2—Major—white male then stated, "I'm going to fucking drown you." Defendant Sgt. C. McCoy then began hammer fisting the Plaintiff in the face with the handle of the Metal Detector.

The Plaintiff was beaten unconscious. He was rendered conscious as he was lifted to his feet. At this time the Plaintiff witnessed Defendant Officer Cooli watching the incident through the Officer Station window. Defendant Officer Cooli did nothing to stop the unlawful beating of the Plaintiff, nor did Defendant Cooli report the unlawful beating.

As the Plaintiff was escorted over to the restroom wall, the Plaintiff witnessed Defendant Officer Johnson—black female, standing in the doorway of the restroom watching the incident take place. Defendant Officer Johnson did nothing to stop the unlawful beating of the Plaintiff nor did Defendant Officer Johnson report the unlawful beating of the Plaintiff.

The Warden, Defendant John Doe #1, then walked into the bathroom. The Plaintiff looked at the Warden and stated, "look what your officers did to me." The Plaintiff's face was then slammed into the wall in the presence of Defendant John Doe #1—Warden by Defendant John Doe #4—Black male—rank unknown. Defendant John Doe #1—Warden did not report the unlawful beating of the Plaintiff and upon the Plaintiff's belief, he was present in or around the bathroom at the time of the unlawful beating and did nothing to stop the unlawful beating.

The Plaintiff was then escorted to Confinement by Defendant John Doe #4—black male and Defendant John Doe #2—Major—white male. Defendant John Doe #4 –black male, began bending the Plaintiff's wrist in a manner to break it for no reason other than to inflict unnecessary and wanton pain. The pain was so severe that the Plaintiff had to drop his weight to the ground to relieve the pain.

Upon entering Confinement, Plaintiff was treated by Medical Staff. Plaintiff's injuries were documented in his medical file and photographs were taken of the Plaintiff's injuries. The Plaintiff was then placed in a holding cell until he could be emergency transferred to Union C. I. Upon entering the Confinement Wing at Union C.I. the Plaintiff was again evaluated by medical. His injuries were documented and more extensive photos were taken of the Plaintiff's injuries.

Medical records, photos and witness testimony will prove that the Plaintiff's injuries are consistent with a brutal beating while being restrained.

The Plaintiff's injuries consisted of severe bruising and swelling from his left ear to his left eye. A laceration above his left eye. Lacerations and bruising on his right cheek and eye. Severe bruising down his back and ribs, all the way down to his toes.

The Plaintiff currently suffers from nerve damage in his spine and due to the unlawful beating and nerve damage in his wrist due to the Defendant John Doe #4's attempt to break the Plaintiff's wrist.

Upon being housed at Union C.I. on April 13th, 2018, Plaintiff submitted a complaint to the Inspector of Union C.I. about the unlawful beating that took place at Jefferson C.I. on April 13th 2018. The Inspector forwarded the complaint to the Use of Force Unit in Central Office to be investigated.

On 6-14-18 the Plaintiff filed a request to the Inspector inquiring about the investigation. The Plaintiff was sent a response on 6-18-18 stating "The incident was reviewed and approved by the Use of Force Unit."

An investigator was never sent to speak to the Plaintiff about the excessive use of force claim. Had an investigator spoken with the Plaintiff, the Plaintiff would have directed the investigator's attention to Defendant Sgt. C. McCoy's statement in a Disciplinary Report, where Defendant Sgt. C. McCoy states that the Plaintiff was redirected to the ground and placed in restraints.

Furthermore, a proper investigation would have shown that all Defendants involved in the actual unlawful beating of the Plaintiff were in possession of OC dispensers (chemical agent) to be utilized during a reactionary use of force and that at no time are prison officials allowed to use hands on physical force if injury is less likely to come by other means.

At no time did any of the seven (7) defendants utilize their O.C. dispensers against the Plaintiff in violation of F.A.C. Rules and regulations and finally, photographs of the Plaintiff's injuries speak for themselves.

Upon the Plaintiff being redirected to the ground and placed in restraints, prison officials should have ceased all force as they were trained to do.
Plaintiff has exhausted all administrative remedies to no avail. Plaintiff has also exhausted all administrative remedies in attempting to obtain critical incident reports, use of force reports, disciplinary investigative reports, statements of witnesses, photographs of injuries and medical records to no avail.

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

Defendants Sgt. Charles D. McCoy, John Doe #2 (Major White Male), John Doe #3 (K9-unit White Male) John Doe #4 (Rank Unknown B.M.) John Doe #5 (Rank? B.M.) John Doe #6 (Rank? B.M.) & John Doe #7 (Rank? B.M.) used excessive force against the Plantiff to maliciously & sadistically cause unnecessary & wanton infliction of pain before & after the plantiff was placed in restraints resulting in cruel & unusual punishment.

*See Continued*

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Wherefore, Plantiff respectfully prays that this Court enter judgment granting plantiff; 1) A declaration that the acts & omissions described herein violated the Plantiff's rights under the Constitution & laws of the

*See Continued*

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

7-7-18
(Date)

(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 30th day of August, 2018.

(Signature of Plaintiff)

Revised 03/07

Gregory Cooper DC# T57324
Union C.I. P.o. box 1000
Raiford, FL 32083

10

Legal Claim continued:

Violating Plaintiff Cooper's rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff Pain, suffering, physical injury and emotional distress.

Defendants John Doe #1 (Warden, white male) Officer Cooli, black female and Officer Johnson, black female each individually witnessed the aforementioned defendants illegal actions, failed to correct that misconduct and failed to report that misconduct resulting in deliberate indifference to the Cruel and Unusual Punishment that the Plaintiff was subjected to, which also violated the Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury and emotional distress.

Relief Requested Continued:

United States. 2). Compensator and damages in the amount of 800,000.00 dollars against each defendant jointly and severally. 3). Punitive damages in the amount of 800,000.00 dollars against each defendant jointly and severally. 4). A jury trial on all issues triable by jury. 5). Plaintiff's cost in the suit. 6). Any additional relief this Court deems just, proper and equitable.

Gregory Cooper  DC# T-57324
Union Correctional Institution
P.O. box 1000
Raiford, FL 32083

CHECKED AUG - 3 2018

Mailed from a State Correctional Institution

U.S. POSTAGE PITNEY BOWES
ZIP 32083 $001.63
0001403805 JUL 31 2018

Clerk, U.S. District Court
111 N. Adams St.
Tallahassee, Florida 32301-7730

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
JUL 31 2018
FOR MAILING