UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

## CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

**GREGORY B. COOPER**,

Inmate ID Number: **T57324**,

v.                                                      CASE NO: **4:18-cv-371-MW/MJF**

SERGENT CHARLES D. McCOY,
OFFICER SHANITA COOLEY,
OFFICER VEKIESHA JOHNSON,
WARDEN HEATH HOLLAND,
MAJOR KENNETH E. STEPHENS.

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

OFFICER DAVID WILLIAMS       SERGENT ANTHONY ROE
OFFICER JOSHUA SHELTON
OFFICER JASON McDONALD
OFFICER DARREN WHITE

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

PROVIDED TO FRANKLIN C.
FOR MAILING ON

10 / 2 / 2019

INMATE INITIALS G.C.

FILED USDC FLND TL
OCT 9 '20 PM 4:15

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: GREGORY BRIAN COOPER
Inmate Number: T57324
Prison or Jail: FRANKLIN CORR. INST.
Mailing address: 1760 HIGHWAY 67 NORTH
CARRABELLE, FLORIDA
32322

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: CHARLES D. McCOY
    Official position: SERGEANT
    Employed at: Jefferson C.I.
    Mailing address: 1050 BIG JOE RD.
    MONTICELLO, FLORIDA

(2) Defendant's name: OFFICER SHANITA COOLEY
    Official position: OFFICER
    Employed at: Jefferson C.I.
    Mailing address: 1050 BIG JOE RD.
    MONTICELLO, FLORIDA

(3) Defendant's name: VEKIESHA JOHNSON
    Official position: OFFICER
    Employed at: Jefferson C.I.
    Mailing address: 1050 BIG JOE RD.
    MONTICELLO, FLORIDA

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

HEATH HOLLAND
WARDEN
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

DARREN WHITE
OFFICER
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

KENNETH E. STEPHENS
MAJOR
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

JASON MCDONALD
SERGENT
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

DAVID WILLIAMS
OFFICER
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

JOSHUA SHELTON
OFFICER
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

ANTHONY ROE
SERGENT
Jefferson C.I.
1050 BIG JOE ROAD
MONTICELLO FLORIDA

III. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). **Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV. **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )   No(✓)

1. Parties to previous action:
   (a) Plaintiff(s): N/A
   (b) Defendant(s): N/A
2. Name of judge: N/A   Case #: N/A
3. County and judicial circuit: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

(Attach additional pages as necessary to list state court cases.)

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )   No(✓)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A   Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

3

7. Facts and claims of case: N/A

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )     No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A     Case #: N/A
4. Approximate filing date: N/A
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A
7. Facts and claims of case: N/A

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )     No(✓)

1. Parties to previous action:
   a. Plaintiff(s): N/A
   b. Defendant(s): N/A
2. District and judicial division: N/A
3. Name of judge: N/A     Case Docket # N/A
4. Approximate filing date: N/A     Dismissal date: N/A
5. Reason for dismissal: N/A

4

6. Facts and claims of case: N/A

(Attach additional pages as necessary to list cases.)

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

\* PERTAINING TO THE LIST OF JOHN DOE DEFENDANTS \*

1). PLAINTIFF HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES IN ATTEMPTING TO OBTAIN CRITICAL INCIDENT REPORTS, USE of FORCE REPORTS, DISCIPLINARY INVESTIGATIVE REPORTS, STATEMENTS of WITNESSES, PHOTOGRAPHS of PLAINTIFF'S INJURIES AND MEDICAL RECORDS TO NO AVAIL.

2). IN REQUESTING THESE DOCUMENTS THROUGH THE GRIEVANCE PROCESS, PLAINTIFF STATED THAT HE WAS FILING 1983 CIVIL RIGHTS COMPLAINT FORM. PLAINTIFF SPECIFICALLY STATED THAT HE NEEDED ALL NAMES of PRISON OFFICIALS INVOLVED IN THE USE of FORCE INCIDENT TO ATTACH TO THE CIVIL RIGHTS COMPLAINT

3). PLAINTIFF WAS TOLD IN THE GRIEVANCE RESPONSE THAT THE DEPARTMENT of CORRECTIONS WOULD NOT PROVIDE THAT INFORMATION WITHOUT A COURT SUBPOENA. PLAINTIFF SENT A REQUEST TO THE INSPECTOR GENERAL'S OFFICE REQUESTING THE IDENTITIES of THE OFFICERS INVOLVED. A INSPECTOR STATED IN HIS RESPONSE TO THE REQUESTS for DOCUMENTS AND INFORMATION MUST BE OBTAINED THROUGH ADMINISTRATIONS. (WHOM INITIALLY DENIED PLAINTIFF'S REQUESTS WITHOUT A COURT SUBPOENA.

