UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GREGORY B. COOPER,

    Plaintiff,

v.     Case No. 4:18-cv-371-MJF

CHARLES D. MCCOY, *et al.*,

    Defendants.

_____/

**ORDER SCHEDULING TRIAL AND PRETRIAL CONFERENCE
AND ESTABLISHING RELATED DEADLINES AND PROCEDURES**

Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish these goals, it is **ORDERED** that:

1. **TRIAL**

    **A.** This case is set for a jury trial on **July 5, 2022**, at **9:00 a.m. (central time)**, at the Winston E. Arnow Federal Building, Courtroom One, 100 North Palafox Street, Pensacola, Florida. **Four days** (inclusive of jury selection) are reserved for trial, but the parties are expected to use only so much of that time as is reasonably necessary to efficiently try the case.

    **B.** The Court will meet with the parties at 8:30 a.m. on the first day of trial for a final pretrial conference to discuss any outstanding issues. Jury selection will commence at 9:00 a.m. or as soon thereafter as the venire is ready.

**2.**   **PRETRIAL CONFERENCE**

    **A.** A <u>telephonic</u> pretrial conference is set for **June 14, 2022**, at **2:00 p.m. (central time)**. **Two hours** are reserved for the conference. Call in information will be provided separately.

    **B.** Counsel who will conduct the trial are required to be present for the pretrial conference. They shall also be prepared to act with final authority in the resolution of all matters.[1]

    **C.** The primary purposes of the pretrial conference are to discuss trial procedures and to dispose of all motions and other matters then at issue. The Court will also review all matters contained in the parties' pretrial filings and consider any other matters that may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

---

[1] As used in this Order, references to "counsel" or "attorneys" includes Defendants' counsel of record and the *pro se* Plaintiff.

3. **JURY SELECTION**

   The Court will conduct the voir dire and the parties will select eight jurors, with no alternates. The jury-selection process will be more fully explained at the pretrial conference. Each side will have three peremptory challenges and no back striking will be allowed. The parties may file proposed voir dire questions by the deadline established in Paragraph 5.A.

4. **OPENING STATEMENTS/CLOSING ARGUMENTS**

   Unless different time limits are established at the pretrial conference, each side shall have **15 minutes** for opening statements and **30 minutes** for closing arguments. Plaintiff may reserve a portion of his closing argument time for rebuttal. Parties shall use only as much of the allotted time as they reasonably need.

5. **ADDITIONAL PRETRIAL FILINGS**

   A. No later than two weeks before the pretrial conference (*i.e.*, **by May 31, 2022**), the parties shall file proposed voir dire questions, proposed jury instructions, and proposed verdict forms.

   B. Editable copies of the proposed jury instructions and verdict forms shall be emailed (in Microsoft Word format) to Jennifer_Heemstra@flnd.uscourts.gov. The proposed instructions shall contain citations of supporting authorities; shall designate the party

submitting the same; and in the case of multiple requests by a party, shall be numbered in a sequence. Requests for instructions taken verbatim from the Eleventh Circuit's Pattern Jury Instructions or the Florida Standard Jury Instructions may be made by reference and need not be set forth in full. Upon good cause shown, supplemental requests for instructions may be submitted at any time prior to the closing arguments to the jury.

6. **MOTIONS *IN LIMINE***

Motions *in limine* shall be filed as soon as practicable **but no later than May 17, 2022**. Responses shall be filed **7 days** after the motion is filed, so the motions can be ruled on at or before the pretrial conference.

7. **PRETRIAL ORDER**

   A. A pretrial order will be entered after the pretrial conference to memorialize any agreements reached and rulings made at the pretrial conference.

   B. After the pretrial order is entered by the Court, the pleadings will be merged therein and the pretrial order will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice.

8. **OTHER MATTERS**

    A. Counsel for each party shall arrange with the Court's courtroom deputy clerk, Kristin Cowdell, for marking for identification all exhibits intended to be offered by the party. The parties may contact the Court's deputy clerk at 850-691-0764 or Kristin_Cowdell@flnd.uscourts.gov.

    B. Should a party or party's attorney fail to appear at a pretrial conference or otherwise fail to comply with this order, a judgment of dismissal or default or other appropriate judgment may be entered, and sanctions or other appropriate relief may be imposed.

    C. The attorneys are expected to comply with the standards of professionalism in the American College of Trial Lawyers Code of Pretrial and Trial Conduct, which is available at the "Attorneys" tab on the Court's website.

9. **SETTLEMENT**

    If settlement is reached before the beginning of trial, the parties shall promptly notify the Court. Failure to notify the Court of a settlement by noon on **Friday, July 1**, **2022**, will result in the parties bearing the cost of calling the jury.

    **SO ORDERED** this 7th day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**