'15/7/2

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

## INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Cooper, Gregory | DC Number<br>T57324 | Quarters<br>U4202 | Job Assignment<br>C.M. | Date<br>5-6-18 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

Im filling a Prosé lawsuit against the D.O.C. & I need You to provide me with a full Copy of the incident report & Color photos of the "use of force" used against me on April 13th, 2018. I need the photos in Color to show bruising & abraisions.

Please & Thank You.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): _Gregory Cooper_ | DC#: T57324 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED: MAY 07 2018

THESE ITEMS ARE NOT PROVIDED ON A REQUEST. YOU WILL REQUIRE DOCUMENTATION FROM THE COURT OR A SUPENA FROM YOUR ATTORNEY

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): | Official (Signature): _____ | Date: 5/8/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.
Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint...

FILED USDC FLND TL SJB

Exhibit E. Pg. 1

MAILED/FILED
WITH AGENCY CLERK

JUL 0 6 2018

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| COOPER, GREGORY | T57324 | 18-6-26575 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Your administrative appeal is denied.

T. Bowden

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 6/29/18 DATE |

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other |

| FROM: | Inmate Name Cooper, Gregory | DC Number T57324 | Quarters U4202 | Job Assignment C.M. | Date 6-3-18 |

**REQUEST**                                    Check here if this is an informal grievance ☑

I have filed numerous requests 3 grievances about this matter. I feel that my need is exceptional. It's obvious that the department is attempting to keep justice from being served in refusing me the requested documents. There is no security threat. I have already reported the excessive use of force to the Inspector General to proceed with criminal charges against the officers involved. I'm now seeking these documents to file a civil suit 3 am being deliberately denied access to them. ~~I~~ I was beaten by officers while in restraints in violation of my civil rights to the United States Constitution. If that is not an exceptional need ~~then perhaps~~ ~~in your opinion~~ in your opinion then perhaps I'm not the only criminal here.

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): _[signature]_ | DC#: T57324 |

Class. Priest

**RESPONSE**         **DO NOT WRITE BELOW THIS LINE**

213-1806-0035   DATE RECEIVED: 6/4/18

THE RESPONSE YOU RECEIVED ON YOUR FORMAL GRIEVANCE 1805-213-077 UNDER PARAGRAPH 33-601.901 WAS APPROPRIATE. YOU WILL NEED TO FILE A MOTION WITH THE COURT ASKING THE COURT FOR A ORDER REQUIRING THE INFORMATION. YOUR INFORMAL GRIEVANCE IS DENIED.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is   DENIED   . (Returned, Denied, or Approved).  If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): W. PRIEST | Official (Signature): _[signature]_ | Date: 6/5/18 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following ⋅⋅⋅ by staff.
You may obtain further administrative review of your complaint by obtaining form DC1 ⋅ Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and re ⋅ se, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or ⋅ day, the due date shall be the next regular work day.

**PART B - RESPONSE**

| COOPER, GREGORY | T57324 | 1806-213-032 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed & evaluated.

Further investigation reveals the following information:

Inmate Cooper, it is not necessary for the Classification Supervisor or department head to respond to your grievance as you feel should have occurred due to your Classification Officer denying your first informal grievance. Your Classification Officer is and was adequate to address your concerns and issues in your grievance responses. In addition you have received a thorough response to your formal grievance log number 1805-213-077.

Your Classification Officer provided your responses in accordance with Chapter 33-103.005 Informal Grievances (1) (b) which cites: After being logged, informal grievances shall be forwarded to the staff member who is responsible in the particular area of the problem, the classification team, the appropriate section head, or other institutional staff. When an informal grievance is received by the reviewing authority as defined in Rule 33-103.002, F.A.C., the reviewing authority shall respond to the grievance or refer the grievance a staff member for response.

Therefore, this based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303. Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee, FL 32399-2500, within Fifteen(15) days from date of this response.

M. L. Willforth, SCLO                           T. Knox, Assistant Warden

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

6/12/18

MAILED
JUN 18 2018
UCI GRIEVANCE OFFICE

Ex. E. Pg 5

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: __17__
Institution: _____

| TO: (Check One) | ☐ Warden  ☐ Asst. Warden | ☑ Classification  ☐ Security | ☐ Medical  ☐ Mental Health | ☐ Dental  ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name Cooper, Gregory | DC Number T57324 | Quarters U4202 | Job Assignment C.M. | Date 5-21-18 |

**REQUEST**                                    Check here if this is an informal grievance ☐

O.K. Mr. Priest lets try this again. :) Apparently I was not detailed enough in my initial request. Force was used against me while I was being housed at Jefferson C.I. During the use of force I was severely beaten while I was laying on the ground in restraints resulting in cruel & unusual punishment in violation of my Eighth Amendment Right to the United States Constitution. I am filing a "1983" lawsuit in federal court Pro-se. Pro'se means that I am filing the law suit myself without legal counsel. I am requesting access to the use of force incident report from April 13, 2018, all witness statements & all photos of my injuries. In a "1983" lawsuit, the plaintiff (me) must list the names of the defendant(s). In this case, the officers involved are the defendants. I do not know the names of the officers however they are provided in the incident report. I need the use of force statements / Witness statements & photos as

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _[signature]_                    DC#: T57324

---

**DO NOT WRITE BELOW THIS LINE**

RECEIVED

**RESPONSE**                              DATE RECEIVED MAY 30 2018

Union CI

THE ANSWER YOU WERE GIVEN IN YOUR FORMAL Classification GRIEVANCE IS APPROPRIATE. SEE PARAGRAPH LABELED 33-601.901

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): | Official (Signature): _[signature]_ | Date: 5/30/18 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

Inmate Request
Continuence Sheet

5-27-18

Evidence, to attach to the "1983" motions. A "1983" lawsuit is civil, not criminal, therefore it is a ~~civil~~ litigation that I must Produce myself.

I am re-submitting this request at the recommendation of Ms. Willforth. Attached you will find a copy of her response in a grievance log number 1805-213-079. Ch-33-601.901 States— If the request meets the requirements specified in section 945.10(3), but details exceptional circumstances other than those listed, the classification officer or officer-in-charge shall review the request & make a recommendation to the classification supervisor who shall be the final authority for approval or disapproval of requests from inmates.

I will gladly produce a copy of the finished & submitted motion upon receiving the requested documents to prove the reason as to why I need them.

Thank You,
Respectfully Submitted,

J57324

RECEIVED
MAY 30 2018
Union C.I.
Classification

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

INMATE REQUEST

*129-1905-0158*

Mail Number: _____
Team Number: _____
Institution: _____

TO:
(Check One)

☐ Warden
☐ Asst. Warden

☐ Classification
☐ Security

☐ Medical
☐ Mental Health

☐ Dental
☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Cooper, Gregory | T57324 | F-1108 | C.M. | 5-5-19 |

**REQUEST**                                    Check here if this is an informal grievance ☒

I have on numerous occasions, while being housed at Union C.I., requested the identities of all officers involved in the use of force against me that took place at Jefferson C.I., so that I can attach their names to a 1983 civil rights complaint form. Their identification is needed, so the court can have the U.S. Marshalls deliver the complaint forms to them.
    I have just been sent a court order from the Northern District of Florida (wich I have as proof) to begin request the identities of the officers and officials involved.
    Because I have not been able to obtain these documents/~~records~~ info, through requests I am filing a grievance. The use of force occured on April 13, 2018.          Thank You!

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____        DC#: T57324

SI Inspector

**DO NOT WRITE BELOW THIS LINE**

RECEIVED
MAY 0 6 2019

**RESPONSE**                                    DATE RECEIVED: _____

Recieved Reviewed & Evaluated.
Request for records must be sent
to Classifications

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (. (Returned) Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): SWBJK Custody        Official (Signature): _____    Date: 3/8/19

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)                                              EXE. Pg 7

## PART B - RESPONSE

| COOPER, GREGORY | T57324 | 1805-213-077 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed & evaluated.

Further investigation reveals the following information:

Inmate Cooper you have failed to meet the stipulated requirements of the sections/subsections of Chapter 33 as identified below, however not limited to. You may follow the proper instructions as outlined within Chapter 33 and initiate your request for the documents, upon providing detailed information to demonstrate an exceptional need. At this time, again, you have failed to do so.

33-501.302 Copying Services for Inmates. (3) Documents will be copied only if they are necessary to initiate a legal or administrative action or if they must be filed or served in a pending legal or administrative action. Except as otherwise provided in this rule, the number of copies made shall be the number required to be filed and served according to the rules of the judicial or administrative forum, or required per order of the judicial or administrative forum, plus one copy for the inmate to keep if the original is filed or served.

33-601.901 Confidential Records.
(1) Inmate and offender access to records or information.
(a) Inmate and offender access to non-medical and non-substance abuse records or information.
1. No inmate or offender under jurisdiction of the department shall have unlimited or routine access to any information contained in the records of the department. Section 945.10(3), F.S., authorizes the Department of Corrections to permit limited access to information if the inmate or offender makes a written request and demonstrates an exceptional need for information contained in the department's records and the information is otherwise unavailable. Such information shall be provided by the department when the inmate or offender has met the above requirements and can demonstrate that the request is being made under exceptional circumstances as set forth in Section 945.10(3), F.S.

33-601.901 Confidential Records.4. An inmate desiring access to non-medical or non-substance abuse information shall submit the written request to his or her classification officer or officer-in-charge of a community facility; a supervised offender shall submit the request to his or her supervising officer. If the request does not meet the requirements specified in Section 945.10(3), F.S., the request shall be denied in writing. If the request meets the requirements specified in Section 945.10(3), F.S., the request shall be approved without further review. If the request meets the requirements specified in Section 945.10(3), F.S., but details exceptional circumstances other than those listed, the classification officer or officer-in-charge shall review the request and make a recommendation to the classification supervisor who shall be the final authority for approval or disapproval of requests from inmates; for supervised offenders, the recommendation shall be submitted to the correctional probation circuit administrator or designee who shall be the final authority for approval or disapproval.

Submit appropriately, in accordance with policy in order to receive possible remedy.

Therefore, this based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St. Tallahassee Fl. 32399-2500, within Fifteen(15) days from date of this response.

MAILED
MAY 2, 2018
OFFICE

M. L. Willforth, SCLO                              T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 05/04/18 DATE |
|---|---|---|

Ex.E.Pg 9

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

Cooper, Gregory B.              T 57324          Union C.I.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾        ‾‾‾‾‾‾‾‾‾‾‾‾‾    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Last   First   Middle Initial       DC Number        Institution

| Part A – Inmate Grievance |
|---|

Now I'm not the Sharpest tool in the shed, but Shouldn't an informal grievance be responded to by the department head i.e. the head of Classification, instead of the same Classification Officer Whom anitionally denied my request for documents?

I Suppose that if Common Sense Were Common, We Would all have it! 😕 Anyways, this is my appeal to informal grievance Log # 213-1806-0035

6-7-18                **SEE ATTACHED**           _[signature]_ T57324
‾‾‾‾‾‾‾                **RESPONSE**              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
DATE                                          SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**   ____/____
                                                                            #     Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Submitted by the inmate on: _[signature]_   Receipt for Appeal Being Forwarded to Central Office
                              (Date)          Institutional Mailing Log # 213-1800-0022   _[signature]_
                                                                                            (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)              INMATE
                 INMATE'S FILE                  INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE    Ex. E. Pg 90

DC1-303 (Effective 11/13)           Incorporated by Reference in Rule 33-103.006, F.A.C.        097

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Cooper, Gregory B. | T 57324 | Union C.I. |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

RECEIVED
JUN 25 2018
Department of Corrections
Inmate Grievance Appeals

---

**Part A – Inmate Grievance**    18-6-26575

APPEAL TO THE GRIEVANCE · 1806-213-032

I request the same *[illegible]* documents!

| 6-13-18 | | *[signature]* |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / _____
                                                                          #     Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 6/18/18    Institutional Mailing Log #: 129486    *[signature]*
                           (Date)                                                (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE | 1806 (213)-032 |
|---|---|---|---|
| | INMATE (2 Copies) | INMATE | |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION./FACILITY | 09/2 |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE | |
| | | CENTRAL OFFICE GRIEVANCE FILE | |

Rec. 6/18/18 SOS

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

**PART B - RESPONSE**

| COOPER, GREGORY | T57324 | 1805-213-077 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal has been received, reviewed & evaluated.

Further investigation reveals the following information:

Inmate Cooper you have failed to meet the stipulated requirements of the sections/subsections of Chapter 33 as identified below, however not limited to. You may follow the proper instructions as outlined within Chapter 33 and initiate your request for the documents, upon providing detailed information to demonstrate an exceptional need. At this time, again, you have failed to do so.

33-501.302 Copying Services for Inmates. (3) Documents will be copied only if they are necessary to initiate a legal or administrative action or if they must be filed or served in a pending legal or administrative action. Except as otherwise provided in this rule, the number of copies made shall be the number required to be filed and served according to the rules of the judicial or administrative forum, or required per order of the judicial or administrative forum, plus one copy for the inmate to keep if the original is filed or served.

33-601.901 Confidential Records.
(1) Inmate and offender access to records or information.
(a) Inmate and offender access to non-medical and non-substance abuse records or information.
1. No inmate or offender under jurisdiction of the department shall have unlimited or routine access to any information contained in the records of the department. Section 945.10(3), F.S., authorizes the Department of Corrections to permit limited access to information if the inmate or offender makes a written request and demonstrates an exceptional need for information contained in the department's records and the information is otherwise unavailable. Such information shall be provided by the department when the inmate or offender has met the above requirements and can demonstrate that the request is being made under exceptional circumstances as set forth in Section 945.10(3), F.S.

33-601.901 Confidential Records.4. An inmate desiring access to non-medical or non-substance abuse information shall submit the written request to his or her classification officer or officer-in-charge of a community facility; a supervised offender shall submit the request to his or her supervising officer. If the request does not meet the requirements specified in Section 945.10(3), F.S., the request shall be denied in writing. If the request meets the requirements specified in Section 945.10(3), F.S., the request shall be approved without further review. If the request meets the requirements specified in Section 945.10(3), F.S., but details exceptional circumstances other than those listed, the classification officer or officer-in-charge shall review the request and make a recommendation to the classification supervisor who shall be the final authority for approval or disapproval of requests from inmates; for supervised offenders, the recommendation shall be submitted to the correctional probation circuit administrator or designee who shall be the final authority for approval or disapproval.

Submit appropriately, in accordance with policy in order to receive possible remedy.

Therefore, this based on the foregoing information; your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Review or Appeal, Completing the form, providing attachments as required by 33-103.007(3)(a) and (b), F.A.C. and forwarding your complaint to the Bureau of Inmate Grievance Appeals, 501 South Calhoun St., Tallahassee, Fl. 32399-2500, within Fifteen(15) days from date of this response.

MAILED
MAY 2, 2018
OFFICE

M. L. Willforth, SCLO                                    T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF /EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | /DATE/ |
|---|---|---|

Ex. E. Pg 10

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

_Cooper,    Gregory   B._          _T57324_          _Union C.I._
Last      First    Middle Initial        DC Number          Institution

---

**Part A – Inmate Grievance**

APPEAL TO GRIEVANCE    LOG# 213-1805-0178

The Department very much so has copies of the requested
documents 3 the Inspector General's Office will not furnish
any documents until their case is closed.

Please provide me with all documents ~~requested~~
~~as~~ requested in Grievance Log# 213-1805-0178
~~Do Do Do Do Do~~ Per Ch 33, I meet the exceptional need
requirment.

Thank You,

---

_5-21-18_                    ~~SEE ATTACHED~~        _Gregory Cooper_  T57324
DATE                         ~~RESPONSE~~         SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
      #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code.  When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office.  The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels.  The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution.  If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _5/22/18_          Institutional Mailing Log #: _1805-213-077_          _SDA_
                    (Date)                                                    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

_81_

_EX. E Pg 12_

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

`INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☑ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Mental Health | ☐ Dental ☐ Other _____ |
|---|---|---|---|---|

| FROM: | Inmate Name Cooper, Gregory | DC Number T57324 | Quarters U4202 | Job Assignment C.M. | Date 5-15-18 |
|---|---|---|---|---|---|

**REQUEST**     Check here if this is an informal grievance ☑

I am requesting All written Statements, original or copies, identifiable as
reports about the use of force incident used against me on April 13th, 2018.
I also need all photos in color of my injuries. I must have the names of
all officers involved to file civil action.

My exceptional Need falls under 945.10 FL. Statues. Paragraph (3) (F)
(attached) Also (attached) 519 So. 2d 41', 1988)
I Cannot file a Pro se motion without these documents. Please Send
them to me per FLA. Statue. 3 Case law.

                    Thank You,

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: T57324 |
|---|---|

---

**RESPONSE**     Grievance Coord: 213-1805-0178   DO NOT WRITE BELOW THIS LINE   DATE RECEIVED: 5/10/18

Your Informal Grievance has been recieved, reviewed
and evaluated. You are requesting information that
is maintained by the Inspector General's office not
the Department. Thus you must submit a request
to their office.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Returned_. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): S. Androlewicz | Official (Signature): S. Androlewicz | Date: 5/10/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Ex. E1 Pg 13

213-1805-0178

15/712

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

## INMATE REQUEST

Mail Number:
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☑ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Cooper, Gregory | DC Number<br>T57324 | Quarters<br>U4202 | Job Assignment<br>C.M. | Date<br>5-6-18 |
|---|---|---|---|---|---|

**REQUEST**                           Check here if this is an informal grievance ☐

Im filling a Prose lawsuit against the D.O.C. 3 I need you to provide me with a full Copy of the incident report 3 Color photos of the "use of force" used against me on April 13th, 2018. I need the photos in Color to Show bruising 3 abraisions.

Please 3 Thank You.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): | DC#: T57324 |
|---|---|

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                           DATE RECEIVED:

RECEIVED
MAY 07 2018
Union C.I.
Classification

THESE ITEMS ARE NOT PROVIDED ON A REQUEST. YOU WILL REQUIRE DOCUMENTATION FROM THE COURT OR A SUPENA FROM YOUR ATTORNEY

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | Official (Signature): | Date: 5/8/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Revised 12/14)

Ex. E. Pg 14

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Cooper, Gregory  B.                    T57324          Union C.I.
Last      First      Middle Initial        DC Number         Institution

RECEIVED
JUN 2 5 2018
Department of Corrections
Inmate Grievance Appeals

---

Part A – Inmate Grievance                18-6-2657

APPEAL TO THE GRIEVANCE. 1806-213-032

I request the same related documents!

Ex. E. Pg 4

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Cooper, Gregory B. | T57324 | Union C.I. |
|---|---|---|
| Last    First    Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

APPEAL TO GRIEVANCE LOG# 213-1805-0178

The Department very much so has copies of the requested documents 3 the Inspector General's office will not furnish any documents until their case is closed.

Please provide me with all documents ~~released~~ ~~as~~ requested in Grievance Log# 213-1805-0178 ~~as to copies own~~ Per Ch 33, I meet the exceptional need requirment.

Thank You,

| 5-21-18 | | T57324 |
|---|---|---|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

**SEE ATTACHED RESPONSE**

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
    #         Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: **5/22/18**      Institutional Mailing Log #: **1805-213-027**      **SDA**
                                    (Date)                                                                        (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13)          Incorporated by Reference in Rule 33-103.006, F.A.C.

81

EX. F. Pg 15

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## (INSTITUTION)

### REPORT OF FORCE USED

Use of Force #: __18-07168__

Institution/Office: __Jefferson Correctional Institution__    Time: __10:49a__   Date: __04/13/2018__

Inmate Name: __Cooper, Gregory__    Inmate DC Number: __T57324__

Type of Force Used:   Chemical: ☐   Physical: ☒
Type of Reaction:   Reactionary: ☒   Organized: ☐
Type of Video:   Fixed Wing: ☒   Handheld: ☒   Date and Time on Camera: __04/13/2018__    __11:02am__

## I.    REPORT OF PERSON(S) USING FORCE -

### IA.    Narrative of Pre- Event

Inmate Cooper, Gregory DC# T57324 was being strip searched. Inmate Cooper removed a cellular device from his anal cavity. When Sergeant Charles McCoy attempted to secure the cellular device from Inmate Cooper. Inmate Cooper then struck Sergeant McCoy with a closed fist to the left side of his face.

Inmate Initially counseled by: __N/A__    Time: __N/A__   Results: __N/A__

Risk Assessment Review by: __N/A__    Time: __N/A__

Organized Intervention requested   __N/A__    From: __N/A__    Time: __N/A__

Type of approved intervention:   OC: ☐   CS: ☐   FCE: ☐   MR: ☐   Other: _____

Camera Operator (Rank and Full Name):   __Officer Shannon Broxsie__    _SBroxsie ogc_

Lead in statement by OIC (Rank and Full Name):   __Captain Barbara Brown__

Final Order given by (Rank and Full Name):    __N/A__    Time: __N/A__

Order advised "If disruptive behavior continues chemical agents will be administered."

Chemical agents obtained by: __N/A__    Time: __N/A__   Weight Out in Grams: __N/A__

From: __N/A__

Inmate behavior:   Comply: ☐   Disruptive: ☒   Time: __10:49am__   Time disruptive again: __N/A__

### IB.    Narrative of Event:

Officer David Williams and Officer Joshua Shelton entered the bathroom area observed Inmate Cooper, Gregory DC# T57324 attempting to elude Sergeant Charles McCoy. Officer Williams and Officer Shelton gave Inmate Cooper several orders to cease his actions at that time Inmate Cooper turned towards us in an aggressive manner and attempted to charge them. At approximately 10:50 am, Officer David Williams and Officer Shelton then grasped Inmate Cooper and redirecting him to the ground. Once on the floor Inmate Cooper continued his combative behavior and physically resisting them. Once Officer Williams and Officer Shelton gained control of Inmate Cooper restraints were applied and they assisted Inmate Cooper to a standing position and escorted Inmate Cooper out of the dormitory. During the escort Sergeant Anthony Roe and Major Kenneth Stephens then relieved Officer Williams and Officer Shelton from the escort of Inmate Cooper. Inmate Cooper was resistant and began pulling away from Sergeant Roe and Major Stephens. Inmate Cooper was given several verbal orders to cease his actions. Inmate Cooper refused to comply with orders given at which time Sergeant Roe and Major Stephens redirected Inmate Cooper to the ground. Inmate Cooper ceased his actions and all force ceased.

Staff Administering CA(Full Name and Rank):    __N/A__    Certification Exp.: __N/A__

Chemical Agent Canister Size: __N/A__    Make: __N/A__

First Application of CA:   Time: __N/A__   Type: __N/A__   Amount in Grams: __N/A__

Second Application of CA:   Time: __N/A__   Type: __N/A__   Amount in Grams: __N/A__

Inmate behavior:   Compliant: ☒   Non-compliant: ☐   Time: __10:53am__

Additional intervention requested by: __N/A__

Approved by: __N/A__    Type of Additional Intervention: __N/A__

Forced Cell Extraction:   Time: __N/A__   Additional CA Time: __N/A__   Amount in Grams: __N/A__

**Additional CA Intervention after Third Application (minimum of one hour from last application):**

**(Start a second Use of Force as a continuation if additional CA is administered.)**

### IC.    Post Event

Inmate compliant time: __10:53am__   Showered time: __N/A__   Medical Evaluation Time: __10:58am__

If Inmate refused shower, counseled by: __N/A__    Medical Staff: __C. Cooper, LPN__

Staff offering shower every 30 minutes   Name: __N/A__
up to 2 hours after final exposure:   Time: __N/A__   Time: __N/A__   Time: __N/A__   Time: __N/A__

Time Inmate issued clean clothing: __N/A__   Time placed in secure decontaminated cell: __11:22am__

_Ex F- Pg 1_



Inmate monitored for 45-60 minutes for respiratory distress by:  N/A

CA ending weight in Grams:  N/A      Weighed by:  N/A                                    Time:  N/A

Inmate injuries:    Yes: ☒  No: ☐  Injury Type:  Abrasions and small lacerations

Staff injuries:      Yes: ☐  No: ☐  Injury Type: ██████████████████████████

Outside Medical Treatment:  Yes: ☐  No: ☐  Time: ████████████████████

## Additional Comments:

Witnesses: William Thigpen, Lieutenant _it thigs_          Witnesses: Shantia Cooley, Officer _____
Witnesses: Melanie Martin, Captain _M. M_                  Witnesses: Vekiesha Johnson, Officer _____
Witnesses: Shannon Broxsie, Officer _S b x Sb_            Witnesses: Charles McCoy, Sergeant _____

Subject Inmate ☒ accepted (DC6-112C attached) ☒ declined to make a statement.
If other Witnesses choose to make a statement, attach the appropriate DC6-112C.
Total number of DC6-112C attached to report: 0

**Under penalties of perjury, I declare that I have read the foregoing Report of Force Used and that the facts
stated in it are true.**

Full Name and Signature:   Joshua Shelton, Officer   _J. Shelton_                    Date: 04/13/2018
                                              Rank and Name of Reporting Officer

Under penalties of perjury, I declare that I have read the foregoing Report of Force Used and to the best of my knowledge
and belief, the facts stated in it are true and correct.  I have been given the opportunity to make additional comments if
needed. (Check "See Attachment" below if you have additional information or disagree with portion of Section I.)  Attach
DC6-231 with your additional comments to this report.  Each UOF Participant must sign below.

Participant: David Williams, Officer _D.Williams_ _____ Agree with Section I: _____ See Attachment: _____
Participant: Anthony Roe, Sergeant _A. Roe_ _____ Agree with Section I: _____ See Attachment: _____
Participant: Kenneth Stephens, Major _____ Agree with Section I: _____ See Attachment: _____
Participant: _____ Agree with Section I: _____ See Attachment: _____

Use additional Sheets if necessary for Participants:

## II.   WARDEN'S REVIEW

I have reviewed the above report, attachments and videos (if applicable).
This report appears to be _I*_ / not to be _____ in compliance with rules governing Use of Force found in Rule
33-602.210, F. A. C.

