IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY B. COOPER,**

    **Plaintiff**,

v.                                               Case No.: 4:18-cv-371/MW/MJF

**CHARLES D. MCCOY, et al.,**

    **Defendants**.
_____/

## DEFENDANTS' STATEMENT OF FACTS

Defendants, through undersigned counsel, and pursuant to this Court's Order [Doc. 165], file their 'statement of facts' which they intend to introduce at trial:

1. On April 13, 2018, Defendants conducted a search of a dormitory where Plaintiff was located. Plaintiff was not assigned to the dormitory where the search was conducted.

2. During the dormitory search, all inmates located in the dorm were subjected to search. Plaintiff was subsequently taken into the bathroom for a strip search by Sgt. McCoy.

3. During Plaintiff's strip search in the bathroom, Sgt. McCoy located a cell phone hidden on Plaintiff's person near his anal cavity. Plaintiff was instructed to give Sgt. McCoy the cell phone.

4. Plaintiff held the phone in his left hand and as Sgt. McCoy reached out for the phone, Plaintiff punched Sgt. McCoy in the eye with his right fist.

5. Sgt. McCoy fell backwards into the sinks after Plaintiff punched Sgt. McCoy in the eye. Sgt. McCoy yelled out for assistance.

6. After punching Sgt. McCoy, Plaintiff ran to a toilet stall and flushed the cell phone.

7. Officers Shelton and Williams entered the bathroom area and ordered Plaintiff to cease his actions. Plaintiff failed to comply with orders, took an aggressive stance and attempted to charge the officers. Plaintiff advanced towards Shelton and Williams at which time the officers redirected Plaintiff to the ground.

8. During the bathroom incident with Plaintiff, Sgt. McCoy suffered a physical injury.

9. Sgt. McCoy was escorted to medical and then Tallahassee Memorial Hospital where he received several stitches to his face.

10. Once on the floor, Plaintiff continued his combative behavior and continued to resist officers. Officers Shelton and Williams were able to gain control of Plaintiff, secure restraints, and assist Plaintiff to a standing position. Plaintiff was escorted out of the dormitory.

11. Sgt. Roe and Major Stephens relieved Officer Williams and Shelton during the escort. Plaintiff began resisting and pulling away from Sgt. Roe. Plaintiff refused to comply with several verbal orders to cease his actions.

12. Sgt. Roe and Major Stephens redirected Plaintiff to the ground and Plaintiff ceased his actions. Plaintiff was assisted to a standing position and escorted to medical for a post use of force examination.

13. Medical records indicate that Plaintiff sustained minor lacerations to his head and face. Plaintiff sustained minor abrasions to his back and chest, along with minor lacerations to his head, left eyebrow, right cheek, and left chest area.

14. Plaintiff's neuromuscular check indicated that Plaintiff was easily palpable, with numbness or tingling and full range of motion. Plaintiff's wounds were cleaned, and he was provided with 800 mg of Ibuprofen.

15. Plaintiff was charged with three disciplinary violations which remain valid.

16. Plaintiff entered a plea to the charge of unauthorized possession or use of a cellular telephone or wireless communication device and was sentenced to disciplinary confinement.

17. Plaintiff entered a plea to the charge of being in an unauthorized area and received a verbal reprimand.

18. Plaintiff was found guilty at a disciplinary hearing for the charge of battery against a law enforcement officer and sentenced to a loss of 30 days gain time and 50 days disciplinary confinement.

19. Upon review of all the evidence during the disciplinary hearing for the charge of battery against a law enforcement officer, the disciplinary team found Plaintiff guilty of the violation

20. Plaintiff was transferred to Union Correctional Institution where he received another medical examination on April 13, 2018.

21. Medical records from Union Correctional Institution indicate that Plaintiff reported generalized pain with documented minor physical injury to include lacerations to his head, left cheek, left chin area, back of his head, feet, bruised ear, bruised elbow, bruises on the back.

22. On May 11, 2018, Plaintiff's medical records indicate that Plaintiff received a Lumbar Spine AP and LAT radiographs, which indicated that Plaintiff's spine test results were normal.

## EVIDENCE TO BE INTRODUCED THROUGH VIDEOTAPE

1. The fixed wing video CD contains four files labeled Hotel Entrance, Hotel Quad 1 Entrance, Hotel Quad 1 Floor and Hotel Quad 1 Shower.

2. The Hotel Entrance file shows Plaintiff being escorted to and from

medical while handcuffed behind his back and without wearing leg shackles. Plaintiff is seen walking normally to medical without visible injury. Plaintiff is seen walking out of medical without difficulty and does not appear to be in pain.

    3. The Hotel Quad 1 Entrance, Floor and Shower cameras show Plaintiff being escorted through the Quad without difficulty, walking normally and does not appear to be in pain from three separate angles.

    4. The handheld video begins with Plaintiff receiving treatment in the medical room. Plaintiff is not visibly in pain through any portion of the video as his minor injuries are cleaned and documented. A visible abrasion is seen on Plaintiff's right cheek and forehead. Plaintiff is seen smiling while he is speaking to Captain Brown.

    5. Plaintiff looks at the camera which shows a laceration above his left eye.

    6. Captain Brown calls for a spit shield to be placed on Plaintiff.

    7. Plaintiff is smiling as he is escorted from the medical room. Plaintiff's back is observed, which does not show any significant physical injuries.

    8. Plaintiff is escorted to a shower cell and does not appear to have any difficulty walking and does not appear to be in pain.

9. Plaintiff removes his clothes without difficulty, bending to remove his pants, lifting his arms and legs for a visual search and puts on a clean pair of shorts without effort or complaint. Plaintiff uses both hands to dress and undress and to hold the cell bars and wall without complaint during this process.

10. Plaintiff is escorted to another cell across the hall without any indication of pain, difficulty walking or complaint about any alleged injuries.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Joe Belitzky
**JOE BELITZKY**
Senior Assistant Attorney General
Florida Bar No.: 0217301
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Joe.Belitzky@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed via CM/ECF and furnished by U.S. Mail to **Gregory B. Cooper, DC# T57324**, Taylor Correctional Institution, 8501 Hampton Springs Road, Perry, Florida 32348-8747, on this 4th day of May, 2022.

/s/ Joe Belitzky
Joe Belitzky