# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**GREGORY B. COOPER,**

    **Plaintiff,**

**v.**                           **CASE NO. 4:18-cv-371/MW/MJF**

**CHARLES D. McCOY, et al.,**

    **Defendants.**
_____/

## DEFENDANTS' NOTICE OF FILING OF PROPOSED JURY INSTRUCTIONS

Defendants Charles D. McCoy, et al., by and through undersigned counsel, hereby file their proposed jury instructions.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Joe Belitzky
Senior Assistant Attorney General
Florida Bar No. 0217301
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Joe.Belitzky@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the following was

electronically filed with the Clerk of Court using CM/ECF and furnished by U. S. Mail to  Gregory B. Cooper, DC# T57324, Taylor Correctional Institution, 8501 Hampton Springs Road, Perry, FL 32348-8747, on  May 31, 2022.

/s/ Joe Belitzky

**1.1**

**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness

cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Gregory Cooper, an inmate in the custody of the Florida Department of Corrections, claims that at Jefferson Correctional Institution in Monticello, Florida, on April 13, 2018, the Defendants Charles McCoy, Kenneth Stephens, David Williams, Joshua Shelton, Jason McDonald, Darren White, and Anthony Roe, all correctional officials employed by the Florida Department of Corrections, used excessive or unnecessary force on the Plaintiff in violation of the U.S. Constitution's Eighth Amendment prohibition to be free from cruel and unusual punishment.

Plaintiff also claims that at the same time and place, Defendants Heath Holland, Shanita Cooley, and Vekiesha Johnson, also correctional officials employed by the Florida Department of Corrections, failed to intervene to

prevent the aforementioned Defendants from using excessive or unnecessary force on the Plaintiff, also in violation of the U.S. Constitution's Eighth Amendment prohibition to be free from cruel and unusual punishment.

The Defendants deny those claims, and contend that the force they used or witnessed was reasonable and necessary under the circumstances for the safety and security of the institution.

Burden of proof:

The Plaintiff Gregory Cooper has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Cooper must prove that, in light of all the evidence, what Mr. Cooper claims is more likely true than not. So, if you could put the evidence favoring Mr. Cooper and the evidence favoring the Defendants on opposite sides of balancing scales, Mr. Cooper  needs to make the scales tip to his side. If Mr. Cooper fails to meet this burden, you must find in favor of the Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about

this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not

entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Cooper will present his witnesses and ask them questions. After Mr. Cooper questions the witness, the Defendants' attorney may ask the witness questions – this is called "cross-examining" the witness. Then the Defendants will present their witnesses, and Mr. Cooper may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

10

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

13

### 3.5.1 **Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

14

### 3.5.2 Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

### 3.7.1 Responsibility for Proof – Plaintiff's Claims, Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Mr. Cooper, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, Mr. Cooper.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

16

**5.6 – Civil Rights – 42 U.S.C. § 1983 Claims – Eighth Amendment Claim – Convicted Prisoner Alleging Excessive Force**

In this case, Mr. Cooper claims that the Defendants McCoy, Stephens, Williams, Shelton, McDonald, White, and Roe, while acting under color of law, intentionally violated Mr. Cooper's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment, by using excessive or unnecessary force on him.

The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes, of course, the right not to be assaulted or beaten without legal justification while incarcerated.

To succeed on this claim, Mr. Cooper must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:      That the above named Defendants, or some of them, intentionally assaulted and battered the Plaintiff on April 13, 2018;

<u>Second</u>:      That the force used against Mr. Cooper by some or all of those Defendants was excessive;

<u>Third</u>:      That those Defendants' conduct caused Mr. Cooper's injuries; and

<u>Fourth</u>:      That those Defendants acted under color of law. The

parties have agreed that the Defendants acted under color of law, so you should accept that as a proven fact.

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously or sadistically to cause harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the Defendants using force; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

For the third element, the Defendants' conduct caused Mr. Cooper's injuries if Mr. Cooper would not have been injured without their conduct, and the injuries were a reasonably foreseeable consequence of their conduct.

If you find Mr. Cooper has proved each of the facts he must prove, you must find for Mr. Cooper and consider the issue of damages. If you find that Mr. Cooper has not proved each of these facts, then you must find for the above named Defendants.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

## 5.7 – Civil Rights – 42 U.S.C. § 1983 Claims – Eighth Amendment Claim – Convicted Prisoner Alleging Failure to Intervene

Mr. Cooper also claims that Defendants Holland, Cooley, and Johnson , while acting under color of law, intentionally deprived him of his right under the United States Constitution to be free from cruel and unusual punishment when they failed or refused to intervene and stop any of the previously named Defendants' use of excessive force.