4). PLAINTIFF HAS COPIES of ALL REQUEST AND GRIEVANCES INQUIRING ABOUT THE IDENTITIES of THE OFFICERS INVOLVED TO SUBMIT TO THE COURT AT THE COURTS DISCRETION.

5). TO APPEASE THE COURT, PLAINTIFF WILL AGAIN SUBMIT A GRIEVANCE REQUEST TO ADMINISTRATIONS IN AN ATTEMPT TO OBTAIN THE IDENTITIES of THE OFFICERS INVOLVED IN THE USE of FORCE INCIDENT.

6). PLAINTIFF WOULD LIKE TO ADVISE THE COURT THAT IT TAKES UP TO (90) NINTY DAYS TO RECEIVE A FINAL ANSWER ON ALL GRIEVANCES AND THAT THE COURT DID NOT AFFORD THE PLAINTIFF ENOUGH TIME TO AGAIN ATTEMPT RETREVAL OF THE IDENTITIES OF THE OFFICERS INVOLVED TO ATTACH TO THE AMENDMENT OF THIS COMPLAINT.

7). AGAIN, THE DEPARTMENT OF CORRECTIONS HAS STATED THAT THE IDENTITIES OF THE OFFICERS INVOLVED WILL ONLY BE RELEASED TO THE PLAINTIFF PER A COURT SUBPOENA. PLAINTIFF COULD UNCOVER THE IDENTITIES OF ALL JOHN DOE DEFENDANTS THROUGH A SUBPOENA FOR PRODUCTION OF DOCUMENTS AND DISCOVERY. PLAINTIFF COULD THEN AMEND THE COMPLAINT FORM WITH THE PROPER NAMES OF ALL JOHN DOE DEFENDANTS.

## *PERTAINING TO THE INCIDENT*

8). ON APRIL 13 2018 AT APPROXIMATELY 10:30 AM WHILE PLAINTIFF WAS BEING HOUSED AT JEFFERSON C.I. THE DEFENDANTS CONDUCTED A SEARCH OF A DORMETORY WHERE THE PLAINTIFF WAS VISITING. PLAINTIFF INFORMED DEFENDANT McCOY THAT HE DID NOT RESIDE IN THAT DORMITORY. DEFENDANT McCOY THEN CONDUCTED A STRIP SEARCH OF THE PLAINTIFF. DEFENDANT McCOY DID NOT FIND ANY CONTRABAND AND ORDERED PLAINTIFF TO STAND BY THE OFFICERS STATIONS.

9). AFTER ALL OTHER INMATES HAD BEEN STRIP SEARCHED AND PLACED IN THE DAY ROOM AND ALL OTHER OFFICERS WHERE INVOLVED IN THE SEARCH. DEFENDANT McCOY APPROACHED THE PLAINTIFF AND DIRECTED HIM INTO THE BATHROOM WHERE NO ONE ELSE WAS PRESENT, TO BE STRIP-SEARCHED A (2ND) SECOND TIME.

10). DURING THE STRIP-SEARCH, DEFENDANT McCOY BEGAN MAKING NOISES OF APPROVAL AS THE PLAINTIFF LIFTED HIS PENIS AND TESTICLES IN COMPLIANCE WITH THE STRIP-SEARCH. AS THE PLAINTIFF TURNED TO SQUAT AND COUGH IN COMPLIANCE WITH THE STRIP-SEARCH, DEFENDANT McCOY TOLD THE PLAINTIFF TO TURN BACK AROUND. DEFENDANT McCOY THEN USED A METAL DETECTOR WAND TO FONDLE THE PLAINTIFFS PENIS.

11) THE PLAINTIFF FELT UNCOMFORTABLE AND VIOLATED. THE PLAINTIFF CURSED AT DEFENDANT McCOY AND WHILE STILL NAKED, THE PLAINTIFF ATTEMPTED TO RUN OUT OF THE BATHROOM AND REPORT DEFENDANT McCOY'S ACTIONS TO THE WARDEN, WHOM WAS PRESENT IN THE DAY ROOM

12) DEFENDANT McCOY PURSUED THE PLAINTIFF, GRABBED HIM BY THE SHOULDER AND STRUCK THE PLAINTIFF IN THE SIDE OF THE HEAD AND FACE WITH THE METAL DETECTOR WAND. PLAINTIFF THEN SPUN OUT OF DEFENDANTS GRIP.