Signature: _____                                    Date: _5/1/18_
                        Warden

## III.   INSPECTOR GENERAL'S REVIEW

☐ Complies with Rules and Procedures       ☐ Does not comply with Rules and Procedures

(Reason for Non-Compliance): _____

Signature O/G UOF Unit: _____                    Date: _5/16/18_

### Abbreviations Key
CA - Chemical Agents
CN - Chloroacetophene
CS - Orthochlorobenzal Malononitrile or
       Orthochlorobenzylidene Malononitrile
FCE - Forced Cell Extraction
MR - Medical Restraints
OIC - Officer in Charge
OIG - Office of the Inspector General
OC - Oleoresin Capsicum (Pepper Spray)
UOF - Use of Force

RECEIVED
DEPARTMENT OF CORRECTIONS
MAY 1 5 2018
OFFICE OF INSPECTOR GENERAL
USE OF FORCE UNIT

Received in UOF Unit

Ex F. Pg - 2

DEPARTMENT OF CORRECTION

## INCIDENT REPORT

| | | | |
|---|---|---|---|
| **Reporting Institution:** | Jefferson Correctional Institution | **Incident Report Number:** | 2018-103-0760 |
| **Reporting Employee:** | Joshua Shelton, Officer | **PREA Number:** | |
| **Employee ID Number:** | ▮ | **Date of incident:** | 04/13/2018 |
| **Person(s) Involved:** | Inmate Cooper, Gregory DC# T57324 | **Time of incident:** | 10:49am |
| | Officer David Williams - ▮ | **Witness (es):** | |

| | | | | |
|---|---|---|---|---|
| Control Room Log Entry Made: | ☐ Yes ☒ No | Disciplinary Report Initiated: | ☒ Yes ☐ No | |
| Inmate Placed in Confinement: | ☒ Yes ☐ No | Work Order Initiated: | ☐ Yes ☐ No | |
| Duty Warden Notified: | ☒ Yes ☐ No Time: 10:56a | MINS Initiated: | ☒ Yes ☐ No | |
| EAC Notified: | ☒ Yes ☐ No Time: 11:21a | Duty Officer Name: | Knowles | |
| Supporting Documents Attached | Yes | | | |

**DETAILS OF INCIDENT:**

On April 13, 2018 at approximately 10:49 am, while assigned as the Canine Officer, I, Officer Joshua Shelton was present in D2 Dormitory assisting with a search of the bedding area. I heard Sergeant Charles McCoy yelling for help from the bathroom area of D2 Dormitory. Officer David Williams and I entered the bathroom and observed Inmate Cooper, Gregory DC# T57324 attempting to elude Sergeant McCoy. Officer Williams and I gave Inmate Cooper several orders to cease his actions at that time Inmate Cooper turned towards us in an aggressive manner and attempted to charge us. At approximately 10:50 am, Officer Williams and I then grasped Inmate Cooper and redirecting him to the ground. Once on the floor Inmate Cooper continued his combative behavior and physically resisting us. Once Officer Williams and myself gained control of Inmate Cooper restraints were applied and we assisted Inmate Cooper to a standing position and escorted Inmate Cooper out of the dormitory. During the escort Sergeant Anthony Roe and Major Kenneth Stephens then relieved Officer Williams and myself from the escort of Inmate Cooper. Inmate Cooper was resistant and began pulling away from Sergeant Roe and Major Stephens, Inmate Cooper was given several verbal orders to cease his actions. Inmate Cooper

I SOLEMNLY SWEAR OR AFFIRM THAT THE ABOVE REPORT IS TRUE AND ACCURATE AS WRITTEN, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, TO THE BEST OF MY KNOWLEDGE.

| | | |
|---|---|---|
| Joshua Shelton, Officer | _[signature]_ | 04/13/2018 |
| Reporting Employee's Name (Print) | Reporting Employee's Signature | Date |

**Shift Supervisor/ Department Head**

**COMMENT:**

As noted above, Sergeant McCoy yelled for assistance due to being assaulted by Inmate Cooper after he attempted to recover a cellular device that Inmate Cooper had concealed. Inmate Cooper attempted to elude staff and dispose of the cellular device. Inmate Cooper was unreceptive to all verbal orders which resulted in the use of force. The incident occurred in an area that no fixed wing camera systems are available. During the escort of Inmate Cooper, he was still physically resistant at which time he attempted to pull away from the escorting staff members. Sergeant Anthony Roe and Major Kenneth Stephens gave him several verbal orders to cease his actions without results. Inmate Cooper was redirected to the ground, Inmate Cooper ceased his actions and all force ceased. Officer Shannon Broxsie was instructed to retrieve handheld camera and prepare it for operation. Officer Broxsie did as instructed and

| | | |
|---|---|---|
| Barbara Brown, Captain | _[signature]_ | 04/13/2018 |
| Shift Supervisor's/ Department Head's Name (Print) | Shift Supervisor's Signature | Date |

**REVIEW:**

_[handwritten] I was shown by Colonel H Hamlin on 5/17/18. I have reviewed this report, all documentation, and video footage provided. Force was utilized in order to disarm & then redirect and get this inmate onto the floor and into handcuffs, and get inmate Cooper into being into compliance. Staff operated in compliance at all applicable 33-602.210. However, there was a delay in the handheld being deployed, else no operator error, officer Broxsie has been counseled with a report to Handheld camera operators. _[signature]_ Forwarded records for Review_

| | | |
|---|---|---|
| ~~Heather Hamlin, Colonel~~ _Thomas Sipla_ | _[signature]_ | 5-3-18 |
| Correctional Officer Chief's Name (Print) | Correctional Officer Chief's Signature | Date |

**REVIEW:**

_[handwritten] I have reviewed this report and it appears to be in compliance with THE use of policy_

| | | |
|---|---|---|
| Heath Holland, Warden | _[signature]_ | 5/3/18 |
| Warden's Name (Print) | Warden's Signature | Date |

_Ex F. Pg 3_

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**JEFFERSON CORRECTIONAL INSTITUTION**

MEMO TO: INSPECTOR GENERAL OFFICE

FROM: WARDEN HEATH HOLLAND

DATE: MAY 3, 2018

SUBJECT: USE OF FORCE  #18- 07168

---

The Use of Force on Inmate Cooper, Gregory DC# T57324 that occurred on April 13, 2018 was reviewed and appears to be in compliance with Administrative Rule 33-602.210.

There were no procedural violations in regards to the use of force. However there was a delay in the Handheld Camera being initiated. This was due to an operator error by Officer Shannon Broxsie. Major Kenneth Stephens has counseled with Officer Broxsie in regards to this issue, as well as retrained her in Handheld Video Camera Operations.

_____
Warden Heath Holland

Fr. F. P94

APPENDIX - D
## FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## CHAIN OF CUSTODY

Case: 18-07168                                    Inspector: _____

Offense: _____                          Subject: Inmate Cooper, Gregory DC#T57324

Victim: _____                           Comments: __Reactionary Use of Force__ Page 2 hi

Evidence Description: __Digitally Recorded Video Disc from the Handheld Camera__ page 2a — 1 Disc

Location of Evidence Found: _____ Handhled Camera _____

Recovered by: Officer Shannon Broxsie      Date: __April 13, 2018__   Time: ___12:10___ p.m.

From: Officer S Broxsie                    Date: 4-13-18
To: Captain B Brown                        Time: 5 ᵃʷ                      a.m./p.m.
Method of Transfer: ___Hand___             Reason for Transfer: Review

From: Captain B Brown                      Date: 4-17-18
To: Colonel H Henlin                       Time: 8 ᵃ                      a.m./p.m.
Method of Transfer: ___Hand___             Reason for Transfer: Review

From: Colonel H Henlin                     Date: 4-20-18
To: Mayra Staples                          Time: 5 ᵃʷ                      a.m./p.m.
Method of Transfer: ___Hand___             Reason for Transfer: Review

From: Mayra K Staples                      Date: 5-3-18
To: AWO T. HESTER                          Time: 3:30                     a.m./p.m.
Method of Transfer: BY HAND                Reason for Transfer: REVIEW

From: AWO T. HESTER                        Date: 5-7-18
To: WARDEN'S OFFICE                        Time: 2:00                     a.m./p.m.
Method of Transfer: BY HAND                Reason for Transfer: USE REVIEW

RECEIVED
DEPT OF CORRECTIONS
MAY 1 8 2018
OFFICE INSPECTOR GENERAL
UNIT

DC1-801 (Effective 11/13)        Incorporated by Reference in Rule 33-602.203, F. A. C.

AF Pa 5

APPENDIX - D
## FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
## CHAIN OF CUSTODY

Case:____18 - 07168_____     Inspector:_____

Offense:____Use of Force_____     Subject:___Cooper, Gregory  DC#: T57324___

Victim:_____     Comments:___Continuation – Page 2 of 2_____

Evidence Description:__Digitally Recorded Video Disc  from the Handheld Camera – 1 Disc_____

Location of Evidence Found:___Handheld Camera_____

Recovered by:_____     Date:___/___/ 18   Time:_____ a.m./p.m.

From:__Warden's Office_____     Date: 5 / 16 / 18

To:__OIG UOF Unit_____     Time:__2:00 ✓_____ a.m./p.m.

Method of Transfer:__FedEx_____     Reason for Transfer:__Review_____

From:_____     Date:_____

To:_____     Time:_____ a.m./p.m.

Method of Transfer:_____     Reason for Transfer:_____

From:_____     Date:_____

To:_____     Time:_____ a.m./p.m.

Method of Transfer:_____     Reason for Transfer:_____

From:_____     Date:_____

To:_____     Time:_____ a.m./p.m.

Method of Transfer:_____     Reason for Transfer:_____

From:_____     Date:_____

To:_____     Time:_____ a.m./p.m.

Method of Transfer:_____     Reason for Transfer:_____

DC1-801 (Effective 11/13)          Incorporated by Reference in Rule 33-602.203, F. A. C.

Ex. F-P16

APPENDIX - D
## FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
### CHAIN OF CUSTODY

Case: 18-07168                Inspector: _____

Offense: Use of Force _____        Subject: Inmate Cooper, Gregory DC# T57324 ____

Victim: _____        Comments: Reactionary Use of Force  Page _____ 1 of 2

Evidence Description: _ Digitally Recorded Video Disc from Fixed Wing  —  1 DISC ____

Location of Evidence Found: _____        H-Dormitory Dormitory Fixed Wing Camera _____

Recovered by: Officer S. McNealy ____  Date: April 13, 2018 Time: 12:15 __ pm.

---

From: _ Fixed Camera _____        Date___ April 13, 2018 _____

To: DVD _____        Time: ____ 12:15pm _____ pm

Method of Transfer: __ Video-DVD ____        Reason for Transfer: ___ Evidence _____

---

From: DVD _____        Date __ 4-13-18 _____

To: _Officer S. McNealy___        Time: __ 12 30 _____ a.m./p.m.

Method of Transfer: __ By hand ____        Reason for Transfer: ___ Review _____

---

From: _Officer S. McNealy_        Date: __ 4-13-18 _____

To: _Capt B Brem_        Time: __ 5 _____ a.m./p.m.

Method of Transfer: ___ Hand ___        Reason for Transfer: _Review_

---

From: _Captain B Brem_        Date: __ 4-17-18 _____

To: _Colonel H Hamlin_        Time: __ 8 _____ a.m./p.m.

Method of Transfer: ____ Hand ____        Reason for Transfer: _Review_

---

From: _Colonel H Hamlin_        Date: __ 4-20-18 _____

To: _Major Kevin R Stokes_        Time: __ 8 _____ a.m./p.m.

Method of Transfer: ____ Hand ____        Reason for Transfer: _Review_

---

DC1-801 (Effective 11/13)                Incorporated by Reference in Rule 33-602.203, F. A. C.

EU F Pg 7

APPENDIX - D
**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF THE INSPECTOR GENERAL**
**CHAIN OF CUSTODY**

Case:____18 - 07168_____    Inspector:_____

Offense:___Use of Force_____    Subject:___Cooper, Gregory  DC#: T57324___

Victim:_____    Comments:___Continuation – Page 2 of 2____

Evidence Description:___Digitally Recorded Video Disc  from the Pelco Recording System – 1 Disc_____

Location of Evidence Found:_____Pelco Recording System – H Dormitory_____

Recovered by:_____    Date:____/____/ 18____Time:_____a.m./p.m.

From:___Major K. Stephens_____    Date: 5 / 3 / 18
To:___AWO T. Hester_____    Time:   3:34           ~a.m./p.m.
Method of Transfer:___By Hand_____    Reason for Transfer:___Review_____

From:___AWO T. Hester_____    Date: 5 / 7 / 18
To:___Warden's Office_____    Time:   2:00           ~a.m./p.m.
Method of Transfer:___By Hand_____    Reason for Transfer:___Review_____

From:___Warden's Office_____    Date: 5 / 10/ 18
To:___OIG UOF Unit_____    Time:   2:00           a.m./p.m.
Method of Transfer:____FedEx_____    Reason for Transfer:___Review_____

From:_____    Date:_____
To:_____    Time:_____a.m./p.m.
Method of Transfer:_____    Reason for Transfer:_____

From:_____    Date:_____
To:_____    Time:_____a.m./p.m.
Method of Transfer:_____    Reason for Transfer:_____

DC1-801 (Effective 11/13)          Incorporated by Reference in Rule 33-602.203, F. A. C.

**33-601.314 Rules of Prohibited Conduct and Penalties for Infractions.**

Section 1 through 10 Section 1 through 10    below show the maximum penalties allowed for the listed offenses. Section 11 shows the penalties that will be imposed for the listed offenses based on the time since an inmate's last disciplinary infraction absent a statement in the written findings of the disciplinary team or hearing officer justifying an upward deviation. As used in this rule, "DC" means the maximum number of days of disciplinary confinement that may be imposed, and "GT" means the maximum number of days of gain time that may be taken. The imposition of DC and GT penalties are independent of one another and do not have to be imposed together; i.e., an inmate may be placed in DC without losing GT, and vice versa.

Table

|  |  | Maximum Disciplinary Actions |
|---|---|---|
| SECTION 1 - ASSAULT, BATTERY, THREATS, AND DISRESPECT |  |  |
| 1-3 | Spoken, written, or gestured threats | 30 DC + 90 GT |
| 1-4 | Disrespect to officials, employees, or other persons of constituted authority expressed by means of words, gestures, and the like | 30 DC + 60 GT |
| 1-5 | Sexual battery or attempted sexual battery | 60 DC + All GT |
| 1-6 | Lewd or lascivious exhibition by intentionally masturbating, intentionally exposing genitals in a lewd or lascivious manner, or intentionally committing any other sexual act in the presence of a staff member, contracted staff member or visitor | 60 DC + 90 GT |
| 1-7 | Aggravated battery or attempted aggravated battery on a correctional officer | 60 DC + All GT |
| 1-8 | Aggravated battery or attempted aggravated battery on staff other than correctional officer | 60 DC + All GT |
| 1-9 | Aggravated battery or attempted aggravated battery on someone other than staff or inmates (vendor, etc.) | 60 DC + All GT |
| 1-10 | Aggravated battery or attempted aggravated battery on an inmate | 60 DC + All GT |
| 1-11 | Aggravated assault or attempted aggravated assault on a correctional officer | 60 DC + All GT |
| 1-12 | Aggravated assault or attempted aggravated assault on staff other than correctional officer | 60 DC + All GT |
| 1-13 | Aggravated assault or attempted aggravated assault on someone other than staff or inmates (vendor, etc.) | 60 DC + All GT |
| 1-14 | Aggravated assault or attempted aggravated assault on an inmate | 60 DC + All GT |
| 1-15 | Battery or attempted battery on a correctional officer | 60 DC + All GT |
| 1-16 | Battery or attempted battery on staff other than correctional officer | 60 DC + All GT |
| 1-17 | Battery or attempted battery on someone other than staff or inmates (vendor, etc.) | 60 DC + All GT |
| 1-18 | Battery or attempted battery on an inmate | 60 DC + All GT |
| 1-19 | Assault or attempted assault on a correctional officer | 60 DC + 180 GT |

3

Exhibit G
Pg 1

State or personal

| | | |
|---|---|---|
| 3-11 | Possession of stolen property - State or personal | 30 GT |
| 3-12 | Possession of any other contraband or transfer of item to another inmate resulting in item becoming contraband | 30 GT |
| 3-13 | Introduction of any contraband | 60 DC + All GT |
| 3-14 | Unauthorized possession or use of a cellular telephone or any other type of wireless communication device, or any components or peripherals to such devices, including but not limited to SIM cards, Bluetooth items, batteries, and charging devices; any other technology that is found to be in furtherance of possessing or using a communication device prohibited under Section 944.47(1)(a)6., F.S. | 60 DC + All GT |
| 3-15 | Possession of gang related paraphernalia or related material, gang symbols, logos, gang colors, drawings, hand signs, or gang related documents | 30 DC + 30 GT |
| 3-16 | Non-death row and/or non-community release program inmates - possession, introduction, or trafficking of tobacco or tobacco-related products such as lighters or cigarette papers | 10 DC + 15 GT |
| 3-17 | Death row inmates - Possession of tobacco, other than authorized smokeless tobacco, or possession of tobacco-related products intended for use with smoking tobacco such as lighters or cigarette papers; introduction of tobacco or tobacco-related products to non-death row housing or trafficking in such products. | 10 DC + 15 GT |

SECTION 4 - UNAUTHORIZED AREA

| | | |
|---|---|---|
| 4-1 | Escape or escape attempt | 60 DC + All GT |
| 4-2 | Unauthorized absence from assigned area, including housing, job or any other assigned or designated area | 10 DC + 15 GT |
| 4-3 | Being in unauthorized area, including housing, job, or any other assigned or designated area | 30 GT |

SECTION 5 - COUNT PROCEDURE VIOLATIONS

| | | |
|---|---|---|
| 5-1 | Missing count | 30 DC + 90 GT |
| 5-2 | Failure to comply with count procedures | 30 DC + 30 GT |

SECTION 6 - DISOBEYING ORDERS

| | | |
|---|---|---|
| 6-1 | Disobeying verbal or written order - any order given to an inmate or inmates by a staff member or other authorized person | 30 DC + 60 GT |
| 6-2 | Disobeying institutional regulations | 30 GT |

SECTION 7 - DESTRUCTION, MISUSE, OR WASTE OF PROPERTY

| | | |
|---|---|---|
| 7-1 | Destruction of State property or property belonging to another | 60 DC + All GT |
| 7-2 | Altering or defacing State property or property belonging to another | 30 GT |

5

Ex. G. Pg 3

| | | |
|---|---|---|
| 9-24 | Loaning or borrowing money or other valuables | 30 GT |
| 9-25 | Telephone regulation violations | 15 DC + 30 GT |
| 9-26 | Refusing to submit to substance abuse testing | 60 DC + 180 GT |
| 9-27 | Use of unauthorized drugs - as evidenced by positive results from urinalysis test, or observable behavior | 60 DC + 180 GT |
| 9-28 | Canteen Shortage under $ 100.00 | 10 DC + 60 GT |
| 9-29 | Canteen Shortage over $ 100.00 | 30 DC + 90 GT |
| 9-31 | Use of Alcohol - as evidenced by positive results from authorized tests, or by observable behavior | 30 DC + 90 GT |
| 9-32 | In accordance with Section 944.279(1), F.S., is found by the court to have brought a frivolous or malicious suit, action, claim, proceeding or appeal in any court, or to have brought a frivolous or malicious collateral criminal proceeding or is found by the court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court | 15 DC + 30 GT |
| 9-33 | Tampering with, defeating or depriving staff of any security device. Security devices include: locks; locking devices; electronic detection systems; personal body alarm transmitters and receivers; handheld radios; restraint devices such as handcuffs, waist chains, leg irons and handcuff covers; keys; video and audio monitoring and recording devices; security lighting; weapons; and any other device utilized to ensure the security of the institution | 60 DC + All GT |
| 9-34 | Tampering with or defeating any fire or other safety device. Safety devices include: fire, smoke, and carbon dioxide detection devices; alarm systems; fire suppression systems and devices such as fire sprinklers, fire extinguishers, and dry chemical systems; safety and emergency lighting; exit lights; evacuation route and warning placards; self-contained breathing apparatuses; personal protective equipment; first aid kits; eye wash stations; and any other device utilized to ensure the safety of the institution, staff, and inmates | 60 DC + All GT |
| 9-35 | Establishes or attempts to establish a personal or business relationship with any staff member or volunteer | 30 DC + 90 GT |
| 9-36 | Gang related activities, including recruitment; organizing; display of symbols, groups, or group photos; promotion or participation | 30 DC + 60 GT |
| 9-37 | Unauthorized use of or tampering with a computer, computer peripheral device, or any other office equipment. Other office equipment includes copying machines, facsimile machines, postage meters, or any other device utilized in an office or office-like environment | 60 DC + All GT |
| 9-38 | In accordance with Section 817.535(4), F.S., is found by the court to have filed or directed a filer | 30 DC + 90 GT |

7

Ex G. pg 5

one another and do not have to be imposed together; i.e., an inmate may be placed in DC without losing GT, and vice versa.

(2)

(a) If the time since the last disciplinary infraction is 0 to 30 days, the penalty will be up to 30 days in DC and the loss of up to 30 days of GT.

(b) If the time since the last disciplinary infraction is 31 to 60 days, the penalty will be up to 20 days in DC and the loss of up to 20 days of GT.

(c) If the time since the last disciplinary infraction is 61 to 120 days, the penalty will be up to 15 days in DC and the loss of up to 15 days of GT.

(d) If the time since the last disciplinary infraction is more than 120 days or if there is no prior infraction, the penalty will be any sanction authorized by Rule 33-601.308, F.A.C., excluding DC.

1-4 Disrespect to officials, employees, or other persons of constituted authority expressed by means of words, gestures, and the like

1-6 1-6 Lewd or lascivious exhibition by intentionally masturbating, intentionally exposing genitals in a lewd or lascivious manner, or intentionally committing any other sexual act in the presence of a staff member, contracted staff member or visitor

2-4 2-4 Fighting

3-8 Possession of negotiables - unauthorized amounts of cash where cash is permitted, cash where cash is not permitted, other inmate's canteen coupons, other inmate's cashless canteen or identification cards or gift certificates, checks, credit cards or any other negotiable item which is not authorized

3-9 Possession of unauthorized or altered identification - driver's license, Social security card, cashless canteen identification card, etc.

3-10 Possession of unauthorized clothing or linen - State or personal

3-11 Possession of stolen property - State or personal

3-12 Possession of any other contraband or transfer of item to another inmate resulting in item becoming contraband

3-13 Introduction of any contraband

3-16 Non-death row and/or non-community release program inmates - possession, introduction, or trafficking of tobacco or tobacco-related products such as lighters or cigarette papers

4-1 Escape or escape attempt

4-2 Unauthorized absence from assigned area, including housing, job or any other assigned or designated area

4-3 Being in unauthorized area, including housing, job, or any other assigned or designated area

5-1 Missing count

5-2 Failure to comply with count procedures

7-2 Altering or defacing State property or property belonging to another

7-3 Destruction of State property or property belonging to another due to gross negligence

7-4 Misuse of State property or property belonging to another - use for purpose other than the intended purpose

7-5 Willful wasting State property or property belonging to another - any waste of edible or usable property

8-1 Failure to maintain personal hygiene or appearance

8-2 Failure to maintain acceptable hygiene or appearance of housing area

9

Ex. G: Pg 7

10-8  Failure to repay advancement of monies as stipulated in the inmate's financial plan

10-9  Tampering with, damaging, losing, or destroying any electronic monitoring equipment

11-1  Violation of the terms and conditions of the Supervised Community Release Agreement assignment to a designated facility

11

Ex. 6. Pg 9

Cooper

33-602.210 Use of Force.

(1) Definitions.

(a) Controlled Conditions - Circumstances in which the inmate upon whom force would be used is secured in a cell, shower room, recreation enclosure, isolation management room, or similarly secure setting, and is not causing, or posing a threat of, any harm to themselves or others.

(b) Correctional Emergency Response Team - A team comprised of Department staff trained in special tactics, including the use of deadly force, for the intervention and resolution of life-threatening crisis events.

(c) Crisis Intervention Techniques (CIT) - Methods used to offer immediate, short-term help to individuals who experience an event that produces emotional, mental, physical, or behavioral distress or problems.

(d) Crisis Intervention Techniques Training - This training assists staff in applying non-force de-escalation techniques and strategies in the care and control of inmates suspected to be mentally ill.

(e) CS - Orthochlorobenzal Malononitrile or Orthochlorobenzylidene Malononitrile - An irritant agent that causes a burning sensation and tearing of the eyes, nasal discharge, and skin and upper respiratory irritation.

(f) Custodial grasp - The firm grasp by Department staff of the tricep(s) or elbow(s) of an inmate who is being transported internally and who is proceeding appropriately.

(g) Deadly Force - Force that is likely to cause death or great bodily harm.

(h) Direct Firing - The practice of firing specialty impact munitions directly into a group of rioters with a target area of the waist or below from no less than a minimum distance designated by the manufacturer of the munitions.

(i) Electronic Immobilization Device (EID) - A device (hand-held, dart-fired, shield, or belt/band type) that delivers an immobilizing electric charge of pre-determined and preset duration.

(j) Emergency Action Center - The unit located in the Central Office charged with receiving information regarding serious incidents, such as riots and escapes, from all state correctional institutions and private correctional facilities and reporting the information to the proper authorities. This unit also receives requests for criminal histories, warrant confirmations, and offender location requests from law enforcement agencies throughout the United States.

(k) Great Bodily Harm - A physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

(l) Incident Commander - The employee responsible for the management of emergency incidents, such as riots and natural disasters.

(m) Institution - Any "state correctional institution" as defined in Section 944.02, F.S., or "private correctional facility" as defined in Section 944.710, F.S.

(n) Isolation Management Room - A room in an infirmary or inpatient mental health unit that is used for observation and management of inmates who present symptoms of acute mental impairment, inmates who present a risk of serious self-injurious or suicidal behavior, and other inmates in need of observation for mental health reasons.

(o) Less-Lethal Weapons - Weapons whose standard use is less likely to cause death or great bodily harm than are firearms loaded with lethal ammunition, including EIDs batons, chemical agents described in this rule, and specialty impact munitions.

(p) Less Than Lethal Force - Any force that is neither intended nor likely to cause death or great bodily harm.

(q) Observation Cells - Cells in areas outside of an infirmary/inpatient mental health unit that meet the safety and custodial standards of an isolation management room.

(r) OC - Oleoresin Capsicum - An inflammatory agent that causes tearing and involuntary closing of the eyes, nasal

1

Ex H - Pg 1

(2) Authorization to Use Force.

(a) The following authorization to use force is subject to every other provision of this rule. Department staff, and staff of a Department contractor who are responsible for supervising inmates, are authorized to apply force on an inmate only when they reasonably believe it to be necessary to:

1. Defend himself, herself, or others against imminent or already occurring unlawful force,

2. Prevent a person from escaping from an institution when the staff member reasonably believes that person is lawfully detained in such institution,

3. Gain custody of an escaped inmate,

4. Prevent damage to property,

5. Quell a disturbance,

6. Overcome an inmate's physical resistance to a lawful order,

7. Prevent an inmate from inflicting any self-injury or from attempting to commit suicide, or

8. Restrain an inmate to permit the lawful administration of medical treatment under the supervision of a physician or his or her designee when treatment is necessary to protect the inmate from self-injury or death, or to protect the health of others.

(b) Force is necessary only when it would be unreasonable to pursue other means of attempting to achieve one of the objectives listed in paragraph (2)(a). Force is an option of last resort, to be used only after non-force options have been attempted and were ineffective or when the circumstances reasonably preclude attempting or continuing non-force alternatives to achieve one of the objectives listed in paragraph (2)(a).

(c) Any force used must be reasonable, lawful, and of the minimum amount necessary to achieve one or more of the objectives listed in paragraph (2)(a).

(d) The custodial grasp is not a use of force.

(e) Verbal abuse alone is not a sufficient basis to authorize the use of force.

(3) Determination of Method of Force. If a Department staff member, Department contractor staff member, or private correctional facility staff member determines that force should be used, he or she must determine which method of force to use or seek to use. The person pursuing the use of force should pursue any method of force that is lawful and that he or she reasonably believes, based on training and experience, is consistent with Department rules and is most appropriate under the circumstances.

(4) Use of Force - General and Miscellaneous Provisions.

(a) Many of the guidelines and restrictions for the use of force set forth in this rule pertain only to a specific method of force, and sometimes to only the reactionary or organized use of such a method. However, where applicable, the provisions of this subsection apply to the use of force generally.

(b) Miscellaneous Use of Force Protocol.

1. Any use of force shall cease whenever an inmate complies with lawful orders or ceases the behavior which justified the use of force.

2. Use of force shall not be applied for punishment. Physical restraints such as handcuffs, leg irons, flex cuffs, and other such devices shall only be used for restraint purposes and not for punishment.

3. Inmates shall not be carried, dragged, or lifted by restraint devices. This shall not be construed to prohibit the use of an escort chair pursuant to Rule 33-602.212, F.A.C.

4. Hands-on force shall not be used if injury is less likely to occur by using chemical agents, specialty impact munitions, or EIDs.

3

Ex. H- Pg 3

(IX)  Clear, concise, and audible verbal warning to the inmate of pending application of force or entry into cell for extraction,

(X)  Application of chemical agents,

(XI)  Verbal order for a decontamination shower,

(XII)  Decontamination of the inmate,

(XIII)  Any medical examination performed after the use of force,

(XIV)  Physical escort and placement in a decontaminated cell after incident,

(XV)  Verbal refusals by the inmate to participate in decontamination or medical examination (if applicable),

(XVI)  The name and rank of each Department staff member present.

c.  Anytime there is a change in the on-scene supervisor or other staff during an application of an organized use of force, a new video recording will be initiated and the requirements in subparagraph (4)(c)1., and sub-subparagraphs (4)(c)3.a. and b., shall be repeated.

d.  In the event that the inmate ceases his or her disruptive behavior after being issued a final order while the shift supervisor and camera operator are present with a camera, but resumes such conduct after the shift supervisor and camera operator have departed the area prior to an application of chemical agents, the shift supervisor shall recommence video recording.

e.  In all cases where the administration of chemical agents is subsequently required, video recording will resume prior to the application of chemical agents, to include a statement referring to the originating incident, and continue until completion as directed in sub-subparagraph (4)(c)1.a.

4.  Post-Use of Force.

a.  Video recordings of post-use of force medical exams shall be conducted through a window or at a distance in such a manner so as to provide the maximum amount of privacy needed for the exams and so as to limit the disclosure of inmate protected health information to the minimum amount necessary. The fact that the footage is taken through a window or at a sufficient distance is to keep communication between the inmate and medical staff confidential and to ensure that only the minimum amount of protected health information, e.g., visible injuries or the lack thereof, is disclosed. Inmates involved in an organized use of force shall be video recorded continually until they have been placed in a vehicle for transportation or in a secure cell.

b.  Immediately prior to securing the inmate in a cell or a vehicle for transportation, the officer in charge shall ensure the camera operator records the inmate's anterior and posterior body for the presence or absence of visible injuries. Caution shall be taken to avoid capturing the inmate's unclothed genitalia, buttocks, or female breasts.

(5)  Use of Chemical Agents.

(a)  General.

1.  All chemical agents shall be used with caution and in accordance with the manufacturer's instructions.

2.  Authorization for an organized use of force application of chemical agents within an institution may only be given by the warden or designee.

3.  Authorization to Use CS instead of OC.

a.  CS may be used during cell extractions and other in-cell incidents if OC applications previously administered were ineffective in obtaining compliance or ceasing disruptive actions or physically threatening behavior.

b.  The warden or designee may authorize the use of CS as an initial primary chemical agent whenever past applications of OC to an inmate were documented on a Report of Force Used, Form DC6-230, as having been applied and ineffective. Form DC6-230, Report of Force Used, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-04915. The effective date of the form is 10/20.