The constitutional guarantee that a person detained in custody will not be subjected to excessive force by a corrections employee is violated if a corrections officer in a position to intervene refuses or fails to take reasonable steps to protect the inmate from another official's use of excessive force.

To succeed on this claim, Mr. Cooper must prove each of the following facts by a preponderance of the evidence:

First:     That Defendant McCoy, Stephens, Williams, Shelton, McDonald, White, or Roe used excessive force on Mr. Cooper;

Second:     That Defendants Holland, Cooley, or Johnson were in a good position to intervene and had realistic opportunity to stop the other Defendants' use of excessive force against Mr. Cooper;

Third:     That Holland, Cooley, or Johnson failed to prevent harm from

19

occurring to Mr. Cooper from the other Defendants' use of excessive force;

Fourth:          That  Holland, Cooley, and Johnson acted under color of law;

Fifth:           That their conduct  caused Mr.Cooper's  injuries.

As to the fourth element, the  parties have agreed that Holland, Cooley, and Johnson acted "under color" of state law and you should, therefore, accept that fact as proven.

Also, with regard to the fifth element, Holland, Cooley, and Johnson's conduct caused Mr. Cooper's injuries if Mr. Cooper suffered injuries he would not have suffered without their conduct, and the injuries were a reasonably foreseeable consequence of their conduct.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

## 5.13 – Civil Rights – 42 U.S.C. § 1983 Claims – Damages

Mr. Cooper can recover compensatory damages only if you find that he has suffered  more  than  a  minimal  physical  injury.  Thus,  you  must  first determine whether Mr. Cooper suffered more than a minimal physical injury. Minor cuts and bruises are examples of minimal physical injuries. If Mr. Cooper has failed to prove that he suffered more than a minimal physical injury, then  you  must  award  nominal  damages  of  $1.00.  This  is  because  a person whose constitutional rights were violated is entitled to a recognition of

that violation, even if he suffered no actual injury. If you find that Mr. Cooper has proved more than a minimal physical injury, then you must consider his claims for compensatory damages.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Mr. Cooper's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize any of the Defendants. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Mr. Cooper does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate him for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mr. Cooper has proved them by a preponderance of the evidence.

(a)   The reasonable value of medical care and supplies that Mr. Cooper reasonably needed and actually obtained, and the present value of medical care and supplies that Mr. Cooper is reasonably certain to need in the future;

(b)   Mr. Cooper's physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such

physical harm that Mr. Cooper is reasonably certain to experience in the future;

(c)     Wages, salary, profits, and the reasonable value of working time that Mr. Cooper lost because of his inability or diminished ability to work, and the present value of such compensation that Mr. Cooper is reasonably certain to lose in the future because of his inability or diminished ability to work;

(d)     Mr. Cooper's mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that Mr. Cooper is reasonably certain to experience in the future.

**Nominal Damages:** You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Mr. Cooper has submitted no credible evidence of injury; or (b) Mr. Cooper's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) the Defendants used both justifiable and unjustifiable force against Mr. Cooper, and it is entirely unclear whether his injuries resulted from the use of justifiable or unjustifiable force.

**Mitigation of Damages:** Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the

loss or damage. So, if you find that Defendants have proven by a preponderance of the evidence that Mr. Cooper did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of his damages by the amount that he could have reasonably received if he had taken advantage of such an opportunity.

**Punitive Damages:**

If you find for Mr. Cooper, and find that any of the Defendants acted with malice or reckless indifference to his federally protected rights, the law allows you, in your discretion, to award Mr. Cooper punitive damages as a punishment for those Defendants, and as a deterrent to others.

Mr. Cooper must prove by a preponderance of the evidence that he is entitled to punitive damages.

The Defendants, or any of them, acted with malice if their conduct was motivated by evil intent or motive. They acted with reckless indifference to the protected federal rights of Mr. Cooper if they engaged in conduct with a callous disregard for whether the conduct violated his protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding the Defendants' financial resources in fixing the amount of punitive damages to be awarded. You may also assess punitive damages against one or some of the Defendants, and not the others, or against some of the individual Defendants in different amounts.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question

or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Source: Eleventh Circuit Civil Pattern Jury Instructions. February 2020 revisions.**