13) AS A RESULT OF THE COMMOTION AND THE PLAINTIFFS CALLS TO THE WARDEN, DEFENDANTS MAJOR- KENNETH E. STEPHENS, OFFICER- DAVID WILLIAMS, OFFICER- JOSHUA SHELTON, OFFICER JASON McDONALD, OFFICER- DARREN WHITE, SERGENT- ANTHONY ROE. ENTERED THE BATHROOM, DEFENDANT McCOY POINTED AT THE PLAINTIFF, STATED TO THE OTHER DEFENDANTS THAT THE PLAINTIFF HAD HIT HIM, AND ORDERED THEM TO BEAT HIM.

14) THE DEFENDANTS MAJOR- KENNETH E. STEPHENS, OFFICER- DAVID WILLIAMS OFF.- JOSHUA SHELTON, OFF.- JASON McDONALD, OFF.- DARREN WHITE, SERGENT- ANTHONY ROE, SGT.- CHARLES D. McCOY THEN CONVERGED ON THE PLAINTIFF WITH THEIR FIST UP IN A MANNER TO STRIKE THE PLAINTIFF, DEFENDANT McCOY STILL POSSESED THE WAND AT THIS TIME.

15) THE PLAINTIFF THEN WITNESSED DEFENDANTS WARDEN- HEATH HOLLAND AND DEFENDANT OFF- VEKEISHA JOHNSON STANDING IN THE ENTRY WAY TO THE BATHROOM WATCHING THE INCIDENT. DEFENDANT OFF- SHANITA COOLEY WAS ALSO WITNESSED WATCHING THE INCIDENT TAKE PLACE BY THE PLAINTIFF.

16) OUT OF FEAR OF THE DEFENDANTS, PLAINTIFF AGAIN CALLED TO WARDEN- HEATH HOLLAND AND ATTEMPTED TO RUN TO HIM FOR HELP.

17) THE PLAINTIFF WAS THEN DIRECTED TO THE GROUND AND PLACED IN RESTRAINTS BY DEFENDANTS, MAJOR- KENNETH E. STEPHENS, OFF- DAVID WILLIAMS, OFF- JOSHUA SHELTON, OFF- JASON McDONALD, OFF- DARREN WHITE SERGENT- ANTHONY ROE. ONCE PLAINTIFF WAS PLACED IN RESTRAINTS, DEFENDANT McCOY AGAIN ORDERED THE DEFENDANTS TO BEAT THE PLAINTIFF, AT THIS TIME THE PLAINTIFF LAYING ON THE GROUND WITH HIS HANDS RESTRAINED BEHIND HIS BACK

18) PLAINTIFF LOOKED BACK AND WITNESSED THE FOLLOWING: DEFENDANT DARREN WHITE STOOD ON THE PLAINTIFFS FEET HOLDING HIM STILL.

19) DEFENDANT OFF- JASON McDONALD STRADDLED THE PLAINTIFFS THIGHS HOLDING HIM STILL.

(7)

20). Defendant Sergent Anthony Roe began stomping and kicking the plaintiff in the sides and back.

21). Defendant Officer David Williams then mounted the plaintiff's torso and continuously punched him in the face and held while screaming "Stop Resisting".

22). Defendant Major Kenneth Stephens then switched places with Defendant David Williams and began punching the plaintiff in the face and head. Defendant Major Kenneth Stephens then stated that he would going to drown the plaintiff in the toilet.

23). Defendant Officer Joshua Shelton then switched places with Defendant Major Kenneth Stephens, Officer Joshua Shelton began punching the plaintiff in his face and head.

24). Finally Defendant McCoy then switched places with Defendant Joshua Shelton and began striking the plaintiff in the head and face with the metal detector wand, until the plaintiff was knocked unconsciousness.

25). Right before Defendants. Kenneth Stephens Major, David Williams Officer, Joshua Shelton, Jason McDonald, Darren White-Officer, Sergent Anthony Roe and Defendant McCoy commenced in the unlawful beating, Plaintiff witnessed Defendants Warden-Heath Holland, Shanita Cooley-Officer, Vekiesh Johnson-Officer, watching as the Defendants began attacking plaintiff, plaintiff called out for help to Defendant Warden Heath Holland, Shanita Cooley, Vekiesh Johnson, the latter Defendants did nothing to intervene in the unlawful beating of the plaintiff.

26) When the plaintiff began regain consciousness. Defendant Warden Heath Holland, Cooli and Johnson where all staring at the plaintiff with astounded looks on their faces at how badly the plaintiff was beaten.

27). Defendant Warden Heath Holland then walked into the bathroom the plaintiff stated "Look what your officers did to me".

28). Defendant Officer Joshua Shelton then told plaintiff to "shut up" and repeatedly slammed plaintiffs face into the wall approx. (7) seven times, while in the presence of the Warden.