5

Ex H - Pg 5

If the inmate has a medical risk factor for chemical agents, chemical agents shall not be used on the inmate unless each of the following conditions exists: the inmate possesses a weapon capable of causing great bodily harm or death, the warden or designee approves, and medical staff are present in the housing unit prior to the application of chemical agents. Medical staff shall be consulted about physical conditions of an inmate that may be aggravated by the application of chemical agents unless safety concerns prevent prior consultation. If the inmate has a medical risk factor for chemical agents as indicated on the risk assessment, this does not automatically preclude the use of electronic immobilization devices on the inmate.

(III) The warden or designee shall be contacted for authorization to use chemical agents or other force in the area. The warden shall not give authorization if the use of chemical agents or other force is not appropriate under the circumstances.

(IV) Chemical agents or EIDs shall be retrieved from secure storage or preparations shall be made for a forced cell extraction.

(V) Video recording procedures shall be initiated as outlined in subsection (4) of this rule.

(VI) A confinement or close management lieutenant or shift supervisor shall issue a clear concise and audible final order to the inmate ordering compliance. The inmate shall be advised chemical agents shall be used, if necessary, to gain compliance. If the inmate complies, the compliance shall be video recorded for three (3) minutes and then the video recording shall cease. If, during the same shift, the inmate resumes his or her disruptive behavior, video recording shall resume prior to the application of chemical agents or other force. This recording shall include a statement referring to the originating incident, and continue from this point until the decontaminating shower is given, medical examination is offered, and the inmate is returned to secure, decontaminated housing or transport vehicle.

(VII) If, after three (3) minutes, the inmate remains non-compliant with the final order of the housing lieutenant or shift supervisor and continues to disobey lawful orders or continues the behavior that would justify using force, a designated security staff member shall administer chemical agents upon the inmate in the amount of no greater than three (3) one-second bursts. The housing lieutenant or shift supervisor shall be present to directly oversee and provide clear direction to the security staff member designated to administer the chemical agents.

(VIII) If the inmate's disruptive behavior continues after the initial application, a subsequent application of chemical agents in the amount of no greater than three (3) one-second bursts may be administered upon an inmate after at least five (5) minutes have elapsed since the initial chemical agent application.

(IX) If the inmate does not comply with orders after a minimum of five (5) minutes have elapsed from the conclusion of the second application of chemical agents, the warden or designee shall be consulted to evaluate what further response, which may include a third application of chemical agents, is necessary to regain compliance or control of the inmate.

e. Protocol following a third application of chemical agents.

(I) The warden or designee shall be consulted to evaluate further responses. Additional Report of Force Used, Form DC6-230, shall be used to document the incident. The shift supervisor shall ensure all use of force applications are properly documented in a Report of Force Used, Form DC6-230.

(II) The warden or designee shall authorize the activation of a cell extraction team as necessary to ensure safety or obtain compliance; however, additional applications of chemical agents shall not be administered or discharged upon an inmate after the initial three applications until at least sixty (60) minutes have elapsed from the time of the last application.

f. Post-chemical agent use protocol.

(I) Once the inmate becomes compliant with lawful orders and ceases his or her disruptive behavior, the shift supervisor or close management lieutenant will order the inmate to submit to hand restraints. Once the inmate is restrained, decontamination protocol shall be initiated as outlined in paragraph (9)(b) of this rule.

(II) Once decontamination protocol is complete, the inmate shall be offered medical examination as outlined in paragraph (9)(c) of this rule.

(III) Reports for the completed use of force shall be completed in accordance with paragraph (9)(a) of this rule.

(6) Use of Other Less-Lethal Weapons.

(a) Less-lethal weapons may be used in either reactionary or organized uses of force.

7

EXH Pg 7

(IV)  12 gauge drag stabilized (bean bag) rounds,

(V)  37/40-mm wooden baton rounds (skip fired 6 feet in front of target, no direct fire),

(VI)  Stinger rubber ball grenades (stun grenade),

(VII)  40-mm impact munitions (OC, marking and inert foam) long range, and

(VIII)  40-mm impact munitions (OC, marking and inert foam) short range.

c.  Selection and deployment of specialty impact munitions during a riot or disturbance or other instance where less-lethal force options are needed shall be authorized by the Secretary, regional director, or warden or designee.

d.  Specialty impact munitions shall not be deployed in the direction of any individual in a manner contrary to the manufacturer's directions or at a distance of less than that recommended by the manufacturer, unless the threat of bodily harm or death justifies the escalation to deadly force.

3.  Pepperball Launching System (PLS). The PLS shall be used instead of aerosol-type chemical agents when aerosol-type chemical agents would not be effective due to weather conditions or when their use could subject the officer or uninvolved inmates to injury. The PLS shall be used only by restricted labor squad supervisors and exercise officers for confinement, close management, maximum management, and death row populations. The PLS shall only be employed by officers who have completed the Department's standard training in their use and effects.

a.  General Provisions.

(I)  The Deputy Secretary of Institutions shall designate those institutions authorized to use the PLS.

(II)  The PLS is classified as less-lethal at all distances, but, unless the incident necessitates otherwise, it only should be utilized at a distance of five (5) feet or greater to prevent the inmate from attempting to take control of the launcher.

b.  Use of the PLS in Controlled Conditions.

(I)  Written authorization from the warden or designee shall be received prior to utilization of the PLS for situations other than those described in sub-subparagraph (6)(c)3.c., below. This written authorization shall detail the reasons it was necessary to utilize the PLS in addition to or in place of aerosol-type chemical agents.

(II)  In controlled situations when time constraints are not an issue, the PLS can only be used if authorized by the warden or designee. The warden or designee shall only authorize trained and certified officers to use the PLS.

c.  Use of the PLS Outside of Controlled Conditions.

(I)  The PLS is authorized for use to quell mass disturbances, violent events, assaults, and fights among inmates assigned to restricted labor squads. Authorized activation of the PLS by staff assigned to restricted labor squads does not constitute deadly force.

(II)  The PLS is authorized for use in confinement, close management, maximum management, and death row recreation areas to quell mass disturbances, violent events, assaults, and fights among inmates.

4.  Noise flash distraction devices. Noise flash distraction devices shall be used only by the Department's Rapid Response Teams, Correctional Emergency Response Teams, and/or other trained staff as authorized by the Deputy Secretary of Institutions for the purpose of creating a momentary diversion to assist correctional staff in restoring order in hostile situations. These situations include hostage rescue, crowd control, and certain escape and recapture efforts. The following noise flash distraction devices have been approved for use by the Department:

a.  Hand-launched, reloaded noise flash distraction devices,

b.  Hand-launched, single use noise flash distraction devices, and

c.  Shotgun-launched (aerial distraction) noise flash distraction devices.

(7)  Use of Deadly Force.

9

Exh Pg 9

5. All inmates shall be kept away from an aircraft while it is over or on the property of an institution.

6. Once an aircraft lands on the property of an institution, it shall be secured using armed security staff and shall be prevented from being flown away without causing damage to the aircraft by securing the flight equipment with locks and chains so that the aircraft can safely be removed by the proper authorities.

7. If an aircraft lands due to an in-flight emergency, it and any of its occupants shall be secured by staff until they are removed from the landing site.

8. If an aircraft hovers over or lands on the property of an institution for any reason, efforts shall be made to stop any inmate from boarding the aircraft. Any attempt by an inmate to board an aircraft shall be deemed to be an escape attempt. Department personnel are authorized to use deadly force against any inmate attempting to escape in accordance with this rule. When circumstances permit, a verbal warning to halt and a warning shot shall be fired prior to the inmate reaching the aircraft to board.

9. If weapons are fired from an aircraft, Department personnel are authorized to return fire and use deadly force to protect themselves and others from imminent death or great bodily harm.

10. Firearms shall not be fired toward a departing aircraft after it leaves contact with the ground except when weapons are being fired from the aircraft.

11. Department personnel may use deadly force against an escaping inmate being carried by the unmanned aircraft.

12. When an aircraft lands on the property of an institution, the local law enforcement agency and the Office of Inspector General shall be immediately notified. The Office of Inspector General shall notify the Florida Department of Law Enforcement, Federal Bureau of Investigation, and the Federal Aviation Administration.

13. All inmates shall receive orientation regarding this paragraph of the rule, which shall be made a part of the Department's orientation program at all reception centers. This orientation shall contain instructions stating that should any aircraft land or attempt to land on or near the property of a state correctional institution or private correctional facility, inmates are required to move away from the aircraft, and that any movement toward the aircraft by an inmate shall be viewed as an escape attempt and shall subject the inmate to the use of deadly force to prevent him or her from escaping.

(c) Use of a conveyance to gain unauthorized entry into or exit from an institution. The institution shall take the following steps to prevent any conveyance or vehicle from being used to gain unauthorized forced entry into or forced exit from its perimeter area:

1. Time permitting, a verbal order to halt shall be issued followed by a warning shot if the vehicle fails to stop.

2. If the vehicle does not stop and continues to be driven or operated in a manner that indicates the driver intends to or is in the process of forcibly entering or exiting the perimeter, officers may use deadly force to prevent imminent death or great bodily harm or to prevent the escape of an inmate.

(d) Use of Force to Prevent Escape or to Recapture Escapee. Officers are authorized to use force, including deadly force, as necessary to prevent the escape of an inmate from an institution.

1. Escape attempts from inside an institutional perimeter where armed perimeter staff are assigned:

a. Institutions with a double perimeter fence. A loud verbal warning shall be made, if possible, instructing the inmate to stop or halt prior to the inmate's contact with any inner perimeter fence. A warning shot may be safely fired prior to any inmate's attempt to cross or pass over, through, or under the inner perimeter fence. A firearm shall not be fired at the inmate until he or she has begun to cross or pass over, through, or under the inner perimeter fence.

b. Institutions with a single perimeter fence. A loud verbal warning shall be made, if possible, instructing the inmate to stop or halt prior to the inmate's contact with any perimeter fence. A warning shot may be safely fired prior to the inmate's contact with the perimeter fence. A firearm shall not be fired at the inmate until he or she has begun to cross, or to pass over, through, or under the perimeter fence.

c. Warning shots are authorized only as provided herein. In all other instances where deadly force is authorized during inmate escape attempts, a loud verbal warning shall be issued if time and circumstances permit.

11

EX-H-Pg11

4. Prevent an imminent assault on staff or other inmates,

5. Stop an ongoing assault on staff or inmates,

6. Disarm an inmate in possession of a weapon capable of causing injury to staff,

7. Subdue a take-over of the health unit, or

8. Free a hostage.

(c) As to the objectives set forth in subparagraphs (8)(b)1.- 4., force is necessary only where initiating or continuing non-force de-escalation of the situation by mental health staff would likely result in failure to achieve the objective.

(d) As to the objectives set forth in subparagraphs (8)(b)5.- 8., force is necessary only where initiating or continuing non-force de-escalation of the situation by mental health staff would likely result in serious injury to the inmate on whom force would be used, any injury to any other person, or a breach of the Department's duty to maintain the order, security, and proper functioning of the institutions.

(e) Use of Psychiatric Restraints.

1. Psychiatric restraints shall only be applied to inmates in an inpatient mental health level of care status when housed in an isolation management room.

2. The warden or designee may only authorize placing an inmate in psychiatric restraints after receiving an order and authorization from a qualified clinician. Authorization from the warden or designee shall be obtained prior to any inmate being placed in psychiatric restraints. Health services staff shall review the medical record of the inmate prior to advising the warden or designee of known medical conditions that would affect the health of the inmate should the inmate be placed in psychiatric restraints. There are some instances when an inmate must be placed in psychiatric restraints immediately after having chemical agents applied. In such situations, the inmate shall be monitored by health services staff without interruption. Medical attention shall be provided, upon detection of physical distress, without unnecessary delay. No inmate shall be restrained in a manner that restricts breathing.

3. When the use of psychiatric restraints is authorized, and the inmate does not offer resistance to the application of the restraints, the completion of Form DC6-210, Incident Report, shall be required. Form DC6-210, Incident Report, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-01697. The effective date of the form is 12/12. The application of the psychiatric restraints will be videotaped. The videotape, Form DC6-210, a written use of force authorization, Form DC4-701C, Emergency Room Record, and Form DC4-708, Diagram of Injury, shall be completed in their entirety with applicable data or the letters "N/A" used to indicate inapplicability and shall be forwarded to the warden or acting warden for review within one working day. Form DC4-701C, Emergency Room Record, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-01695. The effective date of the form is 12/12. Form DC4-708, Diagram of Injury, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-01696. The effective date of the form is 10/07. Each institution shall retain all videotape and documents for the applicable retention period. If at any time prior to or during the application of the psychiatric restraints the inmate offers resistance to the application, force shall be used if necessary and justified.

(9) Post-Use of Force Protocol.

(a) Reporting.

1. The warden or designee shall be notified immediately of the use of reactionary use of force upon the conclusion of the event giving rise to the use of a reactionary use of force incident.

2. Any time force is used, the staff member initially using force shall complete a Report of Force Used, Form DC6-230. The completed report must contain a clear and comprehensive narrative of the circumstances that led to the use of force, the specific justification and necessity for the use of force, and a description of the actual events that occurred as well as the post-event actions. If more than one staff member was involved in the use of force, the initial staff member using force shall complete the Report of Force Used, Form DC6-230. All participants who agree with the initial staff member shall sign the Report of Force Used, Form DC6-230. Any participant who objects to information recorded by the reporting staff member or who has additional observations to add to the narrative or description of the incident written by the reporting staff member shall complete a separate Report of Force Used, Form DC6-230 and

13

Ex-H Pg 13

health care provider, for the purpose of providing necessary and lawful treatment to protect the health of others or to satisfy a duty to protect an inmate against self-injury or death. The attending qualified health care provider who directs or observes medically necessary use of force shall prepare a written authorization to use force. Staff members who use force pursuant to the request of a qualified health care provider shall prepare a Report of Force Used, Form DC6-230, and a Use of Force Incident Report, Form DC6-210A, when actual force is used, or an Incident Report, Form DC6-210, when restraints are applied with no physical resistance by the inmate. The reports shall be forwarded to the warden immediately upon the conclusion of the incident giving rise for the use of force.

11. Any application of chemical agents within an institution shall be documented in a Report of Force Used, Form DC6-230. Any staff member who uses chemical agents shall record the following in the Report of Force Used, Form DC6-230:

a. Type of agent discharged,

b. Amount of agent discharged,

c. Method of administration,

d. Name of the person who authorized issuance or possession of the chemical agent,

e. Name of person who administered the chemical agent,

f. Amount of the chemical agent used; and,

g. Reason the chemical agent was used.

(b) Decontamination and Monitoring After Chemical Agent Exposure.

1. Inmates who have been exposed to any chemical agent shall be constantly monitored by a staff member or officer for no less than one (1) hour after application. The affected inmate shall remain in a standing or sitting position. The monitoring staff member or officer shall immediately seek medical attention from the appropriate medical staff any time signs of respiratory distress, labored breathing, excessive or persistent coughing, or chest or arm pain are evident, if unconsciousness occurs, or other signs of medical distress are observed. The absence of medical staff on scene does not preclude taking action as an emergency responder. The shift supervisor shall summon a medical staff member to the physical location of an inmate who has been exposed to a chemical agent.

2. All inmates exposed to chemical agents shall be ordered to shower in cool water and change inner and outer garments within twenty (20) minutes from the last application of chemical agents, unless there is a documentable emergency resulting in an extension of this time frame. The shift supervisor or confinement lieutenant shall record the decontamination activities in a Use of Force Incident Report, Form DC6-210A, and on Form DC6-229, Daily Record of Special Housing. Form DC6-229 is incorporated by reference in Rule 33-601.800, F.A.C.

3. The shift supervisor shall order the inmate to submit to cuffing procedures in order to exit his or her cell for a shower and decontamination of the cell. If at any time an inmate complies with orders to submit to a shower and decontamination procedures, then normal cuffing and escort procedures shall be followed and documented. Any portion of the inmate's body, including the eyes, that was exposed to, or that came in contact with, chemical agents, shall be flushed with water as soon as possible after application for two (2) minutes or until the affected inmate experiences relief, whichever is longer. The inmate shall be advised by the officer in charge to avoid rubbing any irritated area with a cloth or towel. Under no circumstances will oils, creams, or topical medications be applied to the inmate without approval of a member of the medical services staff.

4. Inmates are not allowed to refuse a shower or refuse the decontamination of their cell after exposure to chemical agents. If the affected inmate refuses to participate in a decontamination shower, a second order shall be given by the shift supervisor. The shift supervisor shall record in a Use of Force Incident Report, Form DC6-210A, that a second order was given and the inmate refused to comply. The shift supervisor shall submit Form DC6-112F, Disciplinary Report Worksheet, for processing. Form DC6-112F is incorporated by reference in Rule 33-601.313, F.A.C.

5. Any time an inmate refuses to take a shower after an application of chemical agents, medical staff shall report cell-front and explain in a clear and audible tone the purpose of a decontamination shower and potential physical implications of not completing decontamination. Medical staff members shall record notes of any decontamination consultation on Form DC4-701C, Emergency Room Record.

6. After the second refusal by the inmate, the shift supervisor shall contact the warden or designee for authorization to initiate cell extraction procedures. Upon approval by the warden or designee, the shift supervisor shall instruct the cell extraction team to enter the cell and place the inmate in restraints.

15

EX H- pg 14

of accordingly.

(III)  Medical personnel shall visually examine the inmate to determine the presence or absence of an injury.

(IV)  The shift supervisor shall ensure that photographs are taken of the inmate's body where the probes impacted the skin, which shall be attached to the Report of Force Used, Form DC6-230, prepared by the staff member who initiated the use of force.

(V)  The shift supervisor shall ensure that the expended cartridge is returned to the arsenal for accountability and disposal.

e.  In addition to completing a medical examination of any inmate who is exposed to chemical agents or EIDs, the clinician shall make a mental health referral for any inmate classified as "S-2" or "S-3" on Form DC4-529, Staff Request/Referral, and forward it immediately so that a mental health evaluation can be conducted on the inmate. Form DC4-529, Staff Request/Referral, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-01692. The effective date of the form is 12/12. Mental health staff shall evaluate the inmate no later than the next business day. The clinician who conducts the evaluation shall recommend to the shift supervisor those measures that he or she believes are necessary for the safety of the inmate, including placement in isolation management, a transitional care unit, or crisis stabilization as those placements are defined in Rule 33-404.103, F.A.C.

f.  In the event an inmate is sent to an outside hospital for evaluation of any medical issue within 24-hours following a use of force involving the inmate, health services staff shall notify the shift supervisor of the circumstances necessitating transport. The shift supervisor shall immediately notify the Warden or designee of the transport. The Warden or designee shall be responsible for notifying the district supervisor (during normal business hours) or the on-call supervisor (after business hours) of the Office of the Inspector General. The outside hospital records shall be included in the documentation provided to the Office of the Inspector General - Use of Force Unit.

2.  Medical Attention for Department Staff Members Following Use of Force.

a.  Any employee who participates in a reactionary or organized use of force and receives or experiences any injury shall report such injury to the officer in charge. Injured staff shall be offered an opportunity to receive a medical examination by health services staff.

b.  Should the employee decline a post-use of force medical examination, he or she shall sign Form DC4-711A, Refusal of Health Care Services, indicating an examination was offered but declined. In those cases where an injury is claimed but not substantiated by medical examination, the statement by the medical provider shall indicate this, and the documentation shall be sufficient to support that no injury was found upon examination. Form DC4-711A is incorporated by reference in Rule 33-401.105, F.A.C.

3.  Medical services staff members shall record all observations and recommendations on the following forms:

a.  Form DC4-701C, Emergency Room Record.

b.  Form DC4-708, Diagram of Injury.

c.  Form DC4-701, Chronological Record of Health Care. Form DC4-701, Chronological Record of Health Care, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-01694. The effective date of the form is 4/8/10.

(10)  Review Requirements.

(a)  The warden or designee shall conduct a preliminary review of facts recorded in reports to determine if the application or demonstration of force was lawful and procedurally appropriate. All use of force incidents will be reviewed by a designee of the rank of Correctional Officer Major or above and shall include a review of all videotapes of the incident. It shall be noted in a memorandum to the inspector with the Office of Inspector General if any video recording is poor quality. The warden shall ensure that any designee that reviews any use of force incident conducts the review in a comprehensive manner and that, in addition to procedural concerns, the force used was authorized and appropriate in accordance with this rule. Any time improperly applied or unlawful use of force is indicated in a report, the warden shall personally review the incident. The warden shall personally review the reports and all videotapes of any use of force incident that results in outside medical treatment for the involved inmate; this includes transfers to another institution specifically for medical treatment. The warden shall consult with the Health Service Administrator or other medical personnel as appropriate regarding the nature of the injuries and required treatment determined to be necessary by the outside medical entity and incorporate this information into the documentation forwarded to the Office of the Inspector General - Use of Force Unit and the determination of whether the force used was authorized and appropriate in accordance with this rule.

17

EX H Pg 16

of force incidents in an eighteen-month period. This notification will be for informational purposes only, and will not require any further action.

(k)  Any incident that necessitates the drafting of a Report of Force Used, Form DC6-230, shall be submitted to the Emergency Action Center.

(11)  Chemical Agents - Issuance, Storage, and Handling.

(a)  Chemical agents shall be stored in the designated main arsenal in a secure manner. The warden shall authorize and designate secure locations where chemical agents shall be stored that are accessible only to officers.

(b)  Chemical agents assigned to an institution may not be removed from the institution at any time without authorization from the warden or designee.

(c)  All chemical agent dispensers shall be numbered and recorded on Form DC6-216, Chemical Agent Accountability Log. Form DC6-216, Chemical Agent Accountability Log, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, Florida 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-02950. The effective date of the form is 8/13. Form DC6-216 shall be maintained in any location where chemical agents are stored. Chemical agent dispensers shall be weighed prior to issuance and upon return to storage.

(d)  Only officers and staff who have successfully completed the Department-approved training in the use of chemical agents, in possession of a current and valid certification of such completion, and assigned to institutions and work camps shall be issued an approved OC dispenser to carry while on duty. The warden is authorized to exempt an officer from carrying, possessing, or using chemical agents. Officers assigned to armed perimeter posts may be exempted from the requirement to carry OC by the warden or designee.

(e)  An MK-9 sized canister or equivalent OC dispenser shall be issued to officers who have successfully completed Department-approved training, are in possession of a current and valid certification of same, and who are assigned to internal security posts, recreation fields, shift supervisor posts, or designated as special response team members within an institution, including work camps. These officers are authorized to administer chemical agents during reactionary disturbance incidents that involve multiple inmates in locations where multiple inmates are generally present, such as open bay dorms, dining halls, recreation fields, canteens, and meal lines. This option shall only be exercised in response to mass disturbance critical incidents and as necessary to restore control, stability, or institutional order and shall normally not be used indoors.

(f)  For those security positions assigned to housing units with a secure officer's station, an MK-4 sized canister or equivalent OC dispenser will be passed on from shift to shift and accounted for on Form DC6-209, Housing Unit Log, at the beginning of each shift with an entry for each canister indicated by canister number and officer initials who is assigned that canister. Form DC6-209 is incorporated by reference in Rule 33-601.800, F.A.C. Canisters that are not being worn by staff on shifts that have fewer assigned staff will remain in the officer station, stored in a secure, locked cabinet or drawer designated for this purpose. The number of chemical agent canisters assigned to a housing unit shall not exceed the maximum number of staff (officer and sergeant) for the highest staffed shift per the institutional post chart. Any evidence of tampering, broken or missing seal, or signs that the canister is not functional will be immediately reported to the shift officer in charge. Additionally, a Use of Force Incident Report, Form DC6-210A, will be completed by the end of the officer's shift and a replacement of the canister will occur. The canisters will be inventoried and inspected once per week by the arsenal sergeant with appropriate entry placed on the Housing Unit Log, Form DC6-209.

(g)  For those staff assigned to internal security and designated A-Team members, exchange of approved canisters shall occur on the compound, with the canister number and confirmation of seal status and condition of canister called into the control room and notation made on the DC6-281, Control Room Security Equipment/Weapons Check Out/In Log. Form DC6-281, Control Room Security Equipment/Weapons Check Out/In Log, is hereby incorporated by reference. Copies of this form are available from the Forms Control Administrator, 501 South Calhoun Street, Tallahassee, FL 32399-2500, http://www.flrules.org/Gateway/reference.asp?No=Ref-02952. The effective date of the form is 8/13. The canisters will be inventoried and inspected once per week by the arsenal sergeant with appropriate entry placed on the Control Room Log.

(h)  For those staff assigned to food service, wellness, gate areas, program areas, and other compound posts that are not manned on a 24-hour basis, the staff assigned to the daylight shift shall pick up their canisters at the control room immediately prior to proceeding to their assigned post. The exchange of canisters for their reliefs shall occur on the compound, with the canister number and confirmation of seal status and condition of canister called into the Control Room and notation made on Form DC6-281, Control Room Security Equipment/Weapons Check Out/In Log. The canisters will be inventoried and inspected once per week by the arsenal sergeant with appropriate entry placed on the Control Room Log.

19

Ex H Pg 18

(k)  No weapon shall be issued for any purpose other than the authorized use of force or to a certified training officer for the purpose of approved training without prior written authorization from the warden or designee.

EX H-B 20

```
                    FLORIDA DEPARTMENT OF CORRECTIONS        04/27/2018
        (03)              DISCIPLINARY REPORT                PAGE   1
                          LOG # 103-180585
```
-----------------------------------------------------------------------
```
DC#: T57324   INMATE NAME: COOPER, GREGORY B.            INFRACTION
VIOLATION CODE:  0115   TITLE: BATTERY/ATT/CO            DATE: 04/13/2018
FACILITY CODE:  103    NAME:  JEFFERSON C.I.             TIME: 11:51
```
-----------------------------------------------------------------------
I.   STATEMENT OF FACTS:

      INMATE COOPER, GREGORY DC#T57324 IS BEING CHARGED WITH VIOLATION OF FAC CHAPTER 33-601.314, RULES OF PROHIBITED CONDUCT (1-15) BATTERY OR ATTEMPTED BATTERY ON A CORRECTIONAL OFFICER.      ON 4/13/2018 AT APPROXIMATELY 11:51AM, WHILE IN THE BATHROOM AREA OF D DORMITORY OF WING 2, I WAS CONDUCTING A STRIP SEARCH OF INMATE COOPER, GREGORY DC#T57324 ON SUSPICION OF HAVING CONTRABAND AND BEING UNAUTHORIZED IN THE HOUSING UNIT. I INSTRUCTED INMATE COOPER TO BEND AND COUGH WHICH CAUSED A CELLULAR DEVICE TO FALL FROM HIS RECTUM. AS I ATTEMPTED TO RETRIEVE THE CELLPHONE FROM HIM, INMATE COOPER, WITH A CLOSED FIST SUDDENLY STRUCK ME TO MY HEAD AND FACIAL AREA AND PROCEEDED TO A TOILET STALL. INMATE COOPER'S ATTEMPT TO FLEE WAS DISRUPTED AND HE WAS REDIRECTED TO THE GROUND AND PLACED IN RESTRAINTS. INMATE COOPER'S STRIKE ████████████████████████████

THE SHIFT OIC WAS NOTIFIED AND AUTHORIZED INMATE COOPER WAS PLACED IN ADMINISTRATIVE CONFINEMENT PENDING THE DISPOSITION OF THIS REPORT.

```
REPORT WRITTEN: 04/13/2018, AT 13:00   OFFICER: ████ - MCCOY, CHARLES D.
ASSIGNED AND APPROVED BY: ████ - BROWN, BARBARA
```
-----------------------------------------------------------------------
II.  INVESTIGATION:
    WITNESSES:
      OFC.S.COOLEY
      OFC.V.JOHNSON
      INMATE NILTON,DACOSTA #992509
      INMATE OFFERED STAFF ASSISTANCE: DECLINED

```
INVESTIGATION BEGUN: 04/13/2018, AT 14:30   OFFICER: ████ - BROWN, M. D.
INVESTIGATION ENDED: 04/24/2018, AT 10:32
```
-----------------------------------------------------------------------
III. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 04/24/2018, AT: 10:32

-----------------------------------------------------------------------
           DELIVERED BY : ████ - BROWN, M. D.

-----------------------------------------------------------------------
IV.  DESIGNATING AUTHORITY REVIEW   LEVEL: MAJOR   DATE: 04/26/2018
      GAINED FROM JEFFERSON C.I. AND WAITING ON A CAMERA FORM AND WITNESS STATEMENTS.

-----------------------------------------------------------------------
           OFFICER: ████ - MARLOW, S. M.