29). Defendant Warden Heath Holland again did nothing to intervene

30) While being escorted to confinement by Kenneth Stephens-Major and Joshua Shelton-Officer, Shelton attempted to break plaintiffs

WRIST BY BENDING IT

31) PLAINTIFF SUFFERED (1) SEVERE SWELLING AND BRUISING FROM THE LEFT SIDE OF HIS HEAD TO THE FRONT OF HIS FACE; (2) A LACERATION ABOVE HIS LEFT EYE; (3) LACERATIONS AND BRUISING ON HIS RIGHT CHEEK AND EYE; (4) SEVERE BRUISING DOWN HIS BACK AND, RIBS SHINS, AND TOES; AND (5) NERVE DAMAGE IN HIS SPINE AND WRIST.

32) ALL DEFENDANTS ACTED WHILE UNDER COLOR OF STATE.

STATEMENT OF CLAIMS CONTINUED

DEFENDANT MCCOY - PARAGRAPH 24
DEFENDANT #2 MAJOR KENNETH E. STEPHENS    PGH - 22
DEFENDANT #3 OFFICER DAVID WILLIAMS        PGH - 21
DEFENDANT #4 OFFICER JOSHUA SHELTON        PGH - 23, 28, 30
DEFENDANT #5 OFFICER JASON MCDONALD        PGH - 18
DEFENDANT #6 OFFICER DARREN WHITE          PGH - 19
DEFENDANT #7 SERGENT ANTHONY ROE           PGH - 20

3) DEFENDANTS #1 WARDEN HEATH HOLLAND, SHANITA COOLEY AND VEKIESHA JOHNSON VIOLATED THE EIGHTH AMENDMENT BY FAILING TO INTERVENE AND STOP THE OTHER DEFENDANTS FROM UNLAWFULLY BEATING THE PLAINTIFF. REFER TO STATEMENT OF FACTS FOR THE FOLLOWING:

DEFENDANT #1 WARDEN HEATH HOLLAND    PGH - 15, 16, 25, 26, 27, 28, 29
DEFENDANT     SHANITA COOLEY          PGH - 15, 25, 26
DEFENDANT     VEKIESH JOHNSON         PGH - 15, 25, 26

## VI.   STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

\* ALL DEFENDANTS ACTED UNDER COLOR OF STATE LAW \*

1) DEFENDANT McCOY VIOLATED THE EIGHTH AMENDMENT BY STRIKING THE PLAINTIFF IN THE FACE WITH A WEAPON AFTER HE SEXUALLY ASSAULTED THE PLAINTIFF. SEE PARAGRAPHS 10, 11, 12 OF STATEMENT OF FACTS

2) DEFENDANTS McCOY, STEPHENS, WILLIAMS, SHELTON, McDONALD, WHITE, ROE ALL VIOLATED THE 8TH EIGHTH AMENDMENT BY MALICIOUSLY AND SADISTICALLY BEATING THE PLAINTIFF WHILE HE WAS RESTRAINED; REFER TO STATEMENT OF FACTS FOR THE FOLLOWING:

## VII.   RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

PLAINTIFF REQUEST MONETARY RELIEF IN THE AMOUNT OF $2,000,000 PER DEFENDANT FOR PAIN, SUFFERING AND PERMANENT NERVE DAMAGE.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

10-2-20
(Date)

(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 2nd day of October, 20 20.

(Signature of Plaintiff)

Revised 03/07

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, Amended, THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR CIVIL RIGHTS COMPLAINT FORM HAS BEEN GIVEN TO THE EMPLOYEES AT FRANKLIN CORR. INST. (MAIN UNIT) LEGAL MAIL FOR THE PURPOSE OF MAILING VIA U.S. MAIL TO: LORI HUSKISSON SENIOR ASSISTANT ATTORNEY GENERAL, OFFICE OF ATTORNEY GENERAL, THE CAPITAL PL01 TALLAHASSEE, FLORIDA 32399-1050 AND THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT TALLAHASSEE DIVISION U.S. COURT HOUSE, 111 N. ADAMS ST. SUITE #322 TALLAHASSEE FLORIDA 32301-7730

10-2-20
DATE

/s/ _____
GREGORY B. COOPER
DC#T57324  G1150L
FRANKLIN CORR. INST
1760 HIGHWAY 67 NORTH
CARRABELLE FLORIDA 32322-2157

GREGORY B. COOPER DC# J57324
FRANKLIN CORRECTIONAL INSTITUTION
1760 HIGHWAY 67 N
CARRABELLE FLORIDA 32322

CHECKED OCT 0 9 2020

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT of FLORIDA TALLAHASSEE DIVISION
111 N. ADAMS STREET STE. 232
TALLAHASSEE FLORIDA 32301.

LEGAL MAIL