-----------------------------------------------------------------------
V.   TEAM   FINDINGS AND ACTION   DATE: 04/27/2018, AT: 08:25
      INMATE OFFERED STAFF ASSISTANCE: DECLINED
      INMATE PLEA: NOT GUILTY   FINDINGS: GUILTY
      INM PRESNT: Y   WAIVED 24 HR NOTICE: N

EX I Pg 1

| State of Florida | Witness Statement | Department of Corrections |
|---|---|---|
| | Log # IC518085 | |

**I.  Identifying Inmate Information**

DC # T57324   Inmate Name Cooper, Gregory

Violation Code and Short Title 1-15 Battery on a CEO

Use of Force # _____

Date Report Written 4/13/18

**II.  Witness**

☐ Staff Member: Name and Position _____

☐ Other Individual: Name _____

☐ Inmate:   DC # _____   Name _____

**III.  Voluntary Refusal**

The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:

Witness Signature _____   Date _____

Signature of Investigating Officer _____   Date _____

**IV.  Statement** I did not batter or assault Sgt. McCoy, I was in possession of tobacco wrapped in black tape - Not a cellphone. As I fled to the toilet to flush the tobacco Sgt. McCoy grabbed me by the shoulder, turning me & striking me in the face with a metal detector wand. (See pictures from use of force) Splitting me above my left eye. Everything happened in a moving motion & I spun out of Sgt. McCoy's grip causing him to crash into the wall. I then flushed the tobacco & wiped the blood from my face. At this time more officers entered the bathroom. Sgt. McCoy yelled "beat his ass" and rushed at me with the other officers - ~~then~~ I fell to the ground & allowed the K-9 unit officer to cuff me... The group of officers then proceded to beat me with their fists, kicked & stomp me with their feet & Sgt. McCoy continued to hit me with the metal detector wand. Sgt. McCoy was either injured when he crashed into the wall or in the act of the officers assaulting me as a whole. To prove that Sgt. McCoy is being untruthful - He stated that my attempt to flee ~~something~~ was disrupted by other officers to make it appear as if other officers were present at the time. In De La p 103-1805 86 Unauth. Pos. cell/wireless device - Sgt. McCoy states that ~~this~~ "inmate Cooper proceeds to flee to the toilet where he flushed the cellular device." If my attempt to flee to the toilet was disrupted by ~~this~~ & I was brought to the ground then how did I flush the ~~cell~~ alleged "phone"? Better yet, Where is the "phone"?

Witness Signature _(signature)_   Date 4-24-18

Signature of Investigating Officer _(signature)_   Date 4/24/18

DC6-112C (Revised 8/06)          Original: Inmate File          Copy: Central Office

Cooper, DC# T57324          RFP1-0191   Ex-I- Pg3

| State of Florida | Witness Disposition<br>Log # 103 18M5585 | Department of Corrections |
|---|---|---|

DC# T57324  Inmate Name _Cooper, Gregory_  Facility 103
Violation Code and Short Title _1-15 Battery or Attempted_
Date Report Written _4/13/2018_  Date of Hearing _4-24-18_

**I.  Notice to Inmate:** The following shall be read to the charged inmate by the Investigating Officer:

"The charged inmate shall indicate whether he has any material witnesses. In the event that you have material witnesses, they must be listed below. Failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."

As a rule the testimony of inmate witnesses will be presented by written statements instead of witnesses appearing at the hearing. Multiple disciplinary hearings are often held at one time and limited staffing prohibits the routine retrieval and escort of inmate witnesses to the hearing and back to assignments. Further, written statements minimize the disruption of work and program assignments of inmate witnesses. A request for live testimony for witnesses not listed below must be made at the hearing and supported by cause sufficient to overcome the concerns noted above."

**II.  Witnesses:** ☐ I do not have any witnesses   ☐ I do have witnesses, listed below

| Name of Witness | DC6-112C<br>Read<br>YES/NO | Witness<br>Requested<br>to Appear<br>YES/NO | Reason Witness<br>Requested to<br>Appear | Disposition |
|---|---|---|---|---|
| 1. Officer Cool. | ☐☐ | ☐☐ | | |
| 2. Officer Johnson (Female) | ☐☐ | ☐☐ | | |
| 3. Nilton Dacosta - Inmate. | ☐☐ | ☐☐ | | |
| 4. | ☐☐ | ☐☐ | | |
| 5. | ☐☐ | ☐☐ | | |
| 6. | ☐☐ | ☐☐ | | |
| 7. | ☐☐ | ☐☐ | | |
| 8. | ☐☐ | ☐☐ | | |
| 9. | ☐☐ | ☐☐ | | |
| 10. | ☐☐ | ☐☐ | | |

Signature of Inmate _Greg Cooper_
Signature and Title of Investigating Officer _MB Brown_

**III.  Investigating Officer's Witnesses:** Witnesses determined relevant during the investigation and not requested by charged inmate.

| Name of Witness | DC6-112C<br>Read<br>YES/NO | Witness<br>Requested<br>to Appear<br>YES/NO | Reason Witness<br>Requested to<br>Appear | Disposition |
|---|---|---|---|---|
| 1. Ofc Scooley | ☐☐ | ☐☐ | | |
| 2. Ofc V Johnson | ☐☐ | ☐☐ | | |
| 3. Im Nilton Dacosta T99 2549 | ☐☐ | ☐☐ | | |
| 4. | ☐☐ | ☐☐ | | |
| 5. | ☐☐ | ☐☐ | | |
| 6. | ☐☐ | ☐☐ | | |

**IV.  Witnesses Requested at Hearing:** Witnesses requested by inmate, Team, or Hearing Officer in addition to those witnesses already identified in Section II or III above.

| Name of Witness | DC6-112C<br>Read<br>YES/NO | Witness<br>Requested<br>to Appear<br>YES/NO | Reason Witness<br>Requested to<br>Appear | Disposition |
|---|---|---|---|---|
| 1. | ☐☐ | ☐☐ | | |
| 2. | ☐☐ | ☐☐ | | |
| 3. | ☐☐ | ☐☐ | | |
| 4. | ☐☐ | ☐☐ | | |

Continued Comments (indicate Section # and Witness #):

Team Member Signature _____   Team Chairman/Hearing Officer Signature _____
Printed/Typed Name _Al Smith_   Printed/Typed Name _L Nettles_

DC6-112B (Effective 12/5/10)        Original: Inmate File

Incorporated by Reference in Rule 33-601.313, F.A.C.

| State of Florida | **Disciplinary Investigative Report**<br>Log # 103.180.5785 | Department of Corrections |
|---|---|---|

DC# T57324   Inmate Name Cooper, Gregory

Date Report Written 4/24/18, at 1300 AM/PM

Date Investigation Began 4/13/18, at 2430 AM/PM

(Use ball point pen, blue or black ink, when completing this form)

**I. Staff Assistance Offered:**   Declined ☑   Accepted ☐   Provided: Yes ☐ No ☑

_____

_____

_____

**II. Charged Inmate's Version of Infraction:**   Date 4/24/18, at 1032 AM/PM

_____

_____

_____

**III. Charging Staff Member Interview:**   Date 4/13/18, at 1435 AM/PM

Sgt. C. McCoy was interviewed and stated section III is true and correct as written

_____

_____

**IV. Other Staff/Pertinent Individual(s) Interview(s):** _____

Ofc S Coday

Ofc J Johnson

_____

_____

_____

_____

**V. Other Inmate(s) Interview(s):** _____

Im Nilton Dacosta # 992505

_____

_____

_____

_____

**VI. Explanation of Witness Statement Forms Not Completed and/or Other Interviews Not Completed:**

_____

_____

**VII. Explanation of Delay(s) at Any Stage of Investigation:**

Waiting on Jefferson C.I for a camera form and witness statements.

**VIII. Evidence: Other Included Reports; Other Information:** _____

_____

_____

Signature of Investigating Officer  M O Brown

Legibly Printed Name ( MO Brown )

Date Investigation Completed: 4/24/18   Report Continued: Yes ☐ No ☑

DC6-112A (Revised 5-00)          Original: Inmate File          Pink: Central Office

Incorporated by Reference in Rule 33-601.313, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT          04/16/2019
LOG # _____

| | | | |
|---|---|---|---|
| DC# T57324 | INMATE NAME: COOPER, GREGORY A | | PAGE: |
| VIOLATION CODE: 3314 | TITLE: INMATE POSS CELL/WIRELESS DV | | INFRACTION |
| FACILITY CODE: 371 | NAME: JEFFERSON C.I. | | DATE: 04/11/19 |
| | | | TIME: 20:50 |

I.   STATEMENT OF FACTS

INMATE COOPER, GREGORY DC#T57324 IS BEING CHARGED WITH
VIOLATION OF F.A.C. CHAPTER 33 §33.-116 RULES OF PROHIBITED
CONDUCT 3-14 UNAUTHORIZED POSSESSION OF USE OF A CELLULAR
TELEPHONE OR ANY OTHER TYPE OF WIRELESS COMMUNICATION
DEVICE...OR ANY COMPONENTS OF PERIPHERALS TO SUCH DEVICES,
INCLUDING BUT NOT LIMITED TO SIMS CARDS, BLUETOOTH ITEMS,
BATTERIES, AND CHARGING DEVICES. ANY OTHER TECHNOLOGY THAT
IS FOUND TO BE IN FURTHERANCE OF POSSESSING OR USING A
COMMUNICATION DEVICE DESIGNATED UNDER SECTION
944-xx-xx(xx).x.F.S  ON APRIL 11, 2019 AT APPROXIMATELY 10:50
AM, WHILE PRESENT IN THE BATHROOM AREA ON WING
#2 OF DELTA DORMITORY SHOWER STALL #3, I BEGAN CONDUCTING A
STRIP SEARCH OF INMATE COOPER, GREGORY DC#T57324 WHEN I
OBSERVED INMATE COOPER CONCEALING A BLACK FLIP STYLE
CELLULAR PHONE LOCATED INSIDE OF HIS ANAL CAVITY. DURING THE
INCIDENT INMATE COOPER PROFFERED TO FLEE MY TOILET STALL #3
WHERE AN ATTEMPT THE CELLULAR DEVICE DOWN THE TOILET. THE
DUTY SUPERVISOR WAS NOTIFIED AND AUTHORIZED THIS REPORT TO
BE WRITTEN. INMATE COOPER WILL BE PLACED IN ADMINISTRATIVE
CONFINEMENT PENDING THE DISPOSITION OF THIS DISCIPLINARY
REPORT

REPORT WRITTEN 04/11/19, AT 11:45          BY:                MCCOY, CHARLES H

II.  INMATE NOTIFICATION OF CHARGES. DATE DELIVERED: 04.30.19 AT 08:50

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
33-601, FLORIDA ADMINISTRATIVE CODE

          DELIVERED BY                   DOBA

* NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING

INVESTIGATION
AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT
UNTIL THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED

RFP1-0163

EX-I Pg 9

```
                          FLORIDA DEPARTMENT OF CORRECTIONS        04/24/2018
         (03)                    DISCIPLINARY REPORT                    PAGE   1
                               LOG # 103-180586
---------------------------------------------------------------------------
DC#: T57324    INMATE NAME: COOPER, GREGORY B.            INFRACTION
VIOLATION CODE:  0314   TITLE: UNAUTH POS CELL/WIRELESS DV  DATE: 04/13/2018
FACILITY CODE:  103     NAME: JEFFERSON C.I.               TIME: 10:50
---------------------------------------------------------------------------
```

I.    STATEMENT OF FACTS:

          INMATE COOPER, GREGORY DC#T57324 IS BEING CHARGED WITH
          VIOLATION OF F.A.C. CHAPTER 33-601.314 RULES OF PROHIBITED
          CONDUCT 3-14 UNAUTHORIZED POSSESSION OR USE OF A CELLULAR
          TELEPHONE OR ANY OTHER TYPE OF WIRELESS COMMUNICATION
          DEVICE, OR ANY COMPONENTS OR PERIPHERALS TO SUCH DEVICES,
          INCLUDING BUT NOT LIMITED TO SIMS CARDS, BLUETOOTH ITEMS,
          BATTERIES, AND CHARGING DEVICES; ANY OTHER TECHNOLOGY THAT
          IS FOUND TO BE IN FURTHERANCE OF POSSESSING OR USING A
          COMMUNICATION DEVICE PROHIBITED UNDER SECTION
          944.47(1)(A)6.,F.S. ON APRIL 13, 2018 AT APPROXIMATELY 10:50
          AM, WHILE PRESENT IN THE BATHROOM AREA ON WING
          #2 OF DELTA DORMITORY SHOWER STALL #3, I BEGAN CONDUCTING A
          STRIP SEARCH OF INMATE COOPER, GREGORY DC#T57324 WHEN I
          OBSERVED INMATE COOPER CONCEALING A BLACK FLIP STYLE
          CELLULAR PHONE LOCATED INSIDE OF HIS ANAL CAVITY. DURING THE
          INCIDENT INMATE COOPER PROCEEDED TO FLEE TO TOILET STALL #1
          WHERE HE FLUSHED THE CELLULAR DEVICE DOWN THE TOILET. THE
          SHIFT SUPERVISOR WAS NOTIFIED AND AUTHORIZED THIS REPORT TO
          BE WRITTEN. INMATE COOPER WILL BE PLACED IN ADMINISTRATIVE
          CONFINEMENT PENDING THE DISPOSITION OF THIS DISCIPLINARY
          REPORT.

     REPORT WRITTEN: 04/13/2018, AT 13:40   OFFICER:        - MCCOY, CHARLES D.
     ASSIGNED AND APPROVED BY:        - BROWN, BARBARA
     --------------------------------------------------------------------
II.   INVESTIGATION:
          INMATE OFFERED STAFF ASSISTANCE: DECLINED

     INVESTIGATION BEGUN:  04/13/2018, AT 13:50   OFFICER:      - BROWN, M. D.
     INVESTIGATION ENDED:  04/20/2018, AT 08:52
     --------------------------------------------------------------------

III.  INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 04/20/2018, AT: 08:52
     --------------------------------------------------------------------
                         DELIVERED BY :        - BROWN, M. D.
     --------------------------------------------------------------------
IV.   DESIGNATING AUTHORITY REVIEW    LEVEL: MAJOR    DATE: 04/23/2018
          GAINED FROM JEFFERSON C.I.
     --------------------------------------------------------------------
                         OFFICER:        - ANDREWS, RICHARD J.
     --------------------------------------------------------------------
V.        TEAM    FINDINGS AND ACTION    DATE: 04/24/2018, AT: 08:25
          INMATE OFFERED STAFF ASSISTANCE: DECLINED
          INMATE PLEA: NO CONTEST   FINDINGS: GUILTY
          INM PRESNT: Y   WAIVED 24 HR NOTICE: N

Ex I Pg 11

FLORIDA DEPARTMENT OF CORRECTIONS                    04/13/2018
CHARGING DISCIPLINARY REPORT
LOG # 103-180589

ISS0150 (01)                                                          PAGE:   1

DCM: T57324      INMATE NAME: COOPER, GREGORY B.         INFRACTION
VIOLATION CODE: 0037   TITLE: POSS OF STIMULANTS         DATE: 04/13/18
FACILITY CODE: 10       NAME: JEFFERSON C.I.             TIME: 10:25

I.   STATEMENT OF FACTS:
     INMATE COOPER, GREGORY B. DC#T57324 IS BEING CHARGED WITH THE
     VIOLATION OF PROHIBITED CONDUCT RULE 33-601.314, RULE 3-7 POSSESSION OF
     3-7 POSSESSION OF AROMATIC STIMULANTS OR DEPRESSANTS, SUCH
     AS PAINT THINNER, GLUE, TOLUENE, ETC. ON APRIL 13, 2018 AT
     APPROXIMATELY 10:25AM WHILE ASSISTING WITH A SEARCH OF
     DELTA DORMITORY'S WING H2, I OBSERVED INMATE COOPER PRESENT
     ON BUNK BINK(D2-121) WITH 1.5 GRAMS OF K-2 INSIDE OF BLUE
     STATE UNIFORM SHIRT WRAPPED AND READY FOR DISTRIBUTION. THE
     SUBSTANCE WAS IDENTIFIED AS SYNTHETIC MARIJUANA BASED ON THE
     AROMATIC AROMA, TEXTURE, AND THE SYNTHETIC
     MARIJUANA WAS WEIGHED AND THE TOTAL PACKAGED WEIGHT WAS LESS
     THAN (1) GRAM. PICTURES WERE TAKEN AS EVIDENCE AND THE
     SYNTHETIC MARIJUANA WAS PLACED INTO THE INSPECTOR SAFE. THE
     SHIFT SUPERVISOR WAS NOTIFIED AND AUTHORIZED THIS REPORT TO
     BE WRITTEN. INMATE COOPER WAS PLACED INTO ADMINISTRATIVE
     CONFINEMENT PENDING DISCIPLINARY TEAM ACTION.

     REPORT WRITTEN: 04/13/18, AT 15:00          BY: MC039 - MCCOY, CHARLES D.

II.  INMATE NOTIFICATION OF CHARGES; DATE DELIVERED: 04/13/18, AT 3A 15

     NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
     EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
     NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
     33-601, FLORIDA ADMINISTRATIVE CODE.

     DELIVERED BY : _____

     NOTICE TO INMATE:
     AN IMPARTIAL INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
     DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
     OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE. DURING
     THE INVESTIGATION YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
     OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENT.
     SEE RULE 33-601.307(3) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
     HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THE CHARGE AND
     TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

     AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
     CONDUCT, YOU ARE ADVISED THE FOLLOWING:

Ex-I- Pg 13

FLORIDA DEPARTMENT OF CORRECTIONS
CHARGING DISCIPLINARY REPORT

PAGE: 1

DC6 # 157324  INMATE NAME: COOPER, GREGORY S          DATE: 04/13/2018
FACILITY CODE: 103                LOG # 103-180387
VIOLATION CODE: 0043             DR INMATE MAIN AREA

INSPECTION
INMATE NAME: COOPER, GREGORY S         DATE: 04/11/18
WITNESS: JEFFERSON C.I.                TIME: 18:20

1.   STATEMENT OF FACTS:

ON 04/11/2018, INMATE GREGORY COOPER, DC# 157324, IS BEING CHARGED IN
VIOLATION OF F.A.C. CHAPTER 33-601.314 RULES OF PROHIBITED
CONDUCT # 9 AS BEING IN AN UNAUTHORIZED AREA, INCLUDES ANY DESIGNATED
JOB OR ANY OTHER ASSIGNED OR DESIGNATED AREA. ON APRIL 11,
2018 AT APPROXIMATELY 1830, WHILE ASSISTING WITH A MASS
SEARCH OF DELTA DORMITORY'S WING #2, INMATE COOPER
ASSIGNED TO DELTA DORMITORY'S WING #1, WAS PRESENT IN
DELTA DORMITORY WITHOUT PERMISSION. INMATE COOPER WAS
NOTIFIED AND AUTHORIZED THIS REPORT. THE SHIFT SUPERVISOR WAS
NOTIFIED AND INMATE COOPER WAS PLACED INTO ADMINISTRATIVE
CONFINEMENT PENDING
THE OUTCOME OF THIS REPORT.

REPORT WRITTEN: 04/11/18, AT 14:30    BY ___ MCCOY, CHARLES D.

11.  INMATE NOTIFICATION OF CHARGES; DATE DELIVERED: 04/20/18 AT Q3 :5b

NO HEARING SHALL COMMENCE PRIOR TO 24 HOURS OF DELIVERY OF CHARGES
EXCEPT WHEN THE INMATE'S RELEASE DATE DOES NOT ALLOW TIME FOR SUCH
NOTICE OR THE INMATE WAIVES THE 24 HOUR PERIOD AS AUTHORIZED IN RULE
33-601.314, FLORIDA ADMINISTRATIVE CODE.

DELIVERED BY: _____ NGLVVS

NOTICE TO INMATE:
AS AN INMATE BEING CHARGED WITH A VIOLATION OF THE RULES OF PROHIBITED
CONDUCT, YOU ARE ADVISED THE FOLLOWING:

INVESTIGATION:
AN INVESTIGATION WILL BE CONDUCTED ON THIS DISCIPLINARY REPORT.
DURING THE INVESTIGATION OF THE DISCIPLINARY REPORT, YOU WILL BE ADVISED
OF THE CHARGES AGAINST YOU AND YOU MAY REQUEST STAFF ASSISTANCE DURING
THE INVESTIGATION. YOU SHOULD MAKE KNOWN ANY WITNESSES TO THE INVESTIGATING
OFFICER. THE TESTIMONY OF WITNESSES SHALL BE PRESENTED BY WRITTEN STATEMENTS.
SEE RULE 33-601.307(11) FOR COMPLETE INFORMATION REGARDING WITNESSES. YOU WILL
HAVE THE OPPORTUNITY TO MAKE A STATEMENT IN WRITING REGARDING THIS CHARGE AND
TO PROVIDE INFORMATION RELATING TO THE INVESTIGATION.

DELIVERY OF CHARGES:
A COPY OF THE CHARGES WILL BE PROVIDED TO YOU AT LEAST 24 HOURS PRIOR
TO THE CONVENING OF THE DISCIPLINARY HEARING UNLESS YOU WAIVE THIS PRIOR
NOTICE. THE HEARING MAY BEGIN ANY TIME AFTER THE 24 HOUR PERIOD UNLESS
YOU SIGN THE WAIVER.

Cooper, DC# 157324

√ 3301
6/26/27

30GT
70GT
3/17 DR
more

EX I Pg 14

# Florida Department of Corrections



# Office of the Inspector General

## CRIMINAL INVESTIGATION
## Case # 18-07131

Gregory Cooper, DC# T57324 RFP4-014   EX-J Pg 1




FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
## CASE SUMMARY REPORT

**Table of Contents**

I.    AUTHORITY ................................................................................................................ 4

II.   METHODOLOGY ........................................................................................................ 4

III.  ANALYSIS .................................................................................................................. 4

IV.  DEFINITIONS ............................................................................................................ 5

V.   PREDICATE ............................................................................................................... 6

VI.  SUMMARY OF INVESTIGATIVE FINDINGS ............................................................ 6

VII. CHARGES ................................................................................................................. 7

VIII. CONCLUSION ........................................................................................................... 8




FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
## CASE SUMMARY REPORT

**Case Number:** 18-07131

**Inspector:** Inspector Ryan Muse

**Date Assigned or Initiated:** 4-19-2018

**Complaint Against:** Inmate Gregory Cooper, DC# T57324

**Location of Incident – Institution/Facility/Office:** Jefferson Correctional Institution

**Complainant:** Sergeant Charles McCoy

**Use of Force Number:** N/A

**PREA Number:** N/A

**Classification of Incident:** Battery on a law enforcement officer

**Confidential Medical Information Included:** X   Yes          No

**Whistle-Blower Investigation:**     Yes     X   No

**Equal Employment Opportunity Investigation:**     Yes     X   No

**Chief Inspector General Case Number:** N/A

Case Number: 18-07131/2                                          Page 3 of 8

Ex-J-Pg3




FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**

I.    **AUTHORITY**

The Florida Department of Corrections, Office of the Inspector General, by designation of the Secretary and § 944.31, Florida Statutes, is authorized to conduct any criminal investigation that occurs on property owned or leased by the department or involves matters over which the department has jurisdiction.

The testimony references included in this report are summations of oral or written statements provided to inspectors. Statements contained herein do not necessarily represent complete or certified transcribed testimony, except as noted. Unless specifically indicated otherwise, all interviews with witnesses, complainants, and subjects were audio or video recorded.

II.    **METHODOLOGY**

The investigation reviewed the derivations of the allegation advanced by the complainant. The scope of this investigation does not seek to specifically address tort(s), but violations of criminal statutes. The criterion used to evaluate each contention or allegation was limited to the following standard of analysis:

1.    Did the subject's action or behavior violate Florida criminal statutes?

III.    **ANALYSIS**

The standard and analysis in this investigation is predicated with the burden of proving any violation of law, established by probable cause. The evidence considered for analysis is confined to the facts and allegations stated or reasonably implied. The actions or behavior of the subject are presumed to be lawful and in compliance with the applicable Florida law, unless probable cause indicates the contrary.

Case Number: 18-07131/2                                                         Page 4 of 8

Gregory Cooper, DC# T57324 RFP4-017

Ex-J-Pg4



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**



IV. **DEFINITIONS**

**Unfounded:**
Refers to a disposition of a criminal case for which a preponderance of the evidence exists to suggest the suspect's alleged behavior or action did not occur.

**Closed by Arrest:**
Refers to a disposition of a criminal case for which probable cause exists that an identified subject committed the offense and one for which an arrest or formal prosecution has been initiated.

**Exceptionally Cleared:**
Refers to a disposition of a criminal case for which probable cause exists that an identified suspect committed the offense, but one for which an arrest or formal charge is not initiated, or in the case of a death investigation, one for which no evidence exists that the death was the result of a crime or neglect.

**Open-Inactive:**
Refers to a disposition of a criminal case for which a criminal investigation commenced, but where evidence is insufficient to close as unfounded, closed by arrest, or exceptionally cleared.

Case Number: 18-07131/2

Gregory Cooper, DC# T57324 RFP4-018

Page 5 of 8

Ex-J-Pg5



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**



## V.        PREDICATE

On April 13, 2018, at Jefferson Correctional Institution (*JCI*), Inmate Gregory Cooper, DC# T57324 struck Sergeant Charles McCoy in the face with a closed fist while in the bathroom area of D-Dormitory.  Inmate Cooper was led into the bathroom area to be searched for being in an unassigned dormitory and possibly in possession of contraband.  While being searched for contraband, narcotics fell from Inmate Cooper's waistband.  Inmate Cooper reached down, picked the item up, and handed it to Sergeant McCoy.  Inmate Cooper then struck Sergeant McCoy with his non-extended hand.

On April 14, 2018, this incident was reported to the Office of Inspector General (*OIG*) via the Management Information Notification System (*MINS*) and assigned to Inspector Ryan Muse on April 19, 2018, as a Complaint Review, and then upgraded to a Criminal Investigation on May 15, 2018.

## VI.      SUMMARY OF INVESTIGATIVE FINDINGS

Based on the exhibits, witnesses' testimony, subject officer's statements, and the record as a whole, presented or available to the primary inspector, the following findings of facts were determined:

In his sworn, digitally recorded interview conducted at by Inspector Muse at JCI on April 24, 2018, Sergeant McCoy testified to the following:

Sergeant McCoy was assisting K-9 Interdiction personnel conduct a search of D-Dormitory when Inmate Cooper approached him at the exit door stating, "He was not assigned to D-Dormitory." Sergeant McCoy escorted Inmate Cooper back to the bedding area where he saw him come from, and searched the clothing located there; finding what appeared to be synthetic marijuana (*K2*). Sergeant McCoy then escorted Inmate Cooper to the dormitories bathroom area to conduct a strip search for possible additional contraband concealed on his person.

Inmate Cooper entered the bathroom area going to shower stall 11 and quickly began undressing. Sergeant McCoy slowed Inmate Cooper down and saw that he was concealing a flip style cellular phone under his genitals.  Inmate Cooper grabbed the phone, extended his hand out with the cell phone inside it, as if to give the phone to Sergeant McCoy, then struck him with his other hand in a closed fist position.  Inmate Cooper's blow cut Sergeant McCoy's left eyebrow open causing a two-inch laceration coupled with a bruised eye.  Inmate Cooper ran and flushed the cell phone down the toilet.

Note: Sergeant McCoy was treated at Patient's First Northampton for a laceration to his eyebrow and received seven sutures.  On April 25, 2018, Sergeant McCoy signed an Employee Medical Records Release form.   On May 1, 2018, Inspector Supervisor David Clark conducted an Independent Administrator Photo Array with Sergeant McCoy where six digital images of inmates wearing blue shirts were used.  All the images were picked at random with matching height, weight, and tattoos to their faces, or necks from the Department of Corrections Offender Website.

Sergeant McCoy positively identified Inmate Cooper from his picture as the person who struck him. Inspector Muse was not present during the photo array.  Digital images were taken of Sergeant McCoy's injuries.

Case Number: 18-07131/2                                                          Page 6 of 8

Gregory Cooper, DC# T57324 RFP4-019

Ex-J-Pg6



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**



In his sworn, digitally recorded interview conducted on May 24, 2018, by Senior Inspector Stacy Fish at Union Correctional Institution (*UCI*), Inmate Cooper testified to the following:

Inmate Cooper denied striking Sergeant McCoy and that he acquired the laceration to his eye from slipping, falling, and hitting the shower stall inside the bathroom area. Inmate Cooper was lied upon and beaten by security staff.

On May 29, 2018, Inspector Muse submitted a Probable Cause Affidavit for review to Inspector Supervisor Clark and OIG General Counsel David De La Paz. On May 31, 2018, Inspector Muse met with Assistant State Attorney (*ASA*) Andrew Deneen where it was determined, the State Attorney's Office (*SAO*) would prosecute. ASA Deneen signed a Warrant Review Form. On June 1, 2018, Inspector Muse met with Honorable Judge Dawn Johnson who signed the arrest warrant for Inmate Cooper. Inspector Muse then met with Jefferson County Sheriff's Office Communications Section staff who entered the warrant into FCIC/NCIC.

This concludes all investigative activity. Inspector Muse recommends this investigation be closed by arrest.

**VII.    CHARGES**
**List alleged violations of Florida Law:**

1. Violation of § F.S. 784.07(1)(d): Battery on a Correctional Officer

   Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer, a firefighter, an emergency medical care provider, a railroad special officer, a traffic accident investigation officer as described in s. 316.640, a nonsworn law enforcement agency employee who is certified as an agency inspector, a blood alcohol analyst, or a breath test operator while such employee is in uniform and engaged in processing, testing, evaluating, analyzing, or transporting a person who is detained or under arrest for DUI, a law enforcement explorer, a traffic infraction enforcement officer as described in s. 316.640, a parking enforcement specialist as defined in s. 316.640, a person licensed as a security officer as defined in s. 493.6101 and wearing a uniform that bears at least one patch or emblem that is visible at all times that clearly identifies the employing agency and that clearly identifies the person as a licensed security officer, or a security officer employed by the board of trustees of a community college, while the officer, firefighter, emergency medical care provider, railroad special officer, traffic accident investigation officer, traffic infraction enforcement officer, inspector, analyst, operator, law enforcement explorer, parking enforcement specialist, public transit employee or agent, or security officer is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows: In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.

Case Number: 18-07131/2

Gregory Cooper, DC# T57324 RFP4-020

Page 7 of 8

Ex- J- Pg 7



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**CASE SUMMARY REPORT**



VIII.　　　**CONCLUSION**

Based on the information gathered during this investigation, it is the recommendation of Inspector Ryan Muse the allegation against Inmate Gregory Cooper for Battery on a law enforcement officer, in violation of § F.S. 784.07(1)(d), be termed as follows:

1.  Closed by Arrest

FLORIDA DEPARTMENT OF CORRECTIONS

## SUBJECT FINDINGS  18-07131/3

Report Date:  06/04/2018

---

### Primary Information

| | |
|---|---|
| Description: | **SUBJECT FINDINGS** |
| Reporting LEO: | **MUSE, RYAN C** ▇ **/ FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Report Status: | **Approved** |
| Report Status Date: | **06/11/2018** |
| Approved By: | **WEBB, JOHNNY** ▇ **/ FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |

---

### Data Challenge

### DEFENDANT #1 - COOPER, GREGORY B

#### Primary Information

| | |
|---|---|
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

#### Charges

| Charge | Statute | UCR Class | Counts | Upheld |
|---|---|---|---|---|
| BATTERY ON A LEO/OTHER | 784.07 | IGARST | 1 | YES |

#### Personal Information

| | |
|---|---|
| Height: | **508** |
| Weight: | **225** |
| Eye Color: | **HAZEL** |
| Hair Color: | **BROWN** |
| Complexion: | **LIGHT/FAIR** |

#### Scars, Marks, and Tattoos

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | — | — |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | — |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | — |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | — |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | — |
| GC FIRE | TATTOO | HAND | LEFT | — |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | — |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

01/08/2021 08:17:22          Gregory Cooper, DC# T57324 RFP4-022          Page 1 of 2

Ex-J-Pg 10

FLORIDA DEPARTMENT OF CORRECTIONS

**SUBJECT FINDINGS  18-07131/3**

Report Date:  06/04/2018

---

**DEFENDANT #1 - COOPER, GREGORY B - Continued**

*Scars, Marks, and Tattoos - Continued*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J- Pg 11

## FLORIDA DEPARTMENT OF CORRECTIONS
### PROSECUTION OUTCOME REPORT  18-07131/4

Report Date:  11/08/2019

**Primary Information**

| | |
|---|---|
| Description: | **JEFFERSON 18-86-CF/ INFO FILED/ WARRANT OUTSTANDING** |
| Reporting LEO: | **MUSE, RYAN C (████ / FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Report Status: | **Awaiting Review** |
| Court: | **DISTRICT COURT** |
| Venue: | **JEFFERSON COUNTY** |
| Judge: | **CALOCA-JOHNSON, DAWN** |

**Agency Reference Numbers**

| Agency | Case/File Number |
|---|---|
| **JEFFERSON COUNTY CLERK OF COURT** | **332018CF000086CFAXMX** |

**Data Challenge**

**DEFENDANT #1 - COOPER, GREGORY B**

*Primary Information*

| | |
|---|---|
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **31 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Personal Information*

| | |
|---|---|
| Height: | **508** |
| Weight: | **225** |
| Eye Color: | **HAZEL** |
| Hair Color: | **BROWN** |
| Complexion: | **LIGHT/FAIR** |

*Scars, Marks, and Tattoos*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

01/08/2021 08:17:22          Gregory Cooper, DC# T57324 RFP4-024          Page 1 of 2

EX-J-Pg 12

*FLORIDA DEPARTMENT OF CORRECTIONS*

**PROSECUTION OUTCOME REPORT  18-07131/4**

Report Date:  11/08/2019

| DEFENDANT #1 - COOPER, GREGORY B - Continued | | | | |
|---|---|---|---|---|
| *Scars, Marks, and Tattoos - Continued* | | | | |
| Description | Type | Body Part | Side | Location |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J- Pg 13

## FLORIDA DEPARTMENT OF CORRECTIONS

### Case Master Report  18-07168

Date Initiated  04/19/2018

| Warning |
|---|
| **Contains entities exempt from disclosure** |

| Primary Information | |
|---|---|
| OFFICE: | **OFFICE OF THE INSPECTOR GENERAL** |
| BUREAU: | **INVESTIGATIONS** |
| DIVISION: | **CENTRAL - HQ OPS** |
| DISTRICT: | **OPERATIONS - UOF** |
| FIELD OFFICE: | **USE OF FORCE** |
| Lead LEO: | **RAVN, LACY (▓▓▓▓) / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Type Of Case: | **USE OF FORCE** |
| Case Sub Type: | **27F - PHYSICAL RESISTANCE TO A LAWFUL COMMAND** |
| Case Description: | **UOF / MINS 849363 / 103 JEFFERSON CI / 27F PHYSICAL RESIST. TO LAWFUL** |
| Case Priority: | **USE OF FORCE - 15 DAYS** |

| Related Cases | | |
|---|---|---|
| <u>Case Number</u> | <u>Status</u> | <u>Date Initiated</u> |
| **18-06899** | **CLOSED** | **04/16/2018** |

| Case Status | |
|---|---|
| Case Status: | **CLOSED** |
| Case Status Date: | **05/17/2018** |
| Case Referral Code: | **UOF - ORGANIZED** |
| Disposition Code: | **UOF - APPROVED** |
| Disposition Date: | **05/17/2018** |
| Dissemination: | **SYSTEM WIDE** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-Pg14



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

| Warning |
| --- |
| Contains entities exempt from disclosure |

## Primary Information

| | |
| --- | --- |
| Incident Type: | **27F - PHYSICAL RESISTANCE TO A LAWFUL COMMAND** |
| Occurrence From: | **04/13/2018 10:49** |
| Occurrence To: | **04/13/2018 10:49** |
| Reporting LEO: | **SEABROOKS, ROSA L. (FIELD OFFICE 03 / OFFICE OF THE INSPECTOR GENERAL - FDC)** |
| Approval Status: | **Approved** |
| Approved Date: | **05/21/2018** |
| Approved By: | **MCLENDON, AUSTIN ( █████ / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |

## Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD

### Primary Information

| | |
| --- | --- |
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I.,  MONTICELLO,  FLORIDA 32344 , UNITED STATES** |
| FACILITY: | **DC FACILITY** |

## Subject #1 - WITNESS #1 - BROXSIE, SHANNON A

### Primary Information

| | |
| --- | --- |
| Exempt From Disclosure: | **YES** |
| Subject Name: | **BROXSIE, SHANNON A** |
| Record Type: | **DC SWORN** |
| Bio: | **30 yr. old, BLACK, FEMALE** |
| Birth Date: | ███████ |
| Email: | ███████████████ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

### Relationship Information

| | |
| --- | --- |
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██████ |
| Use Of Force: | **NO** |

### Addresses

| Relationship | Address |
| --- | --- |
| HOME ADDRESS | ████████████████████ |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*



### OFFICE OF THE INSPECTOR GENERAL - FDC
### USE OF FORCE  18-07168
Report Date:  04/16/2018

---

**Subject #2 - WITNESS #2 - MARTIN, MELANIE ROXANNE**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **MARTIN, MELANIE ROXANNE** |
| Record Type: | **DC SWORN** |
| Bio: | **33 yr. old, WHITE, FEMALE** |
| Birth Date: | ████ |
| Email: | ████████ |
| Rank/Position: | **CORRECTIONAL OFFICER CAPTAIN** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ████████████ |

---

**Subject #3 - WITNESS #3 - THIGPEN, WILLIAM T IV**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **THIGPEN, WILLIAM T IV** |
| Record Type: | **DC SWORN** |
| Bio: | **32 yr. old, WHITE, MALE** |
| Birth Date: | ████ |
| Email: | ████████ |
| Rank/Position: | **CORRECTIONAL OFFICER LIEUTENANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██ |
| Use Of Force: | **NO** |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

---

| Subject #3 - WITNESS #3 - THIGPEN, WILLIAM T IV - Continued |
|---|

**Addresses**

| Relationship | Address |
|---|---|
| HOME ADDRESS | ████████████████████████ |

---

| Subject #4 - SUBJECT #1 - COOPER, GREGORY B |
|---|

**Primary Information**

| | |
|---|---|
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

**Relationship Information**

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | **MINOR** |
| Use Of Force: | **NO** |

**Personal Information**

| | |
|---|---|
| Height: | **508** |
| Weight: | **225** |
| Eye Color: | **HAZEL** |
| Hair Color: | **BROWN** |
| Complexion: | **LIGHT/FAIR** |

**Scars, Marks, and Tattoos**

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX J- Pg 18



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

| **Subject #4 - SUBJECT #1 - COOPER, GREGORY B - Continued** | | | | |
|---|---|---|---|---|
| *Scars, Marks, and Tattoos - Continued* | | | | |
| Description | Type | Body Part | Side | Location |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

| **Subject #5 - PARTICIPANT #1 - ROE, ANTHONY L** | |
|---|---|
| *Primary Information* | |
| Exempt From Disclosure: | YES |
| Subject Name: | ROE, ANTHONY L |
| Record Type: | DC SWORN |
| Bio: | 43 yr. old, BLACK, MALE |
| Birth Date: | ███████ |
| Email: | ███████████████ |
| Rank/Position: | CORRECTIONAL OFFICER SERGEANT |
| Juvenile: | NO |
| Residence Status: | ACTIVE |
| *Relationship Information* | |
| Homicide Victim: | NO |
| Hate Crime Victim: | NO |
| Domestic Violence: | NO |
| Extent Of Injury: | ████ |
| Use Of Force: | NO |

| **Subject #6 - PARTICIPANT #2 - SHELTON, JOSHUA WILLIAM BROOKS** | |
|---|---|
| *Primary Information* | |
| Exempt From Disclosure: | YES |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

08/19/2020 16:23:59

Ex-J-Pg 9



OFFICE OF THE INSPECTOR GENERAL - FDC
## USE OF FORCE  18-07168
Report Date:  04/16/2018

---

**Subject #6 - PARTICIPANT #2 - SHELTON, JOSHUA WILLIAM BROOKS - Continued**

*Primary Information - Continued*

| | |
|---|---|
| Subject Name: | **SHELTON, JOSHUA WILLIAM BROOKS** |
| Record Type: | **DC SWORN** |
| Bio: | **28 yr. old, BLACK, MALE** |
| Birth Date: | █████████ |
| Email: | ████████████████████████ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██████ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ████████████████████████████ |

---

**Subject #7 - PARTICIPANT #3 - STEPHENS, KENNETH E**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **STEPHENS, KENNETH E** |
| Record Type: | **DC SWORN** |
| Bio: | **38 yr. old, WHITE, MALE** |
| Birth Date: | █████████ |
| Email: | ████████████████████████ |
| Rank/Position: | **CORRECTIONAL OFFICER MAJOR - SES** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██████ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J Pg 20



*OFFICE OF THE INSPECTOR GENERAL - FDC*

### USE OF FORCE  18-07168

Report Date:  04/16/2018

---

**Subject #7 - PARTICIPANT #3 - STEPHENS, KENNETH E - Continued**

*Addresses - Continued*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ██████████████████████ |

---

**Subject #8 - PARTICIPANT #4 - WILLIAMS, DAVID JR**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **WILLIAMS, DAVID JR** |
| Record Type: | **DC SWORN** |
| Bio: | **39 yr. old, BLACK, MALE** |
| Birth Date: | ████████ |
| Email: | ████████████████ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ████ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ██████████████████████████ |

---

**Analysis Information**

| | |
|---|---|
| Sick Or Injured: | ██ |
| Suspicious P/V: | **NO** |
| Marchman Act: | ██ |
| Disturbance: | **NO** |
| Alarm: | **NO** |
| Baker Act: | ██ |
| LPR: | **NO** |

---

**Documents**

| Document |
|---|
| **MINS 849363** |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-P321



OFFICE OF THE INSPECTOR GENERAL - FDC
## USE OF FORCE  18-07168
Report Date:  04/16/2018

| Event #1 - Austin Mclendon | |
|---|---|
| *Event Information* | |
| Date: | **05/15/2018 10:00** |
| Description: | **Austin Mclendon** |
| Type: | **RECEIVED IN UOF UNIT** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-Pg22



**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF THE INSPECTOR GENERAL**
**OATH / PERJURY WARNING**



18 - 07131
_____
OIG Case Number

_____
Date of Interview

Charles D. McCoy
_____
Printed Name of Interviewee

1. I am ____RYAN MUSE_____ with the Department of Corrections Office of the Inspector General.

2. I am conducting an official investigation concerning an allegation of:
   Batty on Leo

3. Any false statements about material matters given by a witness or subject under oath, will constitute the crime of perjury.

4. Raise your right hand:
   a. Do you solemnly swear or affirm that the evidence you are about to give me is the truth, the whole truth and nothing but the truth?
      _____yes_____ (Answer)

   b. Do you understand that if you knowingly make material misstatements of facts to me during this investigation, you will have committed the crime of perjury?
      _____yes_____ (Answer)

Charles D McCoy
_____
SIGNATURE OF INTERVIEWEE

RYAN MUSE
_____
SIGNATURE OF INSPECTOR

_____
SIGNATURE OF WITNESS (IF PRESENT)

DC1-850 (Revised 12/8/15)                    Page 1 of 1

EX-J Pg 23

212

 **FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF THE INSPECTOR GENERAL**
**INDEPENDENT ADMINISTRATOR PHOTO ARRAY** 

**Name of Witness or Victim:**_____

**Date:** 5|1|18

**I.G. Case #** 18-07131

**Time:** 1:55 PM

**Section I**
1. *READ TO WITNESS OR VICTIM BEFORE THE PHOTO ARRAY*
2. *HAVE THE WITNESS OR VICTIM THEN READ THE FORM*
3. *HAVE THE WITNESS OR VICTIM THEN INITIAL BELOW:*

You will be asked to view a group of photos of individuals. It is just as important to clear innocent persons from suspicion as to identify guilty parties. I don't know whether the person being investigated is included in this series. Individuals presented in the group may not appear exactly as they did on the date of the incident because features such as head and facial hair are subject to change. You should not feel you have to make an identification. If you do identify someone, I will have you designate the photograph of the person you have identified. Regardless of whether you make an identification, we will continue to investigate the incident. The photos will be shown to you simultaneously and are not in any particular order. Take as much time as you need to examine the photos. Since this is an ongoing investigation, you should not discuss the identification procedures or results.

**Please initial here if you understand the above instructions:** _____.

**Section II**
*COMPLETE AFTER THE PHOTO ARRAY HAS BEEN SHOWN TO THE WITNESS OR VICTIM.*

The photo array I was shown consisted of ____6____ photos.
**Choose:**

( ) I am unable to select any photo as being the person who _____.
(✓) I have selected the photo # 2 as the person who BATTERED ME _____.

In your own words please state your level of confidence in the identification:
_____
_____

_____          5/1/2018
**Signature of Witness or Victim**          **Date**

_____          5/1/2018
**Signature of Inspector administering the Photo Array**          **Date**

OIG Form 2-014 (Rev. 4/27/17)

Ex-J-Pg24




### FLORIDA DEPARTMENT OF CORRECTIONS
### OFFICE OF THE INSPECTOR GENERAL
### *MIRANDA* RIGHTS WAIVER

Location: __UCI  U-Dorm__

Date: __5/25/18__          Time: __8:46 Am__

Case Number: _____

## YOUR RIGHTS (Read to Suspect out loud):

- Before we ask you any questions, you must understand your rights.

- You have the right to remain silent.

- Anything you say can be used against you in court.

- You have the right to talk to a lawyer for advice before we ask you any questions.

- You have the right to have a lawyer with you during questioning.

- If you cannot afford a lawyer, one will be appointed for you before any questioning, if you wish.

- If you decide to answer questions now, without a lawyer present, you have the right to stop answering at any time.

- Have you requested counsel pursuant to an interrogation attempt within the last fourteen (14) days?

## CONSENT:

I have read this statement of my rights, or have had this statement of my rights read to me, and I understand what my rights are.  At this time, I am willing to answer questions without a lawyer present.

Signature: _____

## WITNESS:

Inspector: __SR.Tyl__

Witness: _____

DC1-848(Revised 2/19/14)                    Page 1 of 1

Ex-J-Pg25

Ex-J-Pg20

**Bush, Joshua**

| | |
|---|---|
| **From:** | IG1Region1P11@mail.dc.state.fl.us |
| **Sent:** | Monday, June 4, 2018 10:09 PM |
| **To:** | Muse, Ryan |
| **Subject:** | Scan from IGRegion1P11 |
| **Attachments:** | image2018-06-04-220830.pdf |

Scan from IGRegion1P11

1

EX-J- Pg27

Filing # 75700609 E-Filed 07/30/2018 03:24:55 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR JEFFERSON COUNTY, FLORIDA.

STATE OF FLORIDA

**CASE NO.  18-00086CFA**
SPN

vs.

**\*\*INFORMATION\*\***

**GREGORY COOPER**
**W/M, DOB: 03/10/1988**
**SSN**
          Defendant(s).
                                                    /

INFORMATION FOR:

**COUNT 1)   BATTERY ON LAW ENFORCEMENT OFFICER**
                **(F3LEVEL 4) (ref. #2573)**

IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

        JACK CAMPBELL, State Attorney for the Second Judicial Circuit of the State of
Florida, charges that in JEFFERSON County, Florida, the above-named defendant(s):

COUNT 1:   On April 13, 2018, did unlawfully and knowingly commit a battery upon a law
enforcement **Sgt Charles McCoy**, while engaged in the lawful performance of duty and did
actually and intentionally touch or strike or cause bodily harm against the officer's will **by
hitting with closed fist**, contrary to Section 784.07(2)(b), Florida Statutes.

STATE OF FLORIDA
COUNTY OF JEFFERSON

JACK CAMPBELL, STATE ATTORNEY
SECOND JUDICIAL CIRCUIT

**Andrew D. Deneen**
Designated Assistant State Attorney

The foregoing instrument was acknowledged before me on July 30, 2018, by Andrew D. Deneen,
Designated Assistant State Attorney by Jack Campbell, State Attorney for the Second Judicial
Circuit of the State of Florida, who is known to me and did take an oath stating good faith in
instituting the prosecution and certifying that testimony was received under oath from the
material witness or witnesses for the offense pursuant to F.R.Cr.P. 3.140(g).

*EX-J-pg28*

NOTARY PUBLIC
Electronically Filed Jefferson Case #  18000086CFAXMX 07/30/2018 03:24:55 PM PATRICIA SARKISIAN
Commission # FF 188825
Expires February 4, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

OIG Case # 18-07131       ½



# FLORIDA DEPARTMENT OF CORRECTIONS
## OFFICE OF THE INSPECTOR GENERAL
### INDEPENDENT ADMINISTRATOR PHOTO ARRAY






1          2          3





4          5          6

Charles McCray
_____
**Signature of Witness or Victim**

5-1-18
_____
**Date**

OIG Form 2-014 (Rev. 4/27/17)

Ex-J-Pg29

```
05/21/2018               FLORIDA DEPARTMENT OF CORRECTIONS          PAGE:  1
                              MINS INCIDENT REPORT                   TIME 09:46
```

```
PREPARED BY: R213CTM MCLAUGHLIN, CAITLIN TR    INCIDENT NUMBER: 0000849034
INCIDENT TYPE: 10A PHYSICAL ABUSE              STATUS OF INCIDENT: INSP. GEN
REPORT DATE:  04/16/2018                       REPORT TIME:   10:01
INCIDENT DATE: 04/13/2018                      INCIDENT TIME: 16:40
REPORTING FACILITY: 213 UNION C.I.             INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.         INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 03 COMPOUND                 DAY CODE: 5      SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018        W-B REVIEW BY: TMD
IG NUMBER: 18-06899                            UOF NUMBER:
IG ASSIGNED:                                   DATE ASSIGNED: 04/17/2018
INJURIES: Y       STG/STI INVOLVEMENT: N       PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: Y   WEAPONS USED: N              INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N              CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A
```

```
           NAME              TITLE          BIRTHDATE  R S   ID NUMBER
-------------------   ----------------------  ----------  - -  ----------------
COMPLAINANT (S)
  COOPER, GREGORY B.   ACTIVE INMATE          03/10/1988 1 1 T57324
REPORTING EMPLOYEE (S)
  SAPP, MYLES D.      CORRECTIONAL OFFICER LI ███████████████
```

```
CONTRABAND RECOVERED        TYPE     POSSESS    QUANTITY     UNIT MSR
------------------------   ------   -------   ----------   --------
```

MEDICAL DEPT. DESCRIPTION OF INJURIES:
    BRUISED LEFT EAR, 4CM LACERATION TO CHEEK BONE, 1CM
    LACERATION TO FOREHEAD, BRUISING TO BILATERAL BACK AREA,
    BRUISE ON LEFT ELBOW, 1CM LACERATION ON RIGHT FOOT, 1CM
    LACERATION ON LEFT FOOT, LEFT TOE BRUISING, 3CM LACERATION
    TO RIGHT CHEEKBONE.

DESCRIPTION OF INCIDENT:
    ON THE ABOVE DATE AND TIME INMATE COOPER, GREGORY #T57324
    WAS BEING GAINED TO UCI FROM JEFFERSON CI, FOLLOWING A STAFF
    ASSAULT/USE OF FORCE INCIDENT THAT OCCURRED AT JEFFERSON
    CI. UPON ARRIVAL, INMATE COOPER WAS PLACED ON HANDHELD VIDEO
    AND ESCORTED TO MEDICAL. DURING THE MEDICAL ASSESSMENT,
    INMATE COOPER ALLEGED THAT JEFFERSON CI OFFICERS HAD
    ASSAULTED HIM WHILE HE WAS RESTRAINED. INMATE COOPER DID NOT
    PROVIDE ANY NAMES OF STAFF MEMBERS. ALL NOTIFIED.

Ex-J-Pg 30

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**(INSTITUTION)**

**REPORT OF FORCE USED**

Use of Force #: __18-07168__

Institution/Office: __Jefferson Correctional Institution__        Time: __10:49a__  Date: __04/13/2018__

Inmate Name: __Cooper, Gregory__        Inmate DC Number: __T57324__

Type of Force Used:   Chemical:  ☐   Physical: ☒
Type of Reaction:   Reactionary: ☒  Organized: ☐
Type of Video:   Fixed Wing: ☒   Handheld: ☒   Date and Time on Camera: __04/13/2018__        __11:02am__

## I.   REPORT OF PERSON(S) USING FORCE -

### IA.   Narrative of Pre- Event

Inmate Cooper, Gregory DC# T57324 was being strip searched. Inmate Cooper removed a cellular device from his anal cavity. When Sergeant Charles McCoy attempted to secure the cellular device from Inmate Cooper, Inmate Cooper then struck Sergeant McCoy with a closed fist to the left side of his face.

Inmate Initially counseled by: __N/A__        Time: __N/A__        Results: __N/A__

Risk Assessment Review by: __N/A__        Time: __N/A__

Organized Intervention requested   __N/A__        From: __N/A__        Time: __N/A__

Type of approved intervention:   OC: ☐  CS: ☐  FCE: ☐  MR: ☐  Other: _____
Camera Operator (Rank and Full Name):   __Officer Shannon Broxsie__   _S Broxsie OpC_

Lead in statement by OIC (Rank and Full Name):   __Captain Barbara Brown__

Final Order given by (Rank and Full Name):   __N/A__        Time: __N/A__

Order advised "If disruptive behavior continues chemical agents will be administered."

Chemical agents obtained by:  __N/A__        Time: __N/A__        Weight Out in Grams: __N/A__

From: __N/A__

Inmate behavior:  Comply: ☐  Disruptive: ☒  Time: __10:49am__        Time disruptive again: __N/A__

### IB.   Narrative of Event:

Officer David Williams and Officer Joshua Shelton entered the bathroom area observed Inmate Cooper, Gregory DC# T57324 attempting to elude Sergeant Charles McCoy. Officer Williams and Officer Shelton gave Inmate Cooper several orders to cease his actions at that time Inmate Cooper turned towards us in an aggressive manner and attempted to charge them. At approximately 10:50 am, Officer David Williams and Officer Shelton then grasped Inmate Cooper and redirecting him to the ground. Once on the floor Inmate Cooper continued his combative behavior and physically resisting them. Once Officer Williams and Officer Shelton gained control of Inmate Cooper restraints were applied and they assisted Inmate Cooper to a standing position and escorted Inmate Cooper out of the dormitory. During the escort Sergeant Anthony Roe and Major Kenneth Stephens then relieved Officer Williams and Officer Shelton from the escort of Inmate Cooper. Inmate Cooper was resistant and began pulling away from Sergeant Roe and Major Stephens. Inmate Cooper was given several verbal orders to cease his actions. Inmate Cooper refused to comply with orders given at which time Sergeant Roe and Major Stephens redirected Inmate Cooper to the ground. Inmate Cooper ceased his actions and all force ceased.

Staff Administering CA(Full Name and Rank): __N/A__        Certification Exp.: __N/A__

Chemical Agent Canister Size: __N/A__        Make: __N/A__

First Application of CA:   Time: __N/A__   Type: __N/A__   Amount in Grams: __N/A__

Second Application of CA: Time: __N/A__   Type: __N/A__   Amount in Grams: __N/A__

Inmate behavior:  Compliant: ☒  Non-compliant: ☐  Time: __10:53am__

Additional intervention requested by: __N/A__

Approved by: __N/A__        Type of Additional Intervention: __N/A__

Forced Cell Extraction:  Time: __N/A__   Additional CA Time: __N/A__   Amount in Grams: __N/A__

**Additional CA Intervention after Third Application (minimum of one hour from last application):**

**(Start a second Use of Force as a continuation if additional CA is administered.)**

### IC.   Post Event

Inmate compliant time: __10:53am__   Showered time: __N/A__   Medical Evaluation Time: __10:58am__

If Inmate refused shower, counseled by: __N/A__        Medical Staff: __C. Cooper, LPN__

Staff offering shower every 30 minutes   Name: __N/A__
up to 2 hours after final exposure:   Time: __N/A__   Time: __N/A__   Time: __N/A__   Time: __N/A__

Time Inmate issued clean clothing: __N/A__   Time placed in secure decontaminated cell: __11:22am__

DC6-230 (Effective 1/18)        Incorporated by Reference in Rule, 33-602.210, F. A. C.

_Ex-J-Pg 31_

Inmate monitored for 45-60 minutes for respiratory distress by:  N/A

CA ending weight in Grams:  N/A      Weighed by:  N/A                                    Time:  N/A

Inmate injuries:  Yes: ☒  No: ☐   Injury Type:  Abrasions and small lacerations

Staff injuries: ██████████████████████████████████████

Outside Medical Treatment ██████████████████████████

## Additional Comments:

Witnesses: William Thigpen, Lieutenant        Witnesses: Shantia Cooley, Officer
Witnesses: Melanie Martin, Captain            Witnesses: Vekiesha Johnson, Officer
Witnesses: Shannon Broxsie, Officer           Witnesses: Charles McCoy, Sergeant

Subject Inmate ☒ accepted (DC6-112C attached) ☒ declined to make a statement.
If other Witnesses choose to make a statement, attach the appropriate DC6-112C.
Total number of DC6-112C attached to report: 0

Under penalties of perjury, I declare that I have read the foregoing Report of Force Used and that the facts stated in it are true.

Full Name and Signature:   Joshua Shelton, Officer                        Date:  04/13/2018
                              Rank and Name of Reporting Officer

Under penalties of perjury, I declare that I have read the foregoing Report of Force Used and to the best of my knowledge and belief, the facts stated in it are true and correct.  I have been given the opportunity to make additional comments if needed. (Check "See Attachment" below if you have additional information or disagree with portion of Section I.)  Attach DC6-231 with your additional comments to this report.  Each UOF Participant must sign below.

Participant: David Williams, Officer                    Agree with Section I: _____   See Attachment: _____
Participant: Anthony Roe, Sergeant                      Agree with Section I: _____   See Attachment: _____
Participant: Kenneth Stephens, Major                    Agree with Section I: _____   See Attachment: _____
Participant:                                            Agree with Section I: _____   See Attachment: _____

Use additional Sheets if necessary for Participants:

## II.   WARDEN'S REVIEW

I have reviewed the above report, attachments and videos (if applicable).
This report appears to be _____ / not to be _____ in compliance with rules governing Use of Force found in Rule 33-602.210, F.A.C.

Signature:                                                               Date: 5/8/18
              Warden

## III.   INSPECTOR GENERAL'S REVIEW

☒ Complies with Rules and Procedures      ☐ Does not comply with Rules and Procedures

(Reason for Non-Compliance):

Signature OIG UOF Unit:                                                  Date: 5/16/18

### Abbreviations Key

CA - Chemical Agents
CN - Chloroacetophene
CS - Orthochlorbenzal Malononitrile or Orthochlorobenzylidene Malononitrile
FCE - Forced Cell Extraction
MR - Medical Restraints
OIC - Officer in Charge
OIG - Office of the Inspector General
OC - Oleoresin Capsicum (Pepper Spray)
UOF - Use of Force

RECEIVED
DEPARTMENT OF CORRECTIONS
MAY 15 2018
OFFICE OF INSPECTOR GENERAL
USE OF FORCE UNIT

Received in UOF Unit

Ex-Jpg32

DC6-230 (Effective 1/18)    Incorporated by Reference in Rule, 33-602.210, F. A. C.

FLORIDA DEPARTMENT OF CORRECTIONS
## EMERGENCY ROOM RECORD

| Check all that apply: | ☒ Inmate | ☐ Employee | ☐ Visitor |
| | ☒ Post-Use-of-Force Exam | ☒ Injury | ☒ Physical Altercation |

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA **must** review this form and sign it on the next working day.

Time of occurrence: 1055                     Time of exam: 1100

Description of occurrence:
PUFF / PCA — Altercation between inmate & staff

Post Use of Chemical Agent Instructions: Shower without soap? ☒ N/A   ☐ Yes   ☐ Refused→☐ educated on importance of showering
☐ Report any difficulty breathing ☐ Remain in upright position ☐ Do not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs: Temperature 98.0  Pulse 19  Respiration 20  O2 Sat 98 % Blood Pressure 148 / 98

Arrived via: ☒ Ambulatory   ☐ Stretcher   ☐ Wheelchair   ☐ Other:

Condition on arrival (check all that apply): ☒ Alert   ☐ Oriented x 4 (person, place, time, situation) ☐ Responding to questions verbally
☐ Other (requires description in examinations summary)
☒ C/O pain? If checked, where? Head / Back

Examination summary:
Discolorations to (R) face, Abrasion to (R) face, small laceration to (R) cheek, small laceration to (L) brow, small laceration to back of head, Abrasions to (L) & (R) back, discoloration to (L) ear, Abrasion noted to (R) chest / arm pit, minor laceration to (L) chest

Physician notified?   ☐ No  ☒ Yes   Name: Varona                    Time: 1150

Treatment provided?   ☐ No  ☒ Yes   If yes, describe: Ibuprofen 800mg

Response to Treatment:

Disposition:   ☐ Population   ☒ Confinement   ☐ Infirmary   ☐ Hospital   ☐ Rescue   ☐ Other (explain):

Discharge Instructions and Education:
Suspect Return for Worsening symptoms

Health Care Provider's Signature and Stamp: Cooper K Cooper LPN     Date/Time: 4/13/18 1100
Reviewing Physician's Signature and Stamp: _____ A. Varona SMD Jefferson CI     Date/Time: 4/13/18 1300

| Name | Cooper, Greg | Inmate Distribution: | White—Health Record |
| DC# | T57324   Race/Sex W/M | | Canary—Inspector General |
| Date of Birth | 3/10/89 | | Pink—Local Requirements |
| Institution | Jefferson CI | Employee Distribution: | White—Safety Officer/Designee |
| | | | Canary—Employee Copy |
| | | | Pink—DESTROY |

Ex-J-Pg 33

DC4-701C (Effective 12/12)

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**



Date of occurrence  4/13/18          Time of occurrence  1155

Date injury assessed by medical  4/13/18          Time injury assessed by medical  1100

☐ No injury identified

Description of injury:

Discolorations to ℝ Face, Abrasions to ℝ Face, small laceration to ℝ cheek, small laceration to ℝ brow, small laceration to back of head, Abrasions to ℝ ℠ back + ℝ shoulder, Discolorations to ℝ ear, small are noted to ℝ Chest, minor Abrasions noted to ℝ armpit/chest, Abrasions to ℝ Back

Cooper (Cooper)M
Staff Signature

Inmate Name  Cooper, Greg
DC#  T57324          Race/Sex  W/M
Date of Birth  3/10/88
Institution  Jefferson CI   103

A. Varona SMD
Jefferson CI

This form is not to be amended, revised, or altered without
approval by the Director of Health Services- Administration.

Copies distribution:  White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Ex-J-Pg 34

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

| Check all that apply: | ☑ Inmate | ☐ Employee | ☐ Visitor |
| | ☐ Post-Use-of-Force Exam | ☑ Injury | ☑ Physical Altercation |

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA **must** review this form and sign it on the next working day.

Time of occurrence: 1055      Time of exam: 1100

Description of occurrence:
PUFE / PCA - Altercation between inmate & staff

Post Use of Chemical Agent Instructions: Shower without soap? ☑ N/A  ☐ Yes  ☐ Refused→☐ educated on importance of showering
☐ Report any difficulty breathing ☐ Remain in upright position ☐ Do Not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs: Temperature 98.0  Pulse 14  Respiration 20  O2 Sat 98 %  Blood Pressure 148 / 98

Arrived via: ☐ Ambulatory  ☐ Stretcher  ☐ Wheelchair  ☐ Other:

Condition on arrival (check all that apply): ☐ Alert  ☐ Oriented x 4 (person, place, time, situation)  ☐ Responding to questions verbally
☐ Other (requires description in examinations summary)
☑ C/O pain?  If checked, where? Head / back

Examination summary:
Discoloration to ® face, Abrasion to ® face, small laceration to ® cheek, small laceration to ® brow, small laceration to back of head, Abrasions to ® + ® back, discoloration to ® ear, Abrasion noted to ® chest / arm pit, minor laceration to ® chest

Physician notified?  ☐ No  ☑ Yes    Name: Varona          Time: 1150

Treatment provided?  ☐ No  ☑ Yes    If yes, describe: Ibuprofen 300mg

Response to Treatment:

Disposition:  ☐ Population  ☑ Confinement  ☐ Infirmary  ☐ Hospital  ☐ Rescue  ☐ Other (explain):

Discharge Instructions and Education:
Request Return for worsening symptoms

Health Care Provider's Signature and Stamp: Cooper / Cooper Ln          Date/Time: 4/13/18 1100

Reviewing Physician's Signature and Stamp: _____ A. Varona SMD  Jefferson CI          Date/Time: 4/13/18 1300

| Name | Cooper, Greg | | Inmate Distribution: | White—Health Record |
| DC# | T59324 | Race/Sex W/M | | Canary—Inspector General |
| Date of Birth | 3/10/84 | | | Pink—Local Requirements |
| Institution | Jefferson CI | | Employee Distribution: | White—Safety Officer/Designee |
| | | | | Canary—Employee Copy |
| | | | | Pink—DESTROY |

DC4-701C (Effective 12/12)

Ex-J pg 35

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**DIAGRAM OF INJURY**



Date of occurrence __4|3|18__          Time of occurrence __1155__

Date injury assessed by medical __4|13|18__     Time injury assessed by medical __1100__

☐ No injury identified

Description of injury:

Discolorations to ⓇFace, Abrasions to ⓇFace, small laceration to Ⓛcheek, small
laceration to Ⓛbrow, small laceration to back of head, Abrasions to Ⓡ & back & Ⓛ
shoulder, Discolorations to Ⓛean small are noted to Ⓛchest, minor Abrasions
noted to Ⓡ armpit/chest, Abrasions to Ⓡ knee

Staff Signature: _Cooper (Cooper)_

Inmate Name __Cooper, Gus__

DC# __T57924__          Race/Sex __W|M__

Date of Birth __3|0|85__

Institution __Jefferson CI  103__

A. Varona SMD
Jefferson CI

This form is not to be amended, revised, or altered without
approval by the Director of Health Services- Administration.

Copies distribution:   White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Ex-J-Pg 36

| State of Florida | Witness Statement<br>Log #_____ | Department of Corrections |
|---|---|---|

**I.  Identifying Inmate Information**

DC # T57324_____   Inmate Name Cooper, Bregory_____

Violation Code and Short Title  _____

Use of Force #  _____

Date Report Written  _____

**II.  Witness**

☐   Staff Member:  Name and Position_____

☐   Other Individual:  Name_____

☐   Inmate:   DC #_____   Name_____

**III.  Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____

Signature of Investigating Officer_____   Date_____

**IV.  Statement**

Witness Signature  refused  to  Sign____   Date  4-13-18

Signature of Investigating Officer,  S. 2b____   Date  4-13-18
                                    M. Clark.  4-13-18

DC6-112C (Revised 8/06)          Original: Inmate File          Copy: Central Office

Ex-J-Pg37

**Florida Department of Corrections**
**TRAINING ATTENDANCE REPORT**

Course Title ___Handheld Video Operations___

Presenter ___Kenneth Stephens___

Ending Date of Training ___4/24/2018___

Training Hours ___1___

This form is used to document training that is approved by Staff Development

| | Printed Name | Employee ID # | Title | Location | *Race | **Gender | Dept/Office |
|---|---|---|---|---|---|---|---|
| 1 | Shannon Busby | 67150 | Co | Jefferson | 2 | F | Security |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |

*Race: 1=White, 2=Black, 3=Hispanic, 4=Asian, 5=American Indian, 8=Other

**Gender: M=Male, F=Female

Supervisor's Signature _____

DC2-901 (Revised 6/07)

Incorporated By Reference In Rule 33-103.003, F.A.C.

EX-J-Pg38

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**JEFFERSON CORRECTIONAL INSTITUTION**

**MEMO TO: INSPECTOR GENERAL OFFICE**

**FROM: WARDEN HEATH HOLLAND**

**DATE: MAY 3, 2018**

**SUBJECT: USE OF FORCE** #18-07168

---

The Use of Force on Inmate Cooper, Gregory DC# T57324 that occurred on April 13, 2018 was reviewed and appears to be in compliance with Administrative Rule 33-602.210.

There were no procedural violations in regards to the use of force. However there was a delay in the Handheld Camera being initiated. This was due to an operator error by Officer Shannon Broxsie. Major Kenneth Stephens has counseled with Officer Broxsie in regards to this issue, as well as retrained her in Handheld Video Camera Operations.

_____
Warden Heath Holland

EX-J-Pg 39

```
04/17/2018                  FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:
█████                          MINS INCIDENT REPORT                      TIME 07:0
```

PREPARED BY: BAKER, TINA MARIA            INCIDENT NUMBER: 0000849363
INCIDENT TYPE: 27P PHYSICAL RESIST.TO LAWFUL   STATUS OF INCIDENT: ENTERED
REPORT DATE:   04/16/2018                 REPORT TIME:    15:52
INCIDENT DATE: 04/13/2018                 INCIDENT TIME:  10:49
REPORTING FACILITY: 103 JEFFERSON C.I.    INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.    INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 64 DEATH ROW           DAY CODE: 5      SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018   W-B REVIEW BY:
IG NUMBER:                                UOF NUMBER: 18-07168
INJURIES: Y      STG/STI INVOLVEMENT: N   PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: Y    WEAPONS USED: N        INCIDENT VIDEO TAPED: Y
ELECTRONIC RESTRAINING DEVICES: N         CHEMICAL AGENTS USED: N
EVIDENCE LOC: UOF UNIT CENTRAL OFFICE
DORM/WING/FLOOR/CELL/BED: H-1- - -        SPONTANEOUS UOF: Y
FORCE TYPE: PHY: Y   CHM: N   MED RSTR: N   VIDEO: HANDHELD: Y   WING: Y

```
            NAME              TITLE           BIRTHDATE  R S   ID NUMBER
   -------------------- ------------------- ---------- - - ----------------
PARTICIPANT (S)
   ROE, ANTHONY L.      CORRECTIONAL OFFICER SE  █████   2 1  █████
   SHELTON, JOSHUA W.   CORRECTIONAL OFFICER     █████   2 1  █████
   STEPHENS, KENNETH E. CORRECTIONAL OFFICER MA  █████   1 1  █████
   WILLIAMS, DAVID  .   CORRECTIONAL OFFICER     █████   2 1  █████
SUBJECT (S)
   BURGOS, MARK  .      ACTIVE INMATE            █████
WITNESSES (S)
   BROXSIE, SHANNON A.  CORRECTIONAL OFFICER     █████   2 2  █████
   THIGPEN, WILLIAM T.  CORRECTIONAL OFFICER LI  █████   1 1  █████
   MARTIN, MELANIE R.   CORRECTIONAL OFFICER CA  █████   1 2  █████
```

```
CONTRABAND RECOVERED          TYPE     POSSESS     QUANTITY      UNIT MSR
-------------------------    ------   -------    ----------    --------
```

MEDICAL DEPT. DESCRIPTION OF INJURIES:
    INMATE COOPER RECEIVED A POST UOF MEDICAL ASSESSMENT WITH
    INJURIES NOTED.


DESCRIPTION OF INCIDENT:
    ON APRIL 13, 2018 AT APPROX 10:49 AM, OFFICER SHELTON WAS
    PRESENT IN D2 DORMITORY ASSISTING WITH A SEARCH OF THE
    BEDDING AREA. HE HEARD SERGEANT MCCOY YELLING FOR HELP FROM
    THE BATHROOM AREA OF D2. OFFICER WILLIAMS AND OFFICER
    SHELTON ENTERED THE BATHROOM AREA OBSERVED INMATE COOPER,
    ATTEMPTING TO ELUDE SERGEANT MCCOY. OFFICER WILLIAMS AND
    OFFICER SHELTON GAVE INMATE COOPER SEVERAL ORDERS TO CEASE
    HIS ACTIONS AT THAT TIME INMATE COOPER TURNED TOWARDS THEM
    IN AN AGGRESSIVE MANNER AND ATTEMPTED TO CHARGE THEM. AT

Ex-J-pg40

04/17/2018                    FLORIDA DEPARTMENT OF CORRECTIONS                    PAGE:
                              MINS INCIDENT REPORT                                 TIME 07:0

APPROX 10:50 AM, OFFICER WILLIAMS AND OFFICER SHELTON THEN
GRASPED INMATE COOPER AND DIRECTED HIM TO THE GROUND. ONCE
ON THE FLOOR INMATE COOPER CONTINUED HIS COMBATIVE BEHAVIOR
AND PHYSICALLY RESISTING. ONCE OFFICER WILLIAMS AND OFFICER
SHELTON GAINED CONTROL OF INMATE COOPER RESTRAINTS WERE
APPLIED AND THEY ASSISTED INMATE COOPER TO A STANDING
POSITION AND ESCORTED HIM OUT OF THE DORM. DURING THE ESCORT
SERGEANT ROE AND MAJOR STEPHENS THEN RELIEVED OFFICER
WILLIAMS AND OFFICER SHELTON FROM THE ESCORT AND INMATE
COOPER WAS RESISTANT AND BEGAN PULLING AWAY FROM SERGEANT
ROE AND MAJOR STEPHENS. INMATE COOPER WAS GIVEN SEVERAL
VERBAL ORDERS TO CEASE  ACTIONS. INMATE COOPER REFUSED TO
COMPLY WITH ORDERS GIVEN AT WHICH TIME SERGEANT ROE AND
MAJOR STEPHENS DIRECTED INMATE COOPER TO THE GROUND. INMATE
COOP ER THEN CEASED HIS DISRUPTIVE AND RESISTANT BEHAVIOR
AND WAS ASSISTED TO A STANDING POSITION. OFFICER SHELTON
RELIEVED MAJOR STEPHENS FROM THE ESCORT. AT APPROXIMATELY
10:55 AM, SERGEANT ROE AND OFFICER SHELTON ENTERED THE
MEDICAL TRIAGE ROOM LOCATED IN H DORMITORY.


ACTION TAKEN:
    INMATE COOPER WAS PLACED IN CONFINEMTNT ON PROPERTY
    RESTRICTION AND WILL RECEIVE DISCIP LINARY REPORTS. EAC AND
    DUTY WARDEN WERE NOTIFIED OF THIS INCIDENT.


***Referred to the Use of Force Unit for further review.   DWC/rls***

Ex-J-Pg 41

```
04/17/2018              FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:
█████████               MINS INCIDENT REPORT                          TIME 07:0
```

```
PREPARED BY: BAKER, TINA MARIA              INCIDENT NUMBER: 0000849363
INCIDENT TYPE: 27F PHYSICAL RESIST.TO LAWFUL    STATUS OF INCIDENT: ENTERED
REPORT DATE:   04/16/2018                   REPORT TIME:    15:52
INCIDENT DATE: 04/13/2018                   INCIDENT TIME: 10:49
REPORTING FACILITY: 103 JEFFERSON C.I.      INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.      INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 64 DEATH ROW             DAY CODE: 5    SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018     W-B REVIEW BY:

IG NUMBER:                                  UOF NUMBER: 18-07168
INJURIES: Y       STG/STI INVOLVEMENT: N    PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: Y    WEAPONS USED: N          INCIDENT VIDEO TAPED: Y
ELECTRONIC RESTRAINING DEVICES: N           CHEMICAL AGENTS USED: N
EVIDENCE LOC: UOF UNIT CENTRAL OFFICE
DORM/WING/FLOOR/CELL/BED: H-1- - -          SPONTANEOUS UOF: Y
FORCE TYPE: PHY: Y   CHM: N   MED RSTR: N   VIDEO: HANDHELD: Y   WING: Y
```

```
              NAME              TITLE           BIRTHDATE  R S   ID NUMBER
          ------------   ------------------   ----------  - -  ----------------
PARTICIPANT(S)
   ROE, ANTHONY L.        CORRECTIONAL OFFICER SE   ████████████████████
   SHELTON, JOSHUA W.     CORRECTIONAL OFFICER      ████████████████████
   STEPHENS, KENNETH E.   CORRECTIONAL OFFICER MA   ████████████████████
   WILLIAMS, DAVID .      CORRECTIONAL OFFICER      ████████████████████
SUBJECT(S)
   BURGOS, MARK .         ACTIVE INMATE             ████████████████
WITNESSES(S)
   BROXSIE, SHANNON A.    CORRECTIONAL OFFICER      ████████████████████
   THIGPEN, WILLIAM T.    CORRECTIONAL OFFICER LI   ████████████████████
   MARTIN, MELANIE R.     CORRECTIONAL OFFICER CA   ████████████████████
```

```
CONTRABAND RECOVERED          TYPE       POSSESS    QUANTITY      UNIT MSR
-------------------------   --------   --------   -----------   --------
```

```
MEDICAL DEPT. DESCRIPTION OF INJURIES:
     INMATE COOPER RECEIVED A POST UOF MEDICAL ASSESSMENT WITH
     INJURIES NOTED.
```

```
DESCRIPTION OF INCIDENT:
     ON APRIL 13, 2018 AT APPROX 10:49 AM, OFFICER SHELTON WAS
     PRESENT IN D2 DORMITORY ASSISTING WITH A SEARCH OF THE
     BEDDING AREA. HE HEARD SERGEANT MCCOY YELLING FOR HELP FROM
     THE BATHROOM AREA OF D2. OFFICER WILLIAMS AND OFFICER
     SHELTON ENTERED THE BATHROOM AREA OBSERVED INMATE COOPER,
     ATTEMPTING TO ELUDE SERGEANT MCCOY. OFFICER WILLIAMS AND
     OFFICER SHELTON GAVE INMATE COOPER SEVERAL ORDERS TO CEASE
     HIS ACTIONS AT THAT TIME INMATE COOPER TURNED TOWARDS THEM
     IN AN AGGRESSIVE MANNER AND ATTEMPTED TO CHARGE THEM. AT
```

Ex-J Pg42

04/17/2018            FLORIDA DEPARTMENT OF CORRECTIONS            PAGE:
  MINO101                 MINS INCIDENT REPORT                 TIME 07:0
          APPROX 10:50 AM, OFFICER WILLIAMS AND OFFICER SHELTON THEN
     GRASPED INMATE COOPER AND DIRECTED HIM TO THE GROUND. ONCE
     ON THE FLOOR INMATE COOPER CONTINUED HIS COMBATIVE BEHAVIOR
     AND PHYSICALLY RESISTING. ONCE OFFICER WILLIAMS AND OFFICER
     SHELTON GAINED CONTROL OF INMATE COOPER RESTRAINTS WERE
     APPLIED AND THEY ASSISTED INMATE COOPER TO A STANDING
     POSITION AND ESCORTED HIM OUT OF THE DORM. DURING THE ESCORT
     SERGEANT ROE AND MAJOR STEPHENS THEN RELIEVED OFFICER
     WILLIAMS AND OFFICER SHELTON FROM THE ESCORT AND INMATE
     COOPER WAS RESISTANT AND BEGAN PULLING AWAY FROM SERGEANT
     ROE AND MAJOR STEPHENS. INMATE COOPER WAS GIVEN SEVERAL
     VERBAL ORDERS TO CEASE  ACTIONS. INMATE COOPER REFUSED TO
     COMPLY WITH ORDERS GIVEN AT WHICH TIME SERGEANT ROE AND
     MAJOR STEPHENS DIRECTED INMATE COOPER TO THE GROUND. INMATE
     COOP ER THEN CEASED HIS DISRUPTIVE AND RESISTANT BEHAVIOR
     AND WAS ASSISTED TO A STANDING POSITION. OFFICER SHELTON
     RELIEVED MAJOR STEPHENS FROM THE ESCORT. AT APPROXIMATELY
     10:55 AM, SERGEANT ROE AND OFFICER SHELTON ENTERED THE
     MEDICAL TRIAGE ROOM LOCATED IN H DORMITORY.


  ACTION TAKEN:
          INMATE COOPER WAS PLACED IN CONFINEMTNT ON PROPERTY
     RESTRICTION AND WILL RECEIVE DISCIP LINARY REPORTS. EAC AND
     DUTY WARDEN WERE NOTIFIED OF THIS INCIDENT.


***Referred to the Use of Force Unit for  urther review.  DWC/rls***

Ex-J-Pg43

RCF 18-07168

18-06895

```
04/17 2018              FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:
                            MIMS INCIDENT REPORT                       TIME 0:0
```

```
PREPARED BY: MCLAUGHLIN, CAITLIN TRAE        INCIDEN  NUMBER: 00006490 4
INCIDENT TYPE: 10A PHYSICAL ABUSE            STATUS OF INCIDENT: ENTERED
REPORT DATE:  04/16/2018                     REPORT TIME:  10:01
INCIDENT DATE: 04/13/2018                    INCIDENT TIME: 16:40
                                             INCIDENT REGION: 1
INCIDENT LOCATION:   COMPOUND                INCIDENT 1G OFFICE: 03
DATE REPORTED TO MANAGEMENT: 04/13/2018      DAY CODE:        SHIFT CODE:
ID NUMBER:                                   W-B REVIEW BY:
INJURIED: Y       STD/STI INVOLVEMENT: N     UOF NUMBER:
USE OF FORCE: Y   WEAPONS USED: N            PHYSICAL EVIDENCE RECOVERED: N
ELECTRONIC RESTRAINING DEVICES:              INCIDENT VIDEO TAPED: N
EVIDENCE LOC: N/A                            CHEMICAL AGENTS USED: N
```

```
        NAME              TITLE         BIRTHDATE R S   ID NUMBER
-------------------    ------------    ---------- - - - ---------
COMPLAINANT (S)
 COOPER, GREGORY B.    ACTIVE INMATE    03/20/1988        157324
REPORTING EMPLOYEE (S
 SAPP, MYLES C.        CORRECTIONAL OFFICER L1
```

```
CONTRABAND RECOVERY           TYPE      POSSESS    QUANTITY      UNIT MSR
- ------------------ ----     ------    - ------   - --------    --- ----
```

```
MEDICAL DEPT. DESCRIPTION OF INJURIES:
    BRUISED LEFT EAR, 4CM LACERATION TO CHEEK BONE, 1CM
    LACERATION TO FOREHEAD, BRUISING TO BILATERAL BACK AREA,
    BRUISE ON LEFT ELBOW, 1CM LACERATION ON RIGHT FOOT, 1CM
    LACERATION ON LEFT FOOT, LEFT TOE BRUISING, 3CM LACERATION
    TO RIGHT CHEEKBONE.
```

```
DESCRIPTION OF INCIDENT:
    ON THE ABOVE DATE AND TIME INMATE COOPER, GREGOR  #157324
    WAS BEING GAINED TO UCI FROM JEFFERSON CI, FOLLOWING A STAFF
    ASSAULT/USE OF FORCE INCIDENT THAT OCCURRED AT JEFFERSON
    CI. UPON ARRIVAL, INMATE COOPER WAS PLACED ON HANDHELD VIDEO
    AND ESCORTED TO MEDICAL. DURING THE MEDICAL ASSESSMENT,
    INMATE COOPER ALLEGED THAT JEFFERSON CI OFFICERS HAD
    ASSAULTED HIM WHILE HE WAS RESTRAINED. INMATE COOPER DID NOT
    PROVIDE ANY NAMES OF STAFF MEMBERS. ALL NOTIFIED.
```

Ex-J-Pg44

FLORIDA DEPARTMENT OF CORRECTIONS
## EMERGENCY ROOM RECORD

Check all that apply:  ☒ Inmate   ☐ Employee   ☐ Visitor
☐ Post-Use-of-Force Exam   ☐ Injury   ☐ Physical Altercation

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstance. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: 1000 approx          Time of exam: 1702  Union CI VadimNsg

Description of occurrence: S/p use of force (physical force) d/t assault on Staff at Jefferson CI

Post Use of Chemical Agent Instructions: Shower without soap? ☒ N/A   ☐ Yes   ☐ Refused  ☐ educated on importance of showering
☐ Report any difficulty breathing ☐ Remain in upright position ☐ Do Not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs:   Temperature 98.4   Pulse 97   Respiration 20   O2 Sat 100 %   Blood Pressure 134/97

Arrived via: ☒ Ambulatory   ☐ Stretcher   ☐ Wheelchair   ☐ Other:

Condition on arrival (check all that apply): ☒ Alert   ☒ Oriented x 4 (person, place, time, situation) ☒ Responding to questions verbally
☐ Other (requires description in examinations summary)
☒ C/O pain? If checked, where? Generalized

Examination summary:
Bruised, Left Ear, Laceration cheekbone Approx 4cm, laceration on Left forehead approx 1cm, Laceration Left face @ chin area < 1cm, Bruising bilateral back (flank area), Bruise on @elbow, @ foot laceration < 1cm, Right foot laceration < 1cm, @ toe Bruising @ cheekbone laceration Approx 3cm, Laceration @ cheekbone area 1cm

Physician notified? ☒ No   ☐ Yes   Name:                    Time:
Treatment provided? ☒ No   ☐ Yes   If yes, describe:

Response to Treatment: None provided

Disposition: ☐ Population   ☒ Confinement   ☐ Infirmary   ☐ Hospital   ☐ Rescue   ☐ Other (explain):

Discharge Instructions and Education: Flu c sickcall prn

Health Care Provider's Signature and Stamp: Diann?? RN    Date/Time: 4-13-18  1702
Reviewing Physician's Signature and Stamp: E.H. Toledo??    Date/Time: 4-16-18 0752?

D. Harrell, RN
E. L. Toledo, MD
Union CI - Centurion

Name: Cooper Gregory
DC#: T57132y   Race/Sex W/M
Date of Birth: 3-10-88
Institution: UCI

Inmate Distribution:
White—Health Record
Canary—Inspector General
Pink—Local Requirements

Employee Distribution:
White—Safety Officer/Designee
Canary—Employee Copy
Pink— DESTROY

DC4-701C (Effective 12/12)

IG# 18-06899
RCF UOF-18-07168

Incorporated by Reference in Rule 33-602.210, F.A.C.

Ex-J- Pg 45

18 - 07131

04/19/2018                    FLORIDA DEPARTMENT OF CORRECTIONS                    PAGE:
                                    MINS INCIDENT REPORT                           TIME 07:0

PREPARED BY: BAKER, TINA MARIA                    INCIDENT NUMBER: 0000849758
INCIDENT TYPE: 17L BATTERY OF LAW ENFORCEMENT    STATUS OF INCIDENT: ENTERED
REPORT DATE:  04/16/2018                          REPORT TIME:   10:37
INCIDENT DATE:  04/13/2018                        INCIDENT TIME: UNK
REPORTING FACILITY: 103 JEFFERSON C.I.            INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.            INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 01 HOUSING AREA                DAY CODE: 5      SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018           W-B REVIEW BY:
IG NUMBER:                                        UOF NUMBER:
INJURIES: Y        STG/STI INVOLVEMENT: N         PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: N    WEAPONS USED: N                INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N                 CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A

            NAME                TITLE           BIRTHDATE  R S   ID NUMBER
------------------------  ------------------  -----------  - - --------------
SUBJECT (S)
  COOPER, GREGORY B.      ACTIVE INMATE       03/10/1988 1 1 T57324
VICTIMS (S)
  MCCOY, CHARLES D.       CORRECTIONAL OFFICER SE ████████ 1 1 ████.

CONTRABAND RECOVERED           TYPE       POSSESS    QUANTITY      UNIT MSR
-------------------------    ------     -------    ----------    --------

DESCRIPTION OF PHYSICAL EVIDENCE:
    0.5 GRAMS OF SYNTHETIC MARIJUANA
    CELL PHONE (FLUSHED DOWN TOILET BY INMATE COOPER)


MEDICAL DEPT. DESCRIPTION OF INJURIES:
    SERGEANT MCCOY WAS ASSESSED BY JCI MEDICAL STAFF WITH A
    LACERATION ABOVE THE LEFT EYEBROW NOTED AND TREATED WITH A
    DRY DRESSING. ████████ █████ █ ████ █████ ███████ ██████


DESCRIPTION OF INCIDENT:
    ON 4/13/2018, DURING THE CONDUCTION OF A K-9 INTERDICTION
    SEARCH IN DELTA DORMITORY, INMATE COOPER STATED TO SERGEANT
    MCCOY THAT HE WAS NOT HOUSED IN D-DORM AND ASKED TO LEAVE.
    INMATE COOPER DID NOT HAVE ON A STATE ISSUED SHIRT AND WHEN
    SERGEANT MCCOY GRABBED A STATE SHIRT IN THE AREA WHERE
    INMATE COOPER WAS STANDING TO GIVE TO HIM, 0.5 GRAMS OF
    PACKAGED K-2 FELL OUT. SERGEANT MCCOY ESCORTED INMATE COOPER
    TO THE BATHROOM AREA TO CONDUCT A STRIP SEARCH AND OBSERVED
    A BLACK OBJECT PROTRUDING FROM INMATE COOPER'S ANUS. INMATE
    COOPER PRODUCED A CELL PHONE AND SERGEANT MCCOY GAVE HIM AN
    ORDER TO RELINQUISH IT. AS INMATE COOPER REACHED OUT TO

Ex-J-pg46

04/14/2018                FLORIDA DEPARTMENT OF CORRECTIONS                    PAGE:
                              MINS INCIDENT REPORT                       TIME 07:0
          HAND SERGEANT MCCOY THE PHONE AND SERGEANT MCCOY REACHED TO
          GET IT, INMATE COOPER STRUCK SERGEANT MCCOY ABOVE THE LEFT
          EYE WITH HIS FIST THEN RAN AND FLUSHED THE CELL PHONE.


ACTION TAKEN:
          INMATE COOPER WILL RECEIVE DISCIPLINARY REPORTS FOR BATTERY
          ON AN OFFICER, POSSESION OF STIMULANT, POSSESION OF CELL
          PHONE AND BEING IN AN UNAUTHORIZED AREA. WARDEN HOLLAND AND
          FAC WERE NOTIFIED.

Ex-J-pg 47



## FLORIDA DEPARTMENT OF CORRECTIONS

### Case Master Report  18-07131

Date Initiated  04/19/2018

| Warning |
|---|
| **Contains entities exempt from disclosure** |

| Primary Information | |
|---|---|
| OFFICE: | **OFFICE OF THE INSPECTOR GENERAL** |
| BUREAU: | **INVESTIGATIONS** |
| DIVISION: | **NORTH** |
| DISTRICT: | **DISTRICT 03** |
| FIELD OFFICE: | **FIELD OFFICE 03** |
| Lead LEO: | **MUSE, RYAN C (■■■■ / FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Type Of Case: | **CRIMINAL** |
| Case Sub Type: | **17L - BATTERY ON A LAW ENFORCEMENT OFFICERS** |
| Case Description: | **CRIMINAL / MINS 849758 / 103 JEFFERSON C.I./ 17L BATTERY OF LAW ENFORCEMENT** |
| Case Priority: | **CRIMINAL - 180 DAYS** |

| Case Status | |
|---|---|
| Case Status: | **CLOSED** |
| Case Status Date: | **06/11/2018** |
| Disposition Code: | **C-CLOSED BY ARREST** |
| Disposition Date: | **06/11/2018** |
| Dissemination: | **SYSTEM WIDE** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-Pg48

*FLORIDA DEPARTMENT OF CORRECTIONS*

### CASE OPENING REPORT  18-07131

Report Date:  04/19/2018

| Warning |
| --- |
| Contains entities exempt from disclosure |

| Primary Information | |
| --- | --- |
| Description: | **BATTERY ON LEO** |
| Reporting LEO: | **MUSE, RYAN C (INSPECTOR - DC)** |
| Report Status: | **Approved** |
| Report Status Date: | **05/17/2018** |
| Approved By: | **CLARK, DAVID WAYNE ████ / FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |

## Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD

*Primary Information*

| | |
| --- | --- |
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I., MONTICELLO, FLORIDA 32344 UNITED STATES** |
| FACILITY: | **DC FACILITY** |

| Data Challenge |
| --- |
| Subject #1 - VICTIM #1 - MCCOY, CHARLES DUSTIN |

*Primary Information*

| | |
| --- | --- |
| Exempt From Disclosure: | **YES** |
| Subject Name: | **MCCOY, CHARLES DUSTIN** |
| Record Type: | **DC SWORN** |
| Bio: | **31 yr. old, WHITE, MALE** |
| Birth Date: | ████ |
| Email: | ████████ |
| Rank/Position: | **CORRECTIONAL OFFICER SERGEANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Addresses*

| Relationship | Address |
| --- | --- |
| HOME ADDRESS | ████████████ |

*Telephones / E-Addresses*

| Relationship | Number/E-Address |
| --- | --- |
| HOME | ████████ |

## Subject #2 - SUBJECT #1 - COOPER, GREGORY B

*Primary Information*

| | |
| --- | --- |
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

01/08/2021 08:17:11

EX-J-Pg 49

## FLORIDA DEPARTMENT OF CORRECTIONS
## CASE OPENING REPORT  18-07131
Report Date:  04/19/2018

---

**Subject #2 - SUBJECT #1 - COOPER, GREGORY B - Continued**

*Primary Information - Continued*

| | |
|---|---|
| Juvenile: | NO |
| Residence Status: | ACTIVE |

*Personal Information*

| | |
|---|---|
| Height: | 508 |
| Weight: | 225 |
| Eye Color: | HAZEL |
| Hair Color: | BROWN |
| Complexion: | LIGHT/FAIR |

*Scars, Marks, and Tattoos*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

---

THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION

EX-J-Pg50

*FLORIDA DEPARTMENT OF CORRECTIONS*

**CASE OPENING REPORT  18-07131**

Report Date:  04/19/2018

**Narrative begins on the following page.**

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-Pg 51

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF THE INSPECTOR GENERAL**
**CASE OPENING REPORT**

**PREDICATE:**

On April 13, 2018, at Jefferson Correctional Institution (*JCI*), Inmate Gregory Cooper, DC# T57324 struck Sergeant Charles McCoy in the face with a closed fist while in the bathroom area of D-Dormitory. Inmate Cooper was led into the bathroom area to be searched for being in an unassigned dormitory and possibly in possession of contraband. While being searched for contraband, narcotics fell from Inmate Cooper's waistband. Inmate Cooper reached down, picked the item up, and handed it to Sergeant McCoy. Inmate Cooper then struck Sergeant McCoy with his non-extended hand.

On April 14, 2018, this incident was reported to the Office of Inspector General (*OIG*) via the Management Information Notification System (*MINS*) and assigned to Inspector Ryan Muse on April 19, 2018, as a Complaint Review, and then upgraded to a Criminal Investigation on May 15, 2018.

**CASE PLAN:**

- Obtain departmental documentation pertaining to the incident.
- Obtain and review any evidence.
- Interview victim. Get consent for all medical records pertaining to sustained injuries.
- Interview witness(s).
- Obtain and review all video evidence.
- Interview suspect.
- Compile evidence and present case facts to the Inspector Supervisor for review and disposition.
- If probable cause exist is established, present investigation to the State Attorney's Office (*SAO*) for prosecution.

Report # 18-07131                                                                     Page **1** of **1**



## FLORIDA DEPARTMENT OF CORRECTIONS

### INVESTIGATIVE ACTIVITY REPORT  18-07131/1

Report Date:  05/23/2018

| Warning |
| --- |
| Contains entities exempt from disclosure |

| Primary Information | |
| --- | --- |
| Description: | **BATTERY BY INMATE ON CORECTIONAL STAFF** |
| Reporting LEO: | **MUSE, RYAN C ▇ / FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Report Status: | **Approved** |
| Report Status Date: | **06/04/2018** |
| Approved By: | **CLARK, DAVID WAYNE ▇ / FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |

| Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD | |
| --- | --- |
| *Primary Information* | |
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I., MONTICELLO, FLORIDA 32344 UNITED STATES** |
| FACILITY: | **DC FACILITY** |

| Data Challenge | |
| --- | --- |
| **Subject #1 - VICTIM #1 - MCCOY, CHARLES DUSTIN** | |
| *Primary Information* | |
| Exempt From Disclosure: | **YES** |
| Subject Name: | **MCCOY, CHARLES DUSTIN** |
| Record Type: | **DC SWORN** |
| Bio: | **31 yr. old, WHITE, MALE** |
| Birth Date: | ▇ |
| Email: | ▇ |
| Rank/Position: | **CORRECTIONAL OFFICER SERGEANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Addresses*

| Relationship | Address |
| --- | --- |
| HOME ADDRESS | ▇ |

*Telephones / E-Addresses*

| Relationship | Number/E-Address |
| --- | --- |
| HOME | ▇ |

| Subject #2 - SUBJECT #1 - COOPER, GREGORY B | |
| --- | --- |
| *Primary Information* | |
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-Pg53

## FLORIDA DEPARTMENT OF CORRECTIONS
### INVESTIGATIVE ACTIVITY REPORT  18-07131/1
Report Date:  05/23/2018

---

**Subject #2 - SUBJECT #1 - COOPER, GREGORY B - Continued**

*Primary Information - Continued*

| | |
|---|---|
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Personal Information*

| | |
|---|---|
| Height: | **508** |
| Weight: | **225** |
| Eye Color: | **HAZEL** |
| Hair Color: | **BROWN** |
| Complexion: | **LIGHT/FAIR** |

*Scars, Marks, and Tattoos*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-854

## FLORIDA DEPARTMENT OF CORRECTIONS

### *INVESTIGATIVE ACTIVITY REPORT  18-07131/1*

Report Date:  05/23/2018

**Narrative begins on the following page.**

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-Pg55




FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**INVESTIGATIVE ACTIVITY REPORT**

**PREDICATE:**

On April 13, 2018, at Jefferson Correctional Institution (*JCI*), Inmate Gregory Cooper, DC# T57324 struck Sergeant Charles McCoy in the face with a closed fist while in the bathroom area of D-Dormitory.  Inmate Cooper was led into the bathroom area to be searched for being in an unassigned dormitory and possibly in possession of contraband.  While being searched for contraband, narcotics fell from Inmate Cooper's waistband.    Inmate Cooper reached down, picked the item up, and handed it to Sergeant McCoy.  Inmate Cooper then struck Sergeant McCoy with his non-extended hand.

On April 14, 2018, this incident was reported to the Office of Inspector General (*OIG*) via the Management Information Notification System (*MINS*) and assigned to Inspector Ryan Muse on April 19, 2018, as a Complaint Review, and then upgraded to a Criminal Investigation on May 15, 2018.

**INVESTIGATIVE ACTIVITY:**

In his sworn, digitally recorded interview conducted at by Inspector Muse at JCI on April 24, 2018, Sergeant McCoy testified to the following:

Sergeant McCoy was assisting K-9 Interdiction personnel conduct a search of D-Dormitory when Inmate Cooper approached him at the exit door stating, "He was not assigned to D-Dormitory."  Sergeant McCoy escorted Inmate Cooper back to the bedding area where he saw him come from, and searched the clothing located there; finding what appeared to be synthetic marijuana (*K2*).  Sergeant McCoy then escorted Inmate Cooper to the dormitories bathroom area to conduct a strip search for possible additional contraband concealed on his person.

Inmate Cooper entered the bathroom area going to shower stall 11 and quickly began undressing.   Sergeant McCoy slowed Inmate Cooper down and saw that he was concealing a flip style cellular phone under his genitals.  Inmate Cooper grabbed the phone, extended his hand out with the cell phone inside it, as if to give the phone to Sergeant McCoy, then struck him with his other hand in a closed fist position.  Inmate Cooper's blow cut Sergeant McCoy's left eyebrow open causing a two-inch laceration coupled with a bruised eye.  Inmate Cooper ran and flushed the cell phone down the toilet.

Note:  Sergeant McCoy was treated ███████████████████████████████████
██████████████  On April 25, 2018, Sergeant McCoy signed an Employee Medical Records Release form.  On May 1, 2018, Inspector Supervisor David Clark conducted an Independent Administrator Photo Array with Sergeant McCoy where six digital images of inmates wearing blue shirts were used.  All the images were picked at random with matching height, weight, and tattoos to their faces, or necks from the Department of Corrections Offender Website.

Ex-J-Pg5b



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF THE INSPECTOR GENERAL
**INVESTIGATIVE ACTIVITY REPORT**



Sergeant McCoy positively identified Inmate Cooper from his picture as the person who struck him.  Inspector Muse was not present during the photo array.  Digital images were taken of Sergeant McCoy's injuries.

In his sworn, digitally recorded interview conducted on May 24, 2018, by Senior Inspector Stacy Fish at Union Correctional Institution (*UCI*), Inmate Cooper testified to the following:

Inmate Cooper denied striking Sergeant McCoy and that he acquired the laceration to his eye from slipping, falling, and hitting the shower stall inside the bathroom area. Inmate Cooper was lied upon and beaten by security staff.

On May 29, 2018, Inspector Muse submitted a Probable Cause Affidavit for review to Inspector Supervisor Clark and OIG General Counsel David De La Paz.  On May 31, 2018, Inspector Muse met with Assistant State Attorney (*ASA*) Andrew Deneen where it was determined, the State Attorney's Office (*SAO*) would prosecution.  ASA Deneen signed a Warrant Review Form.  On June 1, 2018, Inspector Muse met with Honorable Judge Dawn Johnson who signed the arrest warrant for Inmate Cooper.  Inspector Muse then met with Jefferson County Sheriff's Office Communications Section staff who entered the warrant into FCIC/NCIC.

This concludes all investigative activity.  Inspector Muse recommends this investigation be closed by arrest.

Ex-J-Pg 57

FLORIDA DEPARTMENT OF CORRECTIONS

## CASE SUMMARY REPORT  18-07131/2

Report Date:  06/04/2018

| Warning |
| --- |
| Contains entities exempt from disclosure |

| Primary Information | |
| --- | --- |
| Description: | **BATTERY ON LEO** |
| Reporting LEO: | **MUSE, RYAN C** ▮ **/ FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Report Status: | **Approved** |
| Report Status Date: | **06/11/2018** |
| Approved By: | **WEBB, JOHNNY** ▮ **/ FIELD OFFICE 03 / FLORIDA DEPARTMENT OF CORRECTIONS)** |

| Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD | |
| --- | --- |
| *Primary Information* | |
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I., MONTICELLO, FLORIDA 32344 UNITED STATES** |
| FACILITY: | **DC FACILITY** |

| Data Challenge |
| --- |
| **Subject #1 - VICTIM #1 - MCCOY, CHARLES DUSTIN** |

| *Primary Information* | |
| --- | --- |
| Exempt From Disclosure: | **YES** |
| Subject Name: | **MCCOY, CHARLES DUSTIN** |
| Record Type: | **DC SWORN** |
| Bio: | **31 yr. old, WHITE, MALE** |
| Birth Date: | ▮ |
| Email: | ▮ |
| Rank/Position: | **CORRECTIONAL OFFICER SERGEANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Addresses*

| Relationship | Address | |
| --- | --- | --- |
| **HOME ADDRESS** | ▮ | **ATES** |

*Telephones / E-Addresses*

| Relationship | Number/E-Address |
| --- | --- |
| **HOME** | ▮ |

| Subject #2 - SUBJECT #1 - COOPER, GREGORY B | |
| --- | --- |
| *Primary Information* | |
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-P558

FLORIDA DEPARTMENT OF CORRECTIONS

**CASE SUMMARY REPORT  18-07131/2**

Report Date:  06/04/2018

| Subject #2 - SUBJECT #1 - COOPER, GREGORY B - Continued | | | | |
|---|---|---|---|---|

**Primary Information - Continued**

Juvenile:           NO

Residence Status:   ACTIVE

**Personal Information**

Height:       508

Weight:       225

Eye Color:    HAZEL

Hair Color:   BROWN

Complexion:   LIGHT/FAIR

**Scars, Marks, and Tattoos**

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION

EX-J-P359

## FLORIDA DEPARTMENT OF CORRECTIONS
### CASE SUMMARY REPORT  18-07131/2
Report Date:  06/04/2018

**Narrative begins on the following page.**

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J- Pg60

*FLORIDA DEPARTMENT OF CORRECTIONS*

## Case Master Report  18-07168

Date Initiated  04/19/2018

| Warning |
|---|
| **Contains entities exempt from disclosure** |

| Primary Information | |
|---|---|
| OFFICE: | **OFFICE OF THE INSPECTOR GENERAL** |
| BUREAU: | **INVESTIGATIONS** |
| DIVISION: | **CENTRAL - HQ OPS** |
| DISTRICT: | **OPERATIONS - UOF** |
| FIELD OFFICE: | **USE OF FORCE** |
| Lead LEO: | **RAVN, LACY (█████ / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Type Of Case: | **USE OF FORCE** |
| Case Sub Type: | **27F - PHYSICAL RESISTANCE TO A LAWFUL COMMAND** |
| Case Description: | **UOF / MINS 849363 / 103 JEFFERSON CI / 27F PHYSICAL RESIST. TO LAWFUL** |
| Case Priority: | **USE OF FORCE - 15 DAYS** |

| Related Cases | | |
|---|---|---|
| <u>Case Number</u> | <u>Status</u> | <u>Date Initiated</u> |
| **18-06899** | **CLOSED** | **04/16/2018** |

| Case Status | |
|---|---|
| Case Status: | **CLOSED** |
| Case Status Date: | **05/17/2018** |
| Case Referral Code: | **UOF - ORGANIZED** |
| Disposition Code: | **UOF - APPROVED** |
| Disposition Date: | **05/17/2018** |
| Dissemination: | **SYSTEM WIDE** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J-pg61



*OFFICE OF THE INSPECTOR GENERAL - FDC*

### USE OF FORCE  18-07168

Report Date:  04/16/2018

| Warning |
|---|
| Contains entities exempt from disclosure |

| Primary Information | |
|---|---|
| Incident Type: | **27F - PHYSICAL RESISTANCE TO A LAWFUL COMMAND** |
| Occurrence From: | **04/13/2018 10:49** |
| Occurrence To: | **04/13/2018 10:49** |
| Reporting LEO: | **SEABROOKS, ROSA L. (FIELD OFFICE 03 / OFFICE OF THE INSPECTOR GENERAL - FDC)** |
| Approval Status: | **Approved** |
| Approved Date: | **05/21/2018** |
| Approved By: | **MCLENDON, AUSTIN (███ / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |

| Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD | |
|---|---|
| *Primary Information* | |
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I.,  MONTICELLO,  FLORIDA 32344 , UNITED STATES** |
| FACILITY: | **DC FACILITY** |

| Subject #1 - WITNESS #1 - BROXSIE, SHANNON A | |
|---|---|
| *Primary Information* | |
| Exempt From Disclosure: | **YES** |
| Subject Name: | **BROXSIE, SHANNON A** |
| Record Type: | **DC SWORN** |
| Bio: | **30 yr. old, BLACK, FEMALE** |
| Birth Date: | ███ |
| Email: | ███ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |
| *Relationship Information* | |
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ███ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| **HOME ADDRESS** | ███ |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

---

**Subject #2 - WITNESS #2 - MARTIN, MELANIE ROXANNE**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **MARTIN, MELANIE ROXANNE** |
| Record Type: | **DC SWORN** |
| Bio: | **33 yr. old, WHITE, FEMALE** |
| Birth Date: | ■■■■■ |
| Email: | ■■■■■■■■■ |
| Rank/Position: | **CORRECTIONAL OFFICER CAPTAIN** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ■■■ |
| Use Of Force: | **NO** |

*Addresses*

Relationship        Address
HOME ADDRESS     ■■■■■■■■■■■■■■■■■■

---

**Subject #3 - WITNESS #3 - THIGPEN, WILLIAM T IV**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **THIGPEN, WILLIAM T IV** |
| Record Type: | **DC SWORN** |
| Bio: | **32 yr. old, WHITE, MALE** |
| Birth Date: | ■■■■■ |
| Email: | ■■■■■■■■ |
| Rank/Position: | **CORRECTIONAL OFFICER LIEUTENANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ■■■ |
| Use Of Force: | **NO** |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex - J - Pg63



OFFICE OF THE INSPECTOR GENERAL - FDC

## USE OF FORCE  18-07168

Report Date:  04/16/2018

---

**Subject #3 - WITNESS #3 - THIGPEN, WILLIAM T IV - Continued**

**Addresses**

| Relationship | Address |
|---|---|
| HOME ADDRESS | ███████████████████████ |

---

**Subject #4 - SUBJECT #1 - COOPER, GREGORY B**

**Primary Information**

| | |
|---|---|
| Subject Name: | COOPER, GREGORY B |
| Record Type: | INMATE/PROBATIONER |
| Bio: | 30 yr. old, WHITE, MALE |
| Birth Date: | 03/10/1988 |
| Juvenile: | NO |
| Residence Status: | ACTIVE |

**Relationship Information**

| | |
|---|---|
| Homicide Victim: | NO |
| Hate Crime Victim: | NO |
| Domestic Violence: | NO |
| Extent Of Injury: | MINOR |
| Use Of Force: | NO |

**Personal Information**

| | |
|---|---|
| Height: | 508 |
| Weight: | 225 |
| Eye Color: | HAZEL |
| Hair Color: | BROWN |
| Complexion: | LIGHT/FAIR |

**Scars, Marks, and Tattoos**

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | ---- | ---- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | ---- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-8964



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

| Subject #4 - SUBJECT #1 - COOPER, GREGORY B - Continued | | | | |
|---|---|---|---|---|
| *Scars, Marks, and Tattoos - Continued* | | | | |
| Description | Type | Body Part | Side | Location |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

| Subject #5 - PARTICIPANT #1 - ROE, ANTHONY L | |
|---|---|
| *Primary Information* | |
| Exempt From Disclosure: | YES |
| Subject Name: | ROE, ANTHONY L |
| Record Type: | DC SWORN |
| Bio: | 43 yr. old, BLACK, MALE |
| Birth Date: | ▬▬▬▬▬ |
| Email: | ▬▬▬▬▬▬▬▬▬ |
| Rank/Position: | CORRECTIONAL OFFICER SERGEANT |
| Juvenile: | NO |
| Residence Status: | ACTIVE |
| *Relationship Information* | |
| Homicide Victim: | NO |
| Hate Crime Victim: | NO |
| Domestic Violence: | NO |
| Extent Of Injury: | ▬▬▬ |
| Use Of Force: | NO |

| Subject #6 - PARTICIPANT #2 - SHELTON, JOSHUA WILLIAM BROOKS | |
|---|---|
| *Primary Information* | |
| Exempt From Disclosure: | YES |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-P965



*OFFICE OF THE INSPECTOR GENERAL - FDC*

**USE OF FORCE  18-07168**

Report Date:  04/16/2018

---

**Subject #6 - PARTICIPANT #2 - SHELTON, JOSHUA WILLIAM BROOKS - Continued**

*Primary Information - Continued*

| | |
|---|---|
| Subject Name: | **SHELTON, JOSHUA WILLIAM BROOKS** |
| Record Type: | **DC SWORN** |
| Bio: | **28 yr. old, BLACK, MALE** |
| Birth Date: | ▮▮▮▮ |
| Email: | ▮▮▮▮ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ▮▮▮ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| **HOME ADDRESS** | ▮▮▮▮ |

---

**Subject #7 - PARTICIPANT #3 - STEPHENS, KENNETH E**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **STEPHENS, KENNETH E** |
| Record Type: | **DC SWORN** |
| Bio: | **38 yr. old, WHITE, MALE** |
| Birth Date: | ▮▮▮▮ |
| Email: | ▮▮▮▮ |
| Rank/Position: | **CORRECTIONAL OFFICER MAJOR - SES** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ▮▮▮ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J-85 66



## OFFICE OF THE INSPECTOR GENERAL - FDC
## *USE OF FORCE  18-07168*
Report Date:  04/16/2018

---

**Subject #7 - PARTICIPANT #3 - STEPHENS, KENNETH E - Continued**

**Addresses - Continued**

| Relationship | Address |
|---|---|
| HOME ADDRESS | ███████████████████████ |

---

**Subject #8 - PARTICIPANT #4 - WILLIAMS, DAVID JR**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **WILLIAMS, DAVID JR** |
| Record Type: | **DC SWORN** |
| Bio: | **39 yr. old, BLACK, MALE** |
| Birth Date: | ██████ |
| Email: | ████████████████████ |
| Rank/Position: | **CORRECTIONAL OFFICER** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Relationship Information*

| | |
|---|---|
| Homicide Victim: | **NO** |
| Hate Crime Victim: | **NO** |
| Domestic Violence: | **NO** |
| Extent Of Injury: | ██████ |
| Use Of Force: | **NO** |

*Addresses*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ████████████████████████████ |

---

**Analysis Information**

| | |
|---|---|
| Sick Or Injured: | ██ |
| Suspicious P/V: | **NO** |
| Marchman Act: | ██ |
| Disturbance: | **NO** |
| Alarm: | **NO** |
| Baker Act: | ██ |
| LPR: | **NO** |

---

**Documents**

| Document |
|---|
| **MINS 849363** |

---

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J Pg 67



### OFFICE OF THE INSPECTOR GENERAL - FDC
### USE OF FORCE  18-07168
Report Date:  04/16/2018

| Event #1 - Austin Mclendon | |
|---|---|
| *Event  Information* | |
| Date: | **05/15/2018 10:00** |
| Description: | **Austin Mclendon** |
| Type: | **RECEIVED IN UOF UNIT** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

EX-J Pg68

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**(INSTITUTION)**

**REPORT OF FORCE USED**

Use of Force #: _18-07168_

Institution/Office: _Jefferson Correctional Institution_     Time: _10:49a_  Date: _04/13/2018_

Inmate Name: _Cooper, Gregory_     Inmate DC Number: _T57324_

Type of Force Used:  Chemical: ☐  Physical: ☒
Type of Reaction:  Reactionary: ☒  Organized: ☐
Type of Video:  Fixed Wing: ☒  Handheld: ☒  Date and Time on Camera: _04/13/2018_     11:02am

## I.     REPORT OF PERSON(S) USING FORCE -

### IA.     Narrative of Pre-Event

Inmate Cooper, Gregory DC# T57324 was being strip searched. Inmate Cooper removed a cellular device from his anal cavity. When Sergeant Charles McCoy attempted to secure the cellular device from Inmate Cooper. Inmate Cooper then struck Sergeant McCoy with a closed fist to the left side of his face.

Inmate Initially counseled by: _N/A_     Time: _N/A_  Results: _N/A_
Risk Assessment Review by: _N/A_     Time: _N/A_
Organized Intervention requested  _N/A_     From: _N/A_     Time: _N/A_
Type of approved intervention:  OC: ☐  CS: ☐  FCE: ☐  MR: ☐  Other: _____
Camera Operator (Rank and Full Name):  Officer Shannon Broxsie     _S Broxsie  oo c_
Lead in statement by OIC (Rank and Full Name):  Captain Barbara Brown
Final Order given by (Rank and Full Name):  _N/A_     Time: _N/A_
          Order advised "If disruptive behavior continues chemical agents will be administered."
Chemical agents obtained by: _N/A_     Time: _N/A_  Weight Out in Grams: _N/A_
From: _N/A_
Inmate behavior:  Comply: ☐  Disruptive: ☒  Time: _10:49am_  Time disruptive again: _N/A_

### IB.     Narrative of Event:

Officer David Williams and Officer Joshua Shelton entered the bathroom area observed Inmate Cooper, Gregory DC# T57324 attempting to elude Sergeant Charles McCoy. Officer Williams and Officer Shelton gave Inmate Cooper several orders to cease his actions at that time Inmate Cooper turned towards us in an aggressive manner and attempted to charge them. At approximately 10:50 am, Officer David Williams and Officer Shelton then grasped Inmate Cooper and redirecting him to the ground. Once on the floor Inmate Cooper continued his combative behavior and physically resisting them. Once Officer Williams and Officer Shelton gained control of Inmate Cooper restraints were applied and they assisted Inmate Cooper to a standing position and escorted Inmate Cooper out of the dormitory. During the escort Sergeant Anthony Roe and Major Kenneth Stephens then relieved Officer Williams and Officer Shelton from the escort of Inmate Cooper. Inmate Cooper was resistant and began pulling away from Sergeant Roe and Major Stephens. Inmate Cooper was given several verbal orders to cease his actions. Inmate Cooper refused to comply with orders given at which time Sergeant Roe and Major Stephens redirected Inmate Cooper to the ground. Inmate Cooper ceased his actions and all force ceased.

Staff Administering CA(Full Name and Rank):     _N/A_     Certification Exp.: _N/A_
Chemical Agent Canister Size: _N/A_     Make: _N/A_
First Application of CA:  Time: _N/A_  Type: _N/A_  Amount in Grams: _N/A_
Second Application of CA:  Time: _N/A_  Type: _N/A_  Amount in Grams: _N/A_
Inmate behavior:  Compliant: ☒  Non-compliant: ☐  Time: _10:53am_
Additional intervention requested by: _N/A_
Approved by: _N/A_     Type of Additional Intervention: _N/A_
Forced Cell Extraction: Time: _N/A_  Additional CA Time: _N/A_  Amount in Grams: _N/A_

**Additional CA Intervention after Third Application (minimum of one hour from last application):**

**(Start a second Use of Force as a continuation if additional CA is administered.)**

### IC.     Post Event
Inmate compliant time: _10:53am_  Showered time: _N/A_  Medical Evaluation Time: _10:58am_
If Inmate refused shower, counseled by: _N/A_     Medical Staff: _C. Cooper, LPN_
Staff offering shower every 30 minutes  Name: _N/A_
up to 2 hours after final exposure:  Time: _N/A_  Time: _N/A_  Time: _N/A_  Time: _N/A_
Time Inmate issued clean clothing: _N/A_     Time placed in secure decontaminated cell: _11:22am_

_EX-J Pg69_

```
05/21/2018                    FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:  1
MINO101                          MINS INCIDENT REPORT                      TIME 09:46


PREPARED BY: R213CTM MCLAUGHLIN, CAITLIN TR      INCIDENT NUMBER: 0000849034
INCIDENT TYPE: 10A PHYSICAL ABUSE                STATUS OF INCIDENT: INSP. GEN
REPORT DATE:   04/16/2018                        REPORT TIME:   10:01
INCIDENT DATE: 04/13/2018                        INCIDENT TIME: 16:40
REPORTING FACILITY: 213 UNION C.I.               INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.           INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 03 COMPOUND                   DAY CODE: 5      SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018          W-B REVIEW BY: TMD
IG NUMBER: 18-06899                              UOF NUMBER:
IG ASSIGNED:                                     DATE ASSIGNED: 04/17/2018
INJURIES: ███        STG/STI INVOLVEMENT: N      PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: Y    WEAPONS USED: N               INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N                CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A
```

|                    | NAME           | TITLE               | BIRTHDATE  | R | S | ID NUMBER |
| ------------------ | -------------- | ------------------- | ---------- | - | - | --------- |
| COMPLAINANT (S)    |                |                     |            |   |   |           |
|                    | COOPER, GREGORY B. | ACTIVE INMATE   | 03/10/1988 | 1 | 1 | T57324    |
| REPORTING EMPLOYEE (S) |            |                     |            |   |   |           |
|                    | SAPP, MYLES D. | CORRECTIONAL OFFICER LI | ████   | 1 | 1 | ████   |

| CONTRABAND RECOVERED | TYPE   | POSSESS | QUANTITY   | UNIT MSR |
| -------------------- | ------ | ------- | ---------- | -------- |

```
MEDICAL DEPT. DESCRIPTION OF INJURIES:
     BRUISED LEFT EAR, 4CM LACERATION TO CHEEK BONE, 1CM
     LACERATION TO FOREHEAD, BRUISING TO BILATERAL BACK AREA,
     BRUISE ON LEFT ELBOW, 1CM LACERATION ON RIGHT FOOT, 1CM
     LACERATION ON LEFT FOOT, LEFT TOE BRUISING, 3CM LACERATION
     TO RIGHT CHEEKBONE.


DESCRIPTION OF INCIDENT:
     ON THE ABOVE DATE AND TIME INMATE COOPER, GREGORY #T57324
     WAS BEING GAINED TO UCI FROM JEFFERSON CI, FOLLOWING A STAFF
     ASSAULT/USE OF FORCE INCIDENT THAT OCCURRED AT JEFFERSON
     CI. UPON ARRIVAL, INMATE COOPER WAS PLACED ON HANDHELD VIDEO
     AND ESCORTED TO MEDICAL. DURING THE MEDICAL ASSESSMENT,
     INMATE COOPER ALLEGED THAT JEFFERSON CI OFFICERS HAD
     ASSAULTED HIM WHILE HE WAS RESTRAINED. INMATE COOPER DID NOT
     PROVIDE ANY NAMES OF STAFF MEMBERS. ALL NOTIFIED.
```

EX-J Pg 70

*FLORIDA DEPARTMENT OF CORRECTIONS*

***Case Master Report  18-06899***

Date Initiated  04/16/2018

| Warning |
|---|
| Contains entities exempt from disclosure |

| Primary Information | |
|---|---|
| OFFICE: | **OFFICE OF THE INSPECTOR GENERAL** |
| BUREAU: | **INVESTIGATIONS** |
| DIVISION: | **CENTRAL - HQ OPS** |
| DISTRICT: | **OPERATIONS - UOF** |
| FIELD OFFICE: | **USE OF FORCE** |
| Lead LEO: | **RAVN, LACY ( ▮▮▮▮ / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Type Of Case: | **COMPLAINT REVIEW** |
| Case Sub Type: | **10A - PHYSICAL ABUSE** |
| Case Description: | **REVIEW / MINS 849034 / 213 UNION C.I. / 10A - PHYSICAL ABUSE** |
| Case Priority: | **COMPLAINT REVIEW - 15 BUSINESS DAYS** |

| Related Cases | | |
|---|---|---|
| Case Number | Status | Date Initiated |
| 18-07168 | CLOSED | 04/19/2018 |

| Case Status | |
|---|---|
| Case Status: | **CLOSED** |
| Case Status Date: | **06/12/2018** |
| Disposition Code: | **CR-COMPLAINT REVIEW CLOSED** |
| Disposition Date: | **06/12/2018** |
| Dissemination: | **CHAIN OF COMMAND** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J Pg 71

*FLORIDA DEPARTMENT OF CORRECTIONS*

***INQUIRY - USE OF FORCE  18-06899***

Report Date:  04/16/2018

| Warning |
|---|
| Contains entities exempt from disclosure |

### Primary Information

| | |
|---|---|
| Incident Type: | **10A - PHYSICAL ABUSE** |
| Reporting LEO: | **DUPREE, TAMEKA (███ / INTAKE / FLORIDA DEPARTMENT OF CORRECTIONS)** |
| Approval Status: | **Approved** |
| Approved Date: | **08/20/2018** |
| Approved By: | **GLISSON, EDGAR DEAN (███ / USE OF FORCE / FLORIDA DEPARTMENT OF CORRECTIONS)** |

### Address #1 - LOCATION OF INCIDENT (INSTITUTION/OFFICE) #1 - 1050 BIG JOE RD

*Primary Information*

| | |
|---|---|
| Address: | **1050 BIG JOE RD #103 JEFFERSON C.I.,  MONTICELLO,  FLORIDA 32344 , UNITED STATES** |
| FACILITY: | **DC FACILITY** |

### Subject #1 - COMPLAINANT #1 - COOPER, GREGORY B

*Primary Information*

| | |
|---|---|
| Subject Name: | **COOPER, GREGORY B** |
| Record Type: | **INMATE/PROBATIONER** |
| Bio: | **30 yr. old, WHITE, MALE** |
| Birth Date: | **03/10/1988** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Personal Information*

| | |
|---|---|
| Height: | **508** |
| Weight: | **225** |
| Eye Color: | **HAZEL** |
| Hair Color: | **BROWN** |
| Complexion: | **LIGHT/FAIR** |

*Scars, Marks, and Tattoos*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| 4 STARS ON LT CHEEK BONE | TATTOO | FACE | --- | --- |
| 7 BUILDINGS W/ MONSTER FACES IN TH | TATTOO | BACK | --- | BACK |
| BOTH EARS PIERCED X 1 | OTHER | OTHER | --- | OTHER |
| CAN I LIVE,TINA | TATTOO | NECK | --- | --- |
| ERIE PANTHER,3 SKULLS W/LIVE FOREV | TATTOO | ARM | LEFT | --- |
| ERYTHING,DIE FOR NOTHING | TATTOO | ARM | LEFT | --- |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

08/19/2020 16:22:44

Page 1 of 4

EX-J-pg72

## FLORIDA DEPARTMENT OF CORRECTIONS
### INQUIRY - USE OF FORCE  18-06899
Report Date:  04/16/2018

---

**Subject #1 - COMPLAINANT #1 - COOPER, GREGORY B - Continued**

*Scars, Marks, and Tattoos - Continued*

| Description | Type | Body Part | Side | Location |
|---|---|---|---|---|
| FEAR GOD,3 STARS | TATTOO | CHEST | RIGHT | --- |
| GC FIRE | TATTOO | HAND | LEFT | --- |
| ING HANS HOLDING HEART,JORDAN,VAL | TATTOO | ARM | LEFT | --- |
| MAN HOLDING GUN-SMOKING,#8 ON SLEE | TATTOO | ARM | RIGHT | --- |
| MOB | TATTOO | LEG | LEFT | --- |
| MONEY SIGN,2BULLETTS,ALEIN, HAPPY | TATTOO | ARM | RIGHT | --- |
| PIT BULL,TAMPA BAY,BUGS BUNNY,PREY | TATTOO | ARM | LEFT | --- |
| SKULLS-5,ROSE MADE OUT OF MONEY, | TATTOO | ARM | LEFT | --- |
| SKYES,SUNTRUST,VERI ZON | TATTOO | BACK | --- | BACK |
| SS,RACE CAR,DIRT SOUTH ON ARMS OF | TATTOO | ARM | RIGHT | --- |
| TIMES,SAD TIMES,THEATHER FACES,CRO | TATTOO | ARM | RIGHT | --- |
| VE OF HIS ARM | TATTOO | ARM | RIGHT | --- |

---

**Subject #2 - REPORTING PARTY #1 - SAPP, MYLES D**

*Primary Information*

| | |
|---|---|
| Exempt From Disclosure: | **YES** |
| Subject Name: | **SAPP, MYLES D** |
| Record Type: | **DC SWORN** |
| Bio: | **29 yr. old, WHITE, MALE** |
| Birth Date: | ██████ |
| Email: | ███████████ |
| Rank/Position: | **CORRECTIONAL OFFICER LIEUTENANT** |
| Juvenile: | **NO** |
| Residence Status: | **ACTIVE** |

*Addresses*

| Relationship | Address |
|---|---|
| HOME ADDRESS | ██████████████████ |

---

**Analysis Information**

| | |
|---|---|
| Sick Or Injured: | ██ |
| Suspicious P/V: | **NO** |

*THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION*

Ex-J Pg 73

## FLORIDA DEPARTMENT OF CORRECTIONS
### INQUIRY - USE OF FORCE  18-06899
Report Date:  04/16/2018

| Analysis Information - Continued | |
|---|---|
| Marchman Act: | ■ |
| Disturbance: | NO |
| Alarm: | NO |
| Baker Act: | ■ |
| LPR: | NO |

| Narrative begins on the following page. |
|---|

THIS REPORT MAY CONTAIN PHI AND OR LAW ENFORCEMENT PROTECTED INFORMATION

Ex-J Pg 74

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF THE INSPECTOR GENERAL**
**COMPLAINT REVIEW – USE OF FORCE REPORT**

**SUMMARY OF USE OF FORCE UNIT REVIEW:**

*No further review is warranted at this time, as the inmates allegations are not supported by the evidence reviewed and therefore are not substantiated.*
*~LR*

Report # 18-06899

EX-J Pg75

*18-06899*

```
04/17/2018                    FLORIDA DEPARTMENT OF CORRECTIONS              PAGE:
MIN0101                          MINS INCIDENT REPORT                     TIME 07:0
```

```
PREPARED BY: MCLAUGHLIN, CAITLIN TRAE        INCIDENT NUMBER: 0000849034
INCIDENT TYPE: 10A PHYSICAL ABUSE            STATUS OF INCIDENT: ENTERED
REPORT DATE:   04/16/2018                    REPORT TIME:   10:01
INCIDENT DATE: 04/13/2018                    INCIDENT TIME: 16:40
REPORTING FACILITY: 213 UNION C.I.           INCIDENT REGION: 1
INCIDENT FACILITY : 103 JEFFERSON C.I.       INCIDENT IG OFFICE: 03
INCIDENT LOCATION: 03 COMPOUND               DAY CODE: 5      SHIFT CODE: 5
DATE REPORTED TO MANAGEMENT: 04/13/2018      W-B REVIEW BY:
IG NUMBER:                                   UCF NUMBER:
INJURIES:[REDACTED]    STG/STI INVOLVEMENT: N    PHYSICAL EVIDENCE RECOVERED: N
USE OF FORCE: Y    WEAPONS USED: N           INCIDENT VIDEO TAPED: N
ELECTRONIC RESTRAINING DEVICES: N            CHEMICAL AGENTS USED: N
EVIDENCE LOC: N/A
```

| NAME | TITLE | BIRTHDATE | R | S | ID NUMBER |
|------|-------|-----------|---|---|-----------|

COMPLAINANT (S)
  COOPER, GREGORY B.    ACTIVE INMATE        03/10/1988  1  1  T57324
REPORTING EMPLOYEE (S)
  SAPP, MYLES D.        CORRECTIONAL OFFICER LI  [REDACTED]  1  1  [REDACTED]

| CONTRABAND RECOVERED | TYPE | POSSESS | QUANTITY | UNIT MSR |
|----------------------|------|---------|----------|----------|

```
MEDICAL DEPT. DESCRIPTION OF INJURIES:
    BRUISED LEFT EAR, 4CM LACERATION TO CHEEK BONE, 1CM
    LACERATION TO FOREHEAD, BRUISING TO BILATERAL BACK AREA,
    BRUISE ON LEFT ELBOW, 1CM LACERATION ON RIGHT FOOT, 1CM
    LACERATION ON LEFT FOOT, LEFT TOE BRUISING, 3CM LACERATION
    TO RIGHT CHEEKBONE.
```

```
DESCRIPTION OF INCIDENT:
    ON THE ABOVE DATE AND TIME INMATE COOPER, GREGORY #T57324
    WAS BEING GAINED TO UCI FROM JEFFERSON CI, FOLLOWING A STAFF
    ASSAULT/USE OF FORCE INCIDENT THAT OCCURRED AT JEFFERSON
    CI. UPON ARRIVAL, INMATE COOPER WAS PLACED ON HANDHELD VIDEO
    AND ESCORTED TO MEDICAL. DURING THE MEDICAL ASSESSMENT,
    INMATE COOPER ALLEGED THAT JEFFERSON CI OFFICERS HAD
    ASSAULTED HIM WHILE HE WAS RESTRAINED. INMATE COOPER DID NOT
    PROVIDE ANY NAMES OF STAFF MEMBERS. ALL NOTIFIED.
```

Ex-J P970

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
☑ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
| | Cooper, Gregory | T57324 | U-4202 | C.M. | 5-11-18 |

**REQUEST**                    Check here if this is an informal grievance ☑

On 4-13-18 - During a mass search at Jefferson C.I. I was in dormitory D-2. The Camera will show Sgt. McCoy call me into the bathroom at approx. 10:50 a.m. In his hand he carried a metal detector wand. The camera will show that all other officers involved in this, including the Warden, were in the bed area conducting contraband searches & were not in the bathroom with Sgt. McCoy & myself. As Sgt. McCoy strip searched me in the shower, I attempted to flee, Sgt. McCoy pursued me. As I turned to go around the island of sinks, Sgt. McCoy turned me by my shoulder & struck me in the head with the metal detector wand. I spun out of Sgt. McCoy's grip & his momentum caused him to crash into the wall. (Possibly causing his injury). Sgt. McCoy used excessive force by striking me with a metal detector wand. F.D.C. Policy & procedure calls for chemical agent to be used when using force to gain compliance of an inmate before extreme measures be taken. I then ceased my disorderly conduct & began backing

~~All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.~~

| Inmate (Signature): _Gregory Cooper_ | DC#: T57324 |

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**   213-1805-0159   DATE RECEIVED: 5/14/18

Received, Reviewed and evaluated. This issue was previously reported to the office of the Inspector General for appropriate review and disposition. If the allegations are substantiated appropriate action will be administered by the Office of the Inspector General. As this was previously reported your grievance is Denied.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ⟨Denied⟩. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): S. Androlevich | Official (Signature): S. Androlevich | Date: 5/15/18 |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Grievance Continued (Greg'y Capps)                    K-Pg2
                                                      5-11-18

213-1805-0159

away from Sgt. McCoy. At this time, the camera will show 6 other officers file into the bathroom. Sgt McCoy ordered the other officers to "beat my ass" stating: "He hit me"... Out of fear, I attempted to run into the bed area where I would be on camera should the officers cause me harm. I did not make it to the bed area before I was tackled & taken to the ground by the 6 officers & placed in restraints. I did not resist & allowed the officers to restrain me. Sgt. McCoy then stated again "Beat his fucking ass, he hit me". & the 6 officers began to punch, kick, & batter me. Sgt. McCoy began striking me in the head with the handle of the metal detector wand in a "Hammer fist motion" the rest of the officers then took turns beating me. Officers Cooli & Johnson were present inside the officer station (Cooli) & directly outside of the officer station (Johnson) & did nothing to stop the beating.

I screamed & begged for them to stop. At one point I stated "Your going to kill me" to no avail. I was beaten unconscious. I became conscious as I was lifted to my feet & carried over to the wall. At this time I saw the warden & stated "look what your officers did to me". My face was then slammed into the wall by the African American K-9 unit in the presence of the warden & he did nothing to report what he had witnessed. (I do not know at what point the warden came into the bathroom but the camera will show that he was present in the dorm during the beating). An attempt to flee is mere disorderly conduct & does not call for the physical beating of an inmate to get him/her into compliance unless chemical agent is unsuccessful in doing so. I was escorted to confinement & at no time did I resist or attempt to pull away. The African American K-9 unit was intentionally trying to break my wrist. To get him to stop, I purposely dropped my weight to the ground. Upon entering confinement, Captain Brown continuously stated at the sight of my injuries. "Oh my God, I hope this isn't on Camera"... I was placed in a holding cell & transferd to Union C.I.

I do not know the names of any of the officers except Sgt. McCoy. Of the other 6 that participated in beating me, was the Major, the white K-9 officer, the black K-9 officer, & I do not know the rank of the other 3. Officers Cooli & Johnson as well as the warden, all witnessed the beating at one point & did nothing to stop it.

Photos will show that my injuries are not consistent with me being redirected to the ground, but are consistent with a brutal beating.

Sgt. McCoy initially used excessive force when he struck me with the metal detector wand as I attempted to flee. Sgt. McCoy & the other 6 officers then maliciously & sadistically beat me in retaliation for the injury sustained by Sgt. McCoy.

MAILED/FILED

JUN 0 6 2018

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| COOPER, GREGORY | T57324 | 18-6-23034 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance was previously referred to the Office of the Inspector General. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

As this process was initiated prior to the receipt of your appeal, your request for action by this office is denied.

W. Millette

_____
SIGNATURE AND TYPED OR PRINTED NAME OF
EMPLOYEE RESPONDING

*W. Millette*
_____
SIGNATURE OF WARDEN, ASST.
WARDEN, OR SECRETARY'S
REPRESENTATIVE

6/4/18
_____
DATE

FLORIDA DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

MAY 3 1 2018

Department of Corrections
Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Cooper, Gregory B. | T57324 | Union C.I. |
|---|---|---|
| Last   First   Middle Initial | DC Number | Institution |

18-6-23034

| APPEAL TO GRIEVANCE | Part A – Inmate Grievance | 1805-213-058 |
|---|---|---|

I REQUEST THE SAME
RELIEF

| 5-25-18 | [signature] T57324 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____ / _____

\# Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 5/25/18   Institutional Mailing Log #: 129456   K Burnett
(Date)                                                              (Received By)

| **DISTRIBUTION:** | **INSTITUTION/FACILITY** | **CENTRAL OFFICE** | 10H |
|---|---|---|---|
| Rec. 5/25/18 | INMATE (2 Copies) | INMATE | |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION./FACILITY | 1805-213-058 |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE | |
| DC1-303 (Effective 11/13) | SDA | CENTRAL OFFICE GRIEVANCE FILE | Sgt. McCoy |
| | | Incorporated by Reference in Rule 33-103.006, F.A.C. | 849034 |

## PART B - RESPONSE

| COOPER, GREGORY | T57324 | 1805-213-058 | UNION C.I. | U4202L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your Request for Administrative Remedy has been reviewed and evaluated. As stated in the response to your Informal Grievance #213-1805-0159, this issue was previously reported to the office of the Inspector General for appropriate review and disposition. If the allegations are substantiated, appropriate action will be administered by the Office of the Inspector General.

As this issue was previously reported, your grievance is denied.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as required, and forwarding your complaint to the Bureau of Inmate Grievance Appeals.

M. L. Willforth, SCLQ

T. Knox, Assistant Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 5-22-18 |
|---|---|---|
| | | DATE |

MAILED

MAY 28 2018

UCI GRIEVANCE OFFICE

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ **Warden**    ☐ **Assistant Warden**    ☐ **Secretary, Florida Department of Corrections**

From or **IF Alleging Sexual Abuse**, on the behalf of:

| Cooper, Gregory | B. | T57324 | Union C.I. |
|---|---|---|---|
| Last   First   Middle Initial | | DC Number | Institution |

---

### Part A – Inmate Grievance

Appeal to Grievance Log # 213-1805-0159

I REQUEST THE SAME RELIEF.

5-11-18
DATE

SEE ATTACHED
RESPONSE

*(signature)* T57324
SIGNATURE OF GRIEVANT AND D.C. #

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
# Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 5/18/18    Institutional Mailing Log #: 1805-213-058   SOA
(Date)                                                    (Received By)

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

100

DC1-303 (Effective 11/13)        Incorporated by Reference in Rule 33-103.006, F.A.C.

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☑ Other  Inspector |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Cooper, Gregory | DC Number<br>T57324 | Quarters<br>U4202 | Job Assignment<br>C.M. | Date<br>6-14-18 |
|---|---|---|---|---|---|

**REQUEST**                    Check here if this is an informal grievance ☐

Inspector, You Sent my excessive Use of force Claim to Central Office to be investigated. Can You please tell me Whether the investigation has been Concluded or Not & if So, What was the outcome.

Thank You,

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview.  All informal grievances will be responded to in writing.

| Inmate (Signature): | | DC#: T57324 |
|---|---|---|

**DO NOT WRITE BELOW THIS LINE**

RECEIVED
OFFICE OF INSPECTOR GENERAL

**RESPONSE**                    DATE RECEIVED: _____ JUN 18 2018

Inmate  Cooper:                                                          DISTRICT 5

The incident was reviewed and approved by the Use of Force Unit.

c:   Class Officer W. Priest  Team #17
     Inmate Records  T57324

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved).  If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): R.J. Horler, CI Analy | Official (Signature): | Date: 06/18/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to.  If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

Mail Number: _____
Team Number: _____
Institution: _____

**TO:** (Check One)
- ☐ Warden
- ☐ Asst. Warden
- ☐ Classification
- ☐ Security
- ☐ Medical
- ☐ Mental Health
- ☐ Dental
- ☒ Other _Inspector_

| FROM: Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|
| Cooper, Gregory | T57384 | C400-1 | CO | 5-17-18 |

## REQUEST

Check here if this is an informal grievance ☒

Inspector: I am requesting information about the use of force in March on April 15, 2018 I am making allegations of excessive use of force. Per the Warden in Appendix, 313 #... on 5/4 my allegations were reported to the Inspector General for review. IG log #13-120985. My medical records & photos of my inmates will prove that in injuries are consistent with being brutally beaten & not consistent with the force attached to the ground. If the case is closed will you please provide me with the full copy of the investigation report as well as photos without any charges on it as to use of force in Joint report. Over the I.G. ... as a public record. I understand that I will be charged for copies. Thank You.

See attached. *

_All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing._

Inmate (Signature): _[signature]_                DC#: T57384

---

## DO NOT WRITE BELOW THIS LINE

213-1805-0198

## RESPONSE                    DATE RECEIVED: 5/18/18

RECEIVED
OFFICE OF INSPECTOR GENERAL
MAY 21 2018
DISTRICT 5

Inmate Cooper: According to Florida Administrative Code (FAC) 33-103.005 (2)(b)1, Informal Grievance, your complaint does not qualify as an informal Grievance: "The act of asking questions or seeking information guidance, or assistance is not considered to be a grievance."   You are notified that this response cannot be appealed.

The Tallahassee Use of Force Unit reviews all uses of force and allegations of abuse. Yours is still under review.  Copies of official records cannot be released at the Office of Inspector General District level.  All records requests by inmates must be made through the Classification Department, per FAC 33-601.901 (1)(a)4.  If your Classification Officer determines you have a need for this information, based on said rule, (s)he will see to it the information is released to you.

c: Class Tm #17 - Priest   Inm Records

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ___DENIED___ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.005, F.A.C.]

Official (Print Name): R. J. Horler, Criminal Intel Analyst, OIG   Official (Signature): _R J Horler CIA_   Date: 05.21.2018

---

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.005, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

I'm submitting this as a grievance because my last
request to you was never responded to. Nearly a month
ago.

Thank You,

757324

(Attached)
Grievance log #
213-1805-0178

213-1805-0198

# INMATE REQUEST

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: _____
Institution: _____

TO:          [✓] Warden           [ ] Classification      [ ] Medical        [ ] Dental
(Check One)  [ ] Asst. Warden     [ ] Security            [ ] Mental Health  [ ] Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|-------|-------------|-----------|----------|----------------|------|
|       | Cooper, Gregory | T57324 | U4202 | c.m. | 5-18-18 |

## REQUEST                              Check here if this is an informal grievance [✓]

I am requesting All Written Statements, original or copies, identifiable as
reports about the use of force incident used against me on April 13th 2018.
I also need all photos in color of my injuries. I must have the names of
all officers involved to file civil action.

My exceptional Need falls under 945.10 FL. Statues. Paragraph (3) (F)
(attached) Also (attached) 519 So. 2d 414 (1988)

I cannot file a Pro Se motion without these documents. Please send
them to me per FLA. Statue. & Case law

Thank You,

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All
informal grievances will be responded to in writing.

Inmate (Signature): _____                    DC#: T57324

---

## RESPONSE                    **DO NOT WRITE BELOW THIS LINE**

Grievance # 213-1805-0178    DATE RECEIVED: 5/10/18

Your Informal Grievance has been received, reviewed
and evaluated. You are requesting information that
is maintained by the Inspector General's office not
the Department. Thus you must submit the request
to their office.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _Returned_. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): S. Andolewiz      Official (Signature): S. Andolewiz    Date: 5/10/18

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)

Incorporated by Reference in Rule 33-103.005, F.A.C.

'15/7/2

23-1805-0178

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _____

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☒ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Cooper, Gregory | DC Number<br>T57324 | Quarters<br>U4203 | Job Assignment<br>CM | Date<br>5-6-18 |
|---|---|---|---|---|---|

**REQUEST**                    Check here if this is an informal grievance ☐

Im filing a prosé lawsuit against the Dept 3 I need you to provide
me with a full Copy of this incident report 3 Color photos of
the "use of force" used against me on April 13th 2018
I need the photos in Color to show bruising 3 abrasions

Please 3 Thank You

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal interview. All
informal grievances will be responded to in writing.

| Inmate (Signature): | | DC#: T57324 |
|---|---|---|

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                    DATE RECEIVED: MAY 07 2018

THESE ITEMS ARE NOT PROVIDED ON A REQUEST.
YOU WILL REQUIRE DOCUMENTATION FROM THE
COURT OR A SUBPENA FROM YOUR ATTORNEY

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Print Name): | Official (Signature): | Date: 5/8/18 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by staff
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as
required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no
later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 12/14)



rthern Dis. FL.
Division

III N. Adams St.

L 32301

Gregory Cooper   DC# T57324

Taylor Correctional Institution
8501 Hampton Springs Rd

Perry, FL 32348

USPS
forever

FOREVER / USA   FOREVER /

Exhibits divided
in both Envelopes

APR 2 2 2022

Clerk
U.S.D.C. N
Tallahassee

U.S. Courthouse
Suite # 322
Tallahassee, F



MAILED FROM A
STATE CORRECTIONAL
INSTITUTION



US POSTAGE PB PITNEY BOWES

ZIP 32348   $ 000.00⁰
02 4W
0000359797 APR 14 